DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

COLIN C. SAMPSON (CABN 249784)
BENJAMIN KINGSLEY (CABN 314192)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    (415) 436-7200
    colin.sampson@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> AHMAD ABOUAMMO, <br><br> Defendant. | CASE NO. 3:19-71824 WHA <br><br> UNITED STATES' MOTION FOR REVOCATION OF MAGISTRATE JUDGE ORDER OF RELEASE ON BOND CONDITIONS |

    The United States hereby appeals, pursuant to 18 U.S.C. § 3145(a)(1) and Criminal Local Rule 5-1(d), the November 8, 2019, Order (by oral ruling) of Magistrate Judge Paula L. McCandlis of the Western District of Washington (Case No. MJ19-538), allowing the defendant, Ahmad Abouammo ("defendant"), to be released on the condition of GPS monitoring, no applications for a new passport, travel only within the Western District of Washington and the Northern District of California, subject to a stay and review in this Court. As set forth below, the government has met its burden to demonstrate by a preponderance of the evidence that no condition or combination of conditions can ensure the appearance of the defendant at hearings and at trial given the substantial risk of flight and his significant ties to - and potentially assets in - foreign countries, and respectfully requests the District Court to

MOTION FOR REVOCATION OF MAGISTRATE JUDGE
ORDER OF RELEASE ON BOND

1

reverse the Order of the Western District of Washington and detain the defendant prior to trial in the Northern District of California.

## I. RELEVANT FACTS

On November 5, 2019, Magistrate Judge Thomas S. Hixson of the Northern District of California signed a Criminal Complaint charging three defendants, including defendant Ahmad Abouammo, with acting in the United States as an agent of a foreign government without notifying the Attorney General, in violation of 18 U.S.C. § 951, and charging him with falsification of records in a federal investigation in violation of 18 U.S.C. § 1519.  See Exhibit 1.  The defendant was arrested near his home in Seattle on Tuesday, November 6, 2019.  See Exhibit 2.

The Complaint alleges that defendant, a dual Lebanese and U.S. citizen, acted at the direction and control of the government of the Kingdom of Saudi Arabia ("KSA") in using his access as a Twitter, Inc. Media Partnerships Manager to access and provide, in violation of Twitter's privacy and data handling policies, private and confidential user information to the Saudi government, including information related to dissidents and critics of the government and Royal Family.  See Exhibit 1.  This conduct included repeatedly accessing the user information associated with an anonymous influential critic of the KSA Royal Family and government who had over a million followers and accessing another account that the KSA officials had discussed with the defendant.  Id., ¶ 35.  The defendant's accesses of these accounts took place close in time to numerous telephone calls between the defendant and a KSA official close to the Royal Family.  See Id., ¶¶ 36-42.  At one point, the defendant told the KSA official "proactive and reactively we will delete evil my brother."  Id., ¶ 41.

The defendant was paid handsomely for acting as an agent of the KSA government and betraying his employer.  In addition to receiving an extremely valuable watch given to him in London in 2014, the defendant opened a bank account in Lebanon in a relative's name, and a KSA government official deposited $200,000 into this Lebanese bank account in 2015, only $59,874 of which defendant moved to his accounts in the United States.  In January 2016, after the defendant created a Washington State LLC and opened a bank account in its name, the KSA official wired another $100,000 to the defendant while the defendant continued to act as a go-between for KSA officials with Twitter.  Abouammo's social

media indicated that, after his resignation from Amazon, Inc. in October 2018, he worked remotely for an internet company catering to Saudi business travelers.

The defendant's activities have involved significant amounts of deception. As alleged in the Complaint, defendant lied to the FBI agents and forged a fake invoice to mislead the agents about the nature of income paid by the KSA. In addition to deceiving his employer to access user data, he concealed and laundered the proceeds paid to him by a KSA official through a relative's account in Lebanon. *Id.*, ¶¶ 51-55. The defendant failed to report the watch he received in London, worth between $20,000 and $35,000, to U.S. Customs, neither the assets in the Lebanese bank account nor the watch are reported as assets on his August 26, 2019 bankruptcy schedules, and defendant misrepresents his principal residence address. See Exhibit 3 (*In re Abouammo*, 19-13162-TWD (Bankr. W. D. WA), ECF No. 1) (redacted).

While at Twitter, the defendant knew and socialized with codefendant Ali Alzabarah, a Twitter Site Reliability Engineer who the defendant introduced to codefendant Ahmed Almutairi and the KSA foreign official. Although the defendant resigned from Twitter before Twitter detected his activities, codefendant Alzabarah fled the United States, with the assistance of the government of KSA and its consulate, immediately after Twitter confronted him about his user data accesses.

KSA has assisted numerous individuals in fleeing to Saudi Arabia to avoid criminal prosecution in the United States, including at least seven cases in the State of Oregon alone which prompted the recent introduction of a bill in the U.S. Senate. See Exhibit 5 (Gone: More Cases Emerge of Saudi Students Vanishing While Facing Oregon Charges, at https://www.oregonlive.com/news/2019/01/gone-more-cases-emerge-of-saudi-students-vanishing-while-facing-oregon-charges.htm); *see also* Exhibit 5 (Merkley Pushes Investigating Saudi Students Escaping U.S. Justice, at *https://www.bendbulletin.com/localstate/7327690-151/merkley-pushes-investigating-saudi-students-escaping-us-justice*). The pattern of those cases closely follows the actions of codefendant Alzabarah in the hours after he was confronted by Twitter about his accesses of user data. KSA has no extradition treaty with the United States, and may seek to assist the defendant in avoiding a public prosecution for his actions at its direction.

MOTION FOR REVOCATION OF MAGISTRATE JUDGE
ORDER OF RELEASE ON BOND

3

## II.   LEGAL STANDARD

In a case in which no presumption applies pursuant to 18 U.S.C. § 3142(e)(2), the United States must show by a preponderance of the evidence that the defendant is a risk of flight, or by clear and convincing evidence that he is a danger to the community.  *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); *see* Fed. R. Crim P. 46(a); 18 U.S.C. § 3142(f).  The government may show "a serious risk that such person will flee" or "a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror."  18 U.S.C. §§ 3142(f)(2)(A), (B).

In determining whether an order of pretrial detention is appropriate, the Court must take into account:

(1)   the nature and circumstances of the offense charged [. . .];
(2)   the weight of the evidence against the person;
(3)   the history and characteristics of the person, including – (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, or parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4)   the nature and seriousness of the danger to any person or the community that would be posed by the person's release. [. . .]

18 U.S.C. § 3142(g).  An appeal of a release order from a district other than the district with original jurisdiction over the defense may be filed with the district having original jurisdiction over the offense and "shall be determined promptly."  18 U.S.C. § 3145(a).

## III.   ARGUMENT

The government's proffer, based on the Complaint and 26-page Affidavit of FBI Special Agent Letitia Wu, as well as defendant's sworn bankruptcy filings, his social media, and media reports about individuals escaping the U.S. criminal justice system with the aid of Saudi Arabia, meets its burden of showing that no combination of conditions can reasonably assure defendant's appearance as required given the substantial risk of flight and obstruction of justice.

MOTION FOR REVOCATION OF MAGISTRATE JUDGE
ORDER OF RELEASE ON BOND

1   With respect to the nature and circumstances of the offense charged and the weight of the evidence against defendant, the Complaint relies upon extensive evidence of phone calls, user access records, emails, bank records, and an interview of the defendant that show the strength of the evidence against the defendant.  The crimes currently charged against the defendant are extremely serious and carry a maximum potential sentence of 30 years.  The government may seek to add additional charges by indictment.  Although the defendant has not sought to flee since the October 2018 search of his residence, his lack of flight prior to arrest is no indication of the likelihood that he will flee now that he has actually been charged with serious crimes carrying a statutory maximum of 30 years of prison.  Defendant may have believed that the case would not be charged, or that he would not be named a defendant for a number of reasons, or that he would receive assistance from KSA to escape if he were ever prosecuted.

The Court can look to the flight to KSA of codefendant Ali Alzabarah as one factor showing that defendant is a risk of flight.  Alzabarah escaped the United States within hours after he was confronted with his activities with the assistance of the same individuals that the defendant had.  Unlike his codefendant, whose activities were reported in the media by November 20, 2018, the public's awareness of defendant's activities were not known to the public until after his arrest.  Now that defendant has been arrested, he may seek to do the same if he is released.

With respect to the history and characteristics of the defendant:  defendant has ties to, and potentially assets in, multiple foreign countries.  In addition to the conduct alleged in the Complaint regarding s defendant's close ties to the KSA, Defendant is a dual U.S. and Lebanese citizen with a father in Lebanon.  Defendant thus may seek to escape to Lebanon where he has family and likely has assets, or to KSA, which has no extradition treaty with the United States.  The defendant's wealthy contacts in KSA may offer financial assistance to the defendant and his family should he avoid prosecution and trial in exchange for his fleeing the United States.  Defendant, whose bankruptcy pleadings indicate that he is potentially financially vulnerable and has negative wealth here in the United States, has every incentive to flee to avoid prosecution.

//

MOTION FOR REVOCATION OF MAGISTRATE JUDGE
ORDER OF RELEASE ON BOND

5

## IV. CONCLUSION

The government has met its burden of persuasion with respect to the defendant's risk of flight and obstruction of justice. Accordingly, for the reasons set forth above, the Court should reverse the Magistrate Judge's release order and order defendant detained pretrial.

Date: November 8, 2019.                    Respectfully submitted,

                                           DAVID L. ANDERSON
                                           United States Attorney


                                           */s/ Colin Sampson*
                                           COLIN SAMPSON
                                           Assistant United States Attorney