DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

COLIN C. SAMPSON (CABN 249784)
BENJAMIN KINGSLEY (CABN 314192)
Assistant United States Attorneys
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    (415) 436-7200
    colin.sampson@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) CASE NO. 3:19-CR-0621-EMC-1 |
|---|---|
| Plaintiff, | ) UNITED STATES' APPEAL OF MAGISTRATE JUDGE ORDER OF RELEASE |
| v. | ) |
| AHMAD ABOUAMMO, | ) |
| Defendant. | ) |

    The United States hereby appeals the order of U.S. Magistrate Judge Sallie Kim, allowing the defendant, Ahmad Abouammo, to be released on bond and conditions prior to trial. As set forth below, the government has met its burden to demonstrate that no condition or combination of conditions can ensure the appearance of the defendant at hearings and at trial given the substantial risk of flight, and respectfully requests the District Court to reverse the Release Order, which is currently stayed pending appeal to this Court.

    **I.    RELEVANT FACTS AND PROCEEDINGS**

    On November 5, 2019, Magistrate Judge Thomas S. Hixson of the Northern District of California signed a Criminal Complaint charging three defendants, including defendant Ahmad

Abouammo, with acting in the United States as an agent of a foreign government without notifying the Attorney General, in violation of 18 U.S.C. § 951, and charging him with falsification of records in a federal investigation in violation of 18 U.S.C. § 1519. The defendant was arrested near his home in Seattle on Tuesday, November 6, 2019.

The Complaint and subsequent Indictment (ECF No. 13) alleges that defendant, a dual Lebanese and U.S. citizen, acted at the direction and control of the government of the Kingdom of Saudi Arabia ("KSA") in using his access as a Twitter, Inc. Media Partnerships Manager to access and provide, in violation of Twitter's privacy and data handling policies, private and confidential user information to the Saudi government, including information related to dissidents and critics of the government and Royal Family. This conduct included repeatedly accessing the user information associated with an anonymous influential critic of the KSA Royal Family and government who had over a million followers and accessing another account that the KSA officials had discussed with the defendant. *Id.*, ¶ 35. The defendant's accesses of these accounts took place close in time to numerous telephone calls between the defendant and a KSA official close to the Royal Family. *See Id.*, ¶¶ 36-42. At one point, the defendant told the KSA official "proactive and reactively we will delete evil my brother." *Id.*, ¶ 41. The defendant was paid handsomely for acting as an agent of the KSA government and betraying his employer: he was paid at least $300,000 cash by the Saudi Official and given a watch which was worth at least $20,000.

On November 19, 2019, District Judge Alsup, the duty District Judge presiding over the appeal of the release order of Judge Paula L. McCandlis, U.S. Magistrate Judge for the Western District of Washington, issued an order adopting that release order, but staying the release until Monday, November 25, 2019, pending further proceedings before the assigned District Judge or subsequent appeals. *Se* ECF No. 15 (Minute Order).

## II.   LEGAL STANDARD

In a case in which no presumption applies pursuant to 18 U.S.C. § 3142(e)(2), the United States must show by a preponderance of the evidence that the defendant is a risk of flight, or by clear and convincing evidence that he is a danger to the community. *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991); *see* Fed. R. Crim P. 46(a); 18 U.S.C. § 3142(f). The government may show "a serious

risk that such person will flee" or "a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. §§ 3142(f)(2)(A), (B).

The Court must take into account:

(1) the nature and circumstances of the offense charged [. . . ];
(2) the weight of the evidence against the person;
(3) The history and characteristics of the person, including – (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, or parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) The nature and seriousness of the danger to any person or the community that would be posed by the person's release. [. . . ]

18 U.S.C. § 3142(g).  An appeal of a release order may be filed by the government with the district having original jurisdiction over the offense and "shall be determined promptly."  18 U.S.C. § 3145(a)(1).

### III.   ARGUMENT

The government incorporates here by reference the arguments made in its prior filings (ECF Nos. 6, 14) and Exhibits 1 through 7 (ECF Nos. 6-1, 14-1, and 14-2).  In summary, the defendant, who is unemployed and reports few assets, has minimal ties to the community beyond immediate relatives, and who is accused of accepting bribes from the same Saudi Arabian officials that assisted in exfiltrating his codefendant from the United States, should not be released as no combination of conditions can reasonably assure that he does not flee from prosecution.

### IV.   CONCLUSION

The government has met its burden of persuasion with respect to the defendant's risk of flight and obstruction of justice.  Accordingly, for the reasons set forth above, the Court should reverse the Magistrate Judge's release order and order defendant detained pretrial.

//

1 | Date: November 20, 2019.  Respectfully submitted,
   DAVID L. ANDERSON
   United States Attorney

   */s/ Colin Sampson*
   COLIN SAMPSON
   Assistant United States Attorney

APPEAL OF RELEASE ORDER
19-CR-0621-EMC-1

4