DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

BENJAMIN KINGSLEY (CABN 314192)
COLIN C. SAMPSON (CABN 249784)
  450 Golden Gate Avenue, Box 36055
  San Francisco, California 94102-3495
  Telephone: (415) 436-7200
  FAX: (415) 436-7234
  Colin.Sampson@usdoj.gov

Attorneys for The United States of America

JODI LINKER
Federal Public Defender's Office
450 Golden Gate Avenue, Rm. 19-6884
San Francisco, CA 94102
Telephone: (415) 436-7700
FAX: (415) 436-7706
  Jodi_Linker@fd.org

Attorney for Defendant Ahmad Abouammo

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 19-CR-0621-EMC-1 |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| AHMAD ABOUAMMO, | |
| Defendant. | |

  WHEREAS Defendant Ahmad Abouammo is charged with acting as an unlawful agent of a foreign government without notice to the Attorney General, in violation of 18 U.S.C. § 951, and falsification of records in investigations and bankruptcy, in violation of 18 U.S.C. § 1519.

  WHEREAS during the course of discovery in the above-captioned criminal case, the United States may produce documents and other items containing personal identifying information, financial information, and information that is claimed by Twitter, Inc. ("Twitter"), any users of Twitter, or others

to be kept protected as a possible "trade secret" (within the meaning of 18 U.S.C. § 1839(3)); and

WHEREAS the United States and Defendant AHMAD ABOUAMMO ("defendant") deem it appropriate for the purpose of facilitating pretrial negotiations and to provide for the protection of such information without agreeing between them that the specific information is in fact intended to be kept secret or is a trade secret, and with the further understanding that nothing in this Stipulated Protective Order creates any presumption regarding whether the specific information is intended to be kept secret or is a trade secret, and lastly preserving the Defendant's rights to challenge any such designation at a later time;

IT IS HEREBY STIPULATED AND AGREED by and between the United States and the Defendant and his counsel that the following definitions and procedures will govern the designation and handling of material and other information produced by the United States during pretrial negotiations, while reserving the question of how such material and information should be handled at trial, and during pre-or post-trial hearings for a future time.

## I.    PROTECTED INFORMATION

1.    The United States will produce documents and other materials pertaining to the defendant and the charged offenses to defense counsel.  The discovery to be provided includes documents or other materials falling into one or more of the following categories (collectively, "Protected Information"):

a.    Personal Identifying Information of any individual (other than his or her name), including without limitation any person's date of birth, social security number, residence or business address, telephone numbers, email addresses, driver's license number, professional license number, internet protocol ("IP") addresses or other nonpublic electronic identifiers, family members' names, or criminal histories ("Personal Identifying Information"); and

b.    Financial information of any individual or business, including without limitation bank account numbers, credit or debit card numbers, account passwords, contact information, and taxpayer identification numbers ("Financial Information").

2.    To ensure that Protected Information is not subject to unauthorized disclosure or misuse, that defense counsel of record, their investigators, assistants, and employees (collectively, "the defense team") may review with the defendant all discovery material produced by the Government subject to the

restrictions contained in this section.

3.     Defense counsel may also provide unredacted copies of Protected Information to any experts retained to assist with the preparation of the defense in the captioned case.  The defendant, all members of the defense team, and any experts who receive or review discovery under this Order shall be provided a copy of this Order along with those materials and shall sign and date the Acknowledgement reflecting their agreement to be bound by it.  Counsel for the defendant shall maintain copies of the initialed and dated orders.

4.     The materials provided pursuant to this Stipulated Protective Order may only be used for the specific purpose of preparing or presenting a defense in this matter unless specifically authorized by the Court.  In the case of paper records, such records shall be stored in a locked location, such as a locked drawer or office, when the defendant or defense counsel are not using them.  If stored electronically, Protected Information shall be kept on a password-protected device or computer. Defendant may not allow any potential witness or expert to retain or copy Protected Information unless such individual has executed the acknowledgement agreeing to be bound by the Protective Order. Defendant's use of the Protected Information, other than that information pertaining solely to the defendant, is limited to preparing or presenting a defense in this matter.  Prior to the defendant receiving Protected Information, defendant will sign an agreement agreeing to be bound by the terms of the Protective Order and shall return such material to counsel for defendant at the conclusion of these proceedings unless such material pertains solely to defendant.

5.     This Order shall also apply to any copies made of any materials covered by this Order.  If a party files a pleading that contains or attaches Protected Information subject to this Order, that filing must be under seal consistent with Criminal Local Rule 56-1.

## II.     CONFIDENTIAL DISCOVERY

6.     Definitions:

a.     "Confidential Material" shall mean information that the Government contends is intended to be kept secret or is a trade secret within the meaning of 18 U.S.C. § 1839(3).  The Government contends that proprietary and confidential business information of Twitter, including but not limited to information, logs, compilations, and communications pertaining to Twitter users, and Twitter internal

1  databases or source code, are a trade secret and must be protected from disclosure if produced as

2  Discovery Material in this matter.

3       b.   "Discovery Material" shall mean all materials disclosed by the United States during

4  discovery in this case.

5       c.   The protections conferred by this Stipulated Protective Order cover not only Confidential

6  Material (as defined above) but also include: i) any information copied or extracted from Confidential

7  Material; ii) all copies, excerpts, summaries, or compilations of Confidential Material; and iii) any

8  testimony, conversations, or presentations by the parties and their counsel that might reveal Confidential

9  Material.

10      d.   Inadvertent failure to designate qualified information or items as Confidential Material

11  does not, standing alone, waive the United States' right to secure protection under this Stipulated

12  Protective Order for such material if timely corrected.  Upon timely correction of designation, the

13  Defendant and his counsel must make reasonable efforts to assure the materials are treated in accordance

14  with the provisions of this Stipulated Protective Order.

15      7.   The United States may designate Discovery Material as Confidential Material to the

16  extent that it believes in good faith that the information or material is or may be Confidential Material as

17  defined in paragraph 6(a) above.  Any labeling, segregation, or designation of Discovery Material as

18  "Confidential Material" should be made, whenever possible, in the case of written, tangible, or

19  documentary Discovery Material, by the time that Discovery Material is produced or made known to the

20  Defendant by stamping each page "CONFIDENTIAL" in a manner that is readily distinguishable from

21  any pre-existing confidential designation.  Computer memory storage materials such as tapes, diskettes,

22  hard drives, or other memory media containing Discovery Material deemed by the United States as

23  containing Confidential Material shall be labeled on the outside of the media as "CONFIDENTIAL."

24  Specifically, all source code on media storage devices and certain charts shall be deemed

25  "CONFIDENTIAL."  The Government shall maintain unlabeled or "clean" copies of all discovery

26  material that it has labeled "CONFIDENTIAL" under this stipulated order for future use by the parties

27  in subsequent proceedings.

28      8.   Discovery Material designated as "CONFIDENTIAL" shall be retained by the

1   Defendant's counsel in the above-captioned case and furnished, at this time, to no one other than the

2   Defendant's counsel in the above-captioned case, the Defendant, the staff supporting the Defendant's

3   counsel in the above-captioned case such as interpreters, paralegal assistants, and secretarial,

4   stenographic, and clerical employees who are working on this case under the direction of the

5   Defendant's counsel and to whom it is necessary that the materials be disclosed for purposes of the

6   defense of this case.  The Defendant's counsel may also show documents to any potential witness whom

7   they deem necessary for the defense of this matter provided that the potential witness signs the

8   Acknowledgement agreeing to be bound by the terms of the Protective Order.  No Confidential Material

9   or summary of the Confidential Material shall be left with the potential witness without defense counsel

10  present to ensure that the potential witness (other than experts or the defendant, discussed below) does

11  not copy the Confidential Material.  In the event that the Defendant or his counsel wishes to consult an

12  expert regarding these materials, the procedure for doing so is addressed in paragraph 9 of this

13  agreement, otherwise, Confidential Materials shall be kept in the possession of the Defendant's counsel

14  in the above-captioned case and neither this material nor any copies of the material shall leave their

15  possession (including via electronic transmission of any sort) for any purpose except submission in

16  camera to the Court, except that counsel may include the material in emails among themselves as

17  necessary for the defense of this matter, provided that when Confidential Materials is attached to an

18  email between counsel and/or between defense counsel and the defendant, the Confidential Material

19  shall be encrypted.  No Confidential Material shall be downloaded to or maintained by the Defendant's

20  counsel or the defendant on a portable storage device such as a thumb drive or removable external hard

21  drive, unless that thumb drive or external storage device is password protected.  All Confidential

22  Material shall be used solely for the purpose of conducting pre-trial, trial, and appellate proceedings in

23  this case and for no other purpose whatsoever, and shall not be used for the economic benefit of any

24  defendant or for the benefit of any third party.  All motions which contain any of the Confidential

25  Material labeled "CONFIDENTIAL" and which are filed with the Court shall be filed and kept under

26  seal until further order of the Court.  Confidential Material filed under seal shall be filed with the Clerk

27  of the Court in sealed envelopes or boxes consistent with Criminal Local Rule 56-1.

28          9.      At such time as the defendant retains an expert or experts to assist in the review of the

Confidential Material, each such person shall execute an Acknowledgment in the form attached to this Stipulation.  The Defendant shall not be required to provide said Acknowledgment, or the identity of the expert who signed it, to the United States, unless so ordered by the Court.  The United States retains the right to request that the Court authorize such disclosure.  Nothing in this paragraph relieves the defendant of the discovery obligations contained in Federal Rule of Criminal Procedure 16(b)(1)(C), nor does the United States waive any rights thereunder by entering into this stipulation.  By signing and agreeing to the terms of this Stipulated Protective Order, no person shall be deemed to have conceded that any material has been properly designated as confidential.

10.     On the basis that the defendant's review of Confidential Materials in his counsel's office is impracticable given that he resides outside of the Northern District of California, Confidential Material may be provided to the defendant to review but must be stored in a secure manner.  In the case of paper records, such records shall be stored in a locked location, such as a locked drawer or office, when the defendant or defense counsel is not using it.  If stored electronically, Confidential Material shall be kept on a password-protected device or computer and shall not be stored on a shared server or cloud service except while such materials are being transferred or transmitted to individuals that have executed an acknowledgement agreeing to be bound by the terms of the Stipulated Protective Order. Defendant's use of the Confidential Materials is limited to preparing or presenting a defense in this matter.  Prior to the defendant receiving Confidential Materials, defendant will sign an  agreement to be bound by the terms of the Protective Order.

11.     The recipient of any Confidential Material that is provided under this Stipulated Protective Order shall keep such information in a manner reasonably intended to preserve and maintain the confidentiality of the information and shall not disclose such information to any individuals except as authorized by this Protective Order.  Defense counsel shall maintain all acknowledgements collected from individuals that have received Confidential Materials and shall disclose them to the Court or to counsel for the United States if directed to do so by the Court.

12.     At the request of the United States, the Defendant and his counsel in the case agree to the return of all Confidential Material to the United States after the later of the following has occurred: dismissal of all charges against the defendant; defendant's acquittal; or the conclusion of any direct

appeal.  Defense counsel will destroy work product that contains Confidential Material, or shall continue to preserve any work product in a secure manner in accordance with this Protective Order.

13.     Nothing herein shall prevent the Defendant from using the Confidential Material or from referring to, quoting, or reciting from any information contained in such Confidential Material in connection with pleadings or motions filed in this case, provided that such materials be filed under seal and/or submitted to the Court for in camera inspection.  The use of Confidential Material at trial or pre- or post-trial hearing will be resolved at or before the time of the trial or hearing.

14.     Should the defendant dispute the propriety of any designation of Discovery Material as Confidential Material, his counsel shall notify the United States in writing.  Within 14 business days of receiving the notice, the United States shall respond to the notice in writing.  If, after this exchange of correspondence, the defendant and the United States cannot resolve their dispute, they may apply to the Court to do so.  The burden shall be on the Government to prove that the material qualifies as Confidential Material.  During the pendency of the dispute and any court resolution thereof, including an appeal of the Court's decision on such motion, the discovery material shall be deemed "CONFIDENTIAL" as designated and shall be covered by the provisions of this Stipulated Protective Order.  A failure to challenge the confidential designation does not constitute a waiver on the defendant's part of either the ability to challenge that confidential designation or the ability to contest that certain portions of the designated Confidential Material constitute "trade secret" information under 18 U.S.C. § 1839(3).

### III.     RETURN OF DISCOVERY, MODIFICATIONS, AND SANCTIONS.

15.     Defense counsel shall return Protected Information and/or Confidential Materials subject to this Protective Order (including any copies) to the United States within 14 days of receipt of a request by the United States after whichever event occurs last in time: dismissal of all charges against the defendant; defendant's acquittal; defendant's sentencing; or the conclusion of any direct appeal.  After the United States receives documents and materials subject to this Order, it shall maintain those documents and materials until the period for filing a motion under 28 U.S.C. § 2255 has expired.  After the statutory period for filing a motion under 28 U.S.C. § 2255 has expired, the United States is free to destroy documents and materials subject to this Order.  If defendant is represented by counsel and files a

19-CR-0621-EMC-1

7

1   motion pursuant to 28 U.S.C. § 2255, the United States will provide counsel with the documents and

2   materials subject to this Protective Order under the terms of this Order. Defendant's attorney in any

3   motion under 28 U.S.C. § 2255 shall return the documents and materials subject to this Protective Order

4   at the Government's request and within 14 days after the district court's ruling on the motion or 14 days

5   after the conclusion of any direct appeal of the district court's order denying the motion, whichever is

6   later.  This stipulation is without prejudice to either party applying to the Court to modify the terms of

7   any protective order.  This Court shall retain jurisdiction to modify this Order upon motion of either

8   party even after the conclusion of district court proceedings in this case

9          16.     Nothing in this order shall preclude the parties from applying to the Court for further

10  relief or modification. The parties' agreement to enter into this Stipulated Protective Order at this time is

11  for the purpose of pretrial negotiations, and is not a concession by the defendant that the terms contained

12  herein would be appropriate should the case proceed beyond that stage.

13         17.     Nothing in this order shall limit the ability of the holder of any trade secret produced in

14  this matter to assert its rights or be heard pursuant to 18 U.S.C. § 1835.

15         18.     Willful violation of this Stipulated Protective Order may be punishable by contempt of

16  court, whatever other sanction the Court deems just, or any other sanctions or combination of sanctions

17  which are legally available.

18  **IT IS SO STIPULATED.**                      DAVID L. ANDERSON
                                                   United States Attorney
19

20  Dated: January 15, 2020.                      */s/ Colin Sampson*
                                                   COLIN SAMPSON
21                                                 Assistant United States Attorney

22

23  Dated: January 15, 2020.                      */s/ Jodi Linker*
                                                   JODI LINKER
24                                                 Counsel for Defendant Ahmad Abouammo

25

26  **IT IS SO ORDERED.**

27  Dated:
                                                   _____
28                                                 EDWARD M. CHEN
                                                   United States District Judge

AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

The undersigned, defendant Ahmad Abouammo, and Jodi Linker, counsel in the above-captioned case, 19-CR-0621-EMC, hereby acknowledge that they have received a copy of the Stipulated Protective Order in the above-captioned case, have read, understand, and agree to be bound by all of the provisions thereof, and hereby submit to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Protective Order and the punishment of any violations thereof.

DATED:

_/s/ Jodi Linker_
JODI LINKER
Attorney for defendant Ahmad Abouammo

DATED: 1/14/2020

_____
AHMAD ABOUAMMO
Defendant

ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER,

*United States v. AHMAD ABOUAMMO*, 19-CR-0621-EMC-1

The undersigned hereby acknowledges receipt of a copy of the Stipulated Protective Order issued in *UNITED STATES v. AHMAD ABOUAMMO*, 19-CR-0621-EMC, has read, understands, and agrees to the terms of the Stipulated Protective Order, and hereby submits to the jurisdiction of the United States District Court for the Northern District of California for the purposes of enforcement of the terms of the Stipulated Interim Protective Order and the punishment of any violations thereof.

Further, the undersigned understands that the sole permissible use of the Protected Information or Confidential Material provided and viewed under the provisions of this Stipulated Protective Order is to assist in the preparation of the defendant, Ahmad Abouammo.

The undersigned understands that no further use may be made of the Protected Information or Confidential Material whatsoever, and that any willful violation of the Stipulated Protective Order may result in criminal and civil penalties.

DATED: _____

_____          _____
Signature                                Street Address

_____          _____
Printed Name                             City, State, and Zip Code

                                         _____
                                         Area Code and Telephone Number

                                         _____
                                         Email Address