```
                                            Pages 1 - 10

            UNITED STATES DISTRICT COURT

          NORTHERN DISTRICT OF CALIFORNIA

     BEFORE THE HONORABLE WILLIAM H. ALSUP, JUDGE

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )   No. CR 19-71824 WHA
  VS.                          )   No. CR 19-00621 EMC
                               )
AHMAD ABOUAMMO,                )
                               )
          Defendant.           )   San Francisco, California
_____)

                                   Tuesday, November 19, 2019
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES:**

```
For Plaintiff:        DAVID L. ANDERSON
                      United States Attorney
                      450 Golden Gate Avenue, 11th Floor
                      San Francisco, California  94102
                 BY:  BENJAMIN KINGSLEY
                      COLIN C. SAMPSON
                      ASSISTANT UNITED STATES ATTORNEYS

For Defendant:        STEVEN KALAR
                      Federal Public Defender
                      450 Golden Gate Avenue
                      Room 19-6884, Box 36106
                      San Francisco, California  94102
                 BY:  JODI LINKER
                      DEPUTY FEDERAL PUBLIC DEFENDER


Also Present:
                      DENISE MANCIA, Pretrial Services


Reported By:   BELLE BALL, CSR 8785, CRR, RDR
               Official Reporter, U.S. District Court
```

| | |
|---|---|
| **Tuesday - November 19, 2019** | **2:19 p.m.** |

**P R O C E E D I N G S**

    **THE CLERK:** Calling Criminal Action 19-M J-71824, United States versus Ahmad Abouammo.

    Counsel, please step forward and state your appearances for the record.

    (Defendant present, in custody)

    **MR. KINGSLEY:** Good afternoon, Your Honor. Ben Kingsley and Colin Sampson for the United States.

    **THE COURT:** Welcome. Welcome.

    **MS. LINKER:** Good afternoon, Your Honor. Jodi Linker specially appearing on behalf of Ahmad Abouammo. He is present, in custody of the Marshal Services.

    **THE COURT:** Mr. Abouammo, welcome to you.

    **THE DEFENDANT:** Thank Your Honor.

    **THE COURT:** We are here on the government's motion, but I see in the meantime the case has now been assigned to Judge Chen.

    So the first question is I have is: Should we just let Judge Chen rule on this?

    **MR. KINGSLEY:** I think, Your Honor, in the normal course, had the defendant Barney detained in Seattle, he would have been transported here and would have made his first appearance before a magistrate here. Ms. Linker would have -- could have litigated and would have litigated custody there,

1   and then an appeal would have gone to Judge Chen.  So that's
2   what normally would have happened.
3       Because we had to seek an appeal of a release order that
4   went to you, that's why we're about.  I think, practically
5   speaking, Judge Chen is ultimately the decider of the bail
6   status in this case, at the end of the day, because he's going
7   to be presiding over the case.
8       And so what the Court has left is an appeal from an order
9   in Seattle that --
10          **THE COURT:**  But Judge Chen could decide the same
11  appeal.  Can't he?
12          **MR. KINGSLEY:**  He could, or it would be -- I mean,
13  normally, if there were not an appeal, we would just be in
14  front of a magistrate, and then go before the District Court.
15  Judge Chen could decide this appeal, or he could decide that he
16  wants a magistrate to hear it first.  I don't know.
17          **THE COURT:**  Well, you're not being very clear-cut on
18  whether or not you want me to decide this motion today, or not.
19          **MR. KINGSLEY:**  I think the answer is that it's --
20  probably it makes sense for it to go to a magistrate and to
21  Judge Chen, because they are the ultimate deciders.  And this
22  Court -- this Court can make a ruling today that would -- could
23  be revisited.  Ms. Linker could immediately go to Judge Chen.
24  And that wouldn't be improper for Ms. Linker to do that.
25          And so this Court -- on the other hand, this Court has --

    **THE COURT:**  You're assuming that I would rule for you.

    **MR. KINGSLEY:**  Well, if you don't rule --

    **THE COURT:**  That I would rule, and then she would go. But what about if I rule for her, then you would go.

    **MR. KINGSLEY:**  We could do the same thing, Your Honor.  There wouldn't be anything improper about that.

    **THE COURT:**  Don't count your chickens.

  What do you want to do, Ms. Linker?

    **MS. LINKER:**  Your Honor, I want my client to be released today.  I think he needs to be released.

    **THE COURT:**  Even if I do that, I'd have to stay it --

    **MS. LINKER:**  Why?

    **THE COURT:**  -- so the Ninth Circuit could have a chance to -- maybe I'm wrong.  I promise you, I can't do that. I'd have to stay the effectiveness of the order, in order to let the Ninth Circuit have a chance to reinstate that custody.

    **MS. LINKER:**  Well, I don't know that the government intends to appeal to the Ninth Circuit.  And so they'd have to go through the process of seeking a stay.  They haven't said that they would.

  I think that Mr. Abouammo has more than established that he's not a risk of flight.  His family is present in the courtroom today (Indicating).  They came down from Seattle. They are in the front row.  His wife, his three minor children

1  are here.  He has done everything right, Your Honor, as I put
2  in my papers.  And he should be released forthwith.
3      It got delayed until today's date because of the
4  government not bringing him down here last week, as they should
5  have.  He's already been in custody longer than he needed to
6  be.  Longer than he ever has been, in his life.  You have an
7  individual with no criminal history whatsoever that should be
8  released from custody.
9      He can be ordered to appear tomorrow morning before
10 Judge Kim.  He will be there.  I promise that.
11         **THE COURT:**  Well, do you both stipulate that whatever
12 I rule, you won't go to Judge Chen -- the loser won't go to
13 Judge Chen and seek review of it?
14     In other words, it's pointless for me do this, and then
15 the loser's going to go get *de novo* in front of Judge Chen.
16         **MS. LINKER:**  I cannot promise that, Your Honor.
17         **THE COURT:**  Of course not.
18     How about Mr. Kingsley?
19         **MR. KINGSLEY:**  I don't know if I have the authority
20 to promise that, either way, right now, Your Honor.
21         **THE COURT:**  When is his next criminal calendar?
22         **MS. LINKER:**  Tomorrow.
23         **THE COURT:**  Tomorrow?
24         **MS. LINKER:**  (Nods head)
25         **THE COURT:**  The thing to do is to put it on his

1  calendar.
2       **MR. KINGSLEY:**  Your Honor, I think we need to put it
3  on the magistrate calendar for arraignment on the indictment,
4  as well, first thing in the morning.  And then --
5       **THE COURT:**  Well, then, can we put it on both
6  calendars?
7       **MR. KINGSLEY:**  I think that's --
8       **THE COURT:**  So that he will have a chance, and all of
9  this paperwork that I have here, along with a draft order that
10 I was prepared to issue today, will go to -- I won't give him
11 my draft order, but I'll give him the paperwork -- unless he
12 wants my draft order.  I might give it to him then.
13      So I think that is a more effective way to do this, so
14 that you don't argue it twice.
15      **MS. LINKER:**  Your Honor, I have no objection --
16      **THE COURT:**  The loser will be saying that I was
17 wrong, and the winner will be saying:  Oh, Judge Alsup, Judge
18 Alsup.  And then poor Judge Chen will be in the position of
19 overruling me.
20      **MS. LINKER:**  Or affirming you.  We don't know.
21      **THE COURT:**  Or affirming.  We don't know.  But he
22 shouldn't have to have that extra baggage.
23      **MS. LINKER:**  Your Honor, I would just again request
24 that he be released, and ordered to show up tomorrow morning.
25 If Your Honor -- what the Court indicated last week, which I

1  don't want as the ultimate decision, but if Your Honor wants
2  him to go to the halfway house tonight, he will.
3       But I would ask the Court to release him tonight and order
4  him to appear tomorrow morning.
5           **THE COURT:** It's too much trouble to go to a halfway
6  house for a half day.
7       I'm sorry.  This is not your fault, Mr. Abouammo.
8           **THE DEFENDANT:** (Nods head)
9           **THE COURT:** And your lovely family shouldn't have to
10 go through all of this extra time.  But this is dealt -- the
11 hand we got dealt because the government didn't have him here
12 last time.
13          **MR. KINGSLEY:** Your Honor, I want to make the
14 government's record on that.
15          **THE COURT:** Yeah, go ahead.
16          **MR. KINGSLEY:** The government charged him by a
17 complaint, which is a completely appropriate way to charge
18 somebody.  He was released in Seattle with almost no
19 conditions.  He had GPS monitoring, no custodian, no surety,
20 not even on secured bond.
21      The government appealed on a Friday afternoon, which is
22 the time that he was released.  And the first appearance we had
23 in this case was Tuesday, which was the next business day.
24      There was no order for him to be brought by the marshals
25 down over the course of a three-day weekend, here.  And now we

1  have him here, which the marshals did in a week, which is an
2  unbelievable turnaround for them.  And so I don't think the
3  government did anything wrong here, at all.
4       And I appreciate that Ms. Linker is frustrated, and that
5  Mr. Abouammo wants to get out of custody.  I'm sure there's a
6  lot of sadness for his family, being here.  But this is how
7  cases that proceed by complaint in another district, this is
8  what happens.  These are the rules that we have.  And the
9  government did nothing unusual.
10           **THE COURT:**  But what if he doesn't deserve to be in
11 custody at all?
12           **MR. KINGSLEY:**  Then the Court --
13           **THE COURT:**  The magistrate judge said he doesn't --
14 didn't.  So then he's lost a whole week and a half of his life.
15           **MR. KINGSLEY:**  The appeal was to you, Your Honor.
16 And you're under -- you have the ability to resolve it
17 promptly.  That's how the rules worked.  And --
18           **THE COURT:**  Yeah.  So what I said was we -- we'll
19 stay in custody until I could hear it on next -- last Tuesday.
20 Unbeknownst to me, he wasn't brought here on Tuesday.  So, no
21 one bothered to tell me that.
22           **MR. KINGSLEY:**  Your Honor, I don't know how the
23 marshals would have transported the defendant from -- in the
24 afternoon on Seattle on a Friday to here on Tuesday, without a
25 specific order from this Court, because I've never seen that

1  sort of transport happen that quickly before.
2  　　　And it may be that the rules need to be changed on this; I
3  don't know.  But the government was following the rules here,
4  and I think that needs to be clear for the record.
5  　　　　　**THE COURT:**  I'm going to go ahead and rule.  I -- I
6  disagree with the government.  He should be released on
7  conditions that the magistrate judge provided.  I agree with
8  the magistrate judge.
9  　　　But, I'm going to stay the effectiveness of this ruling
10 for seven calendar days, to give the government the chance to
11 go to Judge Chen, to go to the magistrate judge, to go to the
12 Ninth Circuit, the Supreme Court, whoever you want to go to.
13 　　　But, I don't think you made the right decision in this
14 case.  Even though one other defendant got swept out of the
15 country by Saudi Arabia, his case is different.  It could
16 happen, but it's not a strong enough case, given the
17 circumstances of his situation, to -- for -- he's never been in
18 jail in his life.  Here he is suffering in the county jail in
19 an unknown place.  So I -- I don't like that.  I think you
20 didn't act fairly here.
21 　　　So, released.  Except, I've got to stay it for seven days.
22 Not released on conditions, I mean.  Whatever the magistrate
23 judge said up there in Seattle is what I agree with.  But, stay
24 it for seven days.
25 　　　I'm sorry; I have to do that in order to be fair to the

|   |   |
|---|---|
| 1 | government, and let them have a chance at appeal.  Or with |
| 2 | Judge Chen.  I recommend you go to Judge Chen first before you |
| 3 | go to the appellate level, because then there -- I don't know. |
| 4 |     I'm just -- my order expires -- what is today?  Tuesday? |
| 5 | My order expires on Monday at noon.  Not Tuesday.  Monday at |
| 6 | noon, you've got to release him. |
| 7 |     If that doesn't happen, you can come back and see me, and |
| 8 | I will order him released. |
| 9 |         **MS. LINKER:**  Thank Your Honor. |
| 10 |         **MR. KINGSLEY:**  Your Honor, could we set an appearance |
| 11 | tomorrow at 9:30 before -- or 10:30 before Judge Kim, and -- |
| 12 |         **THE COURT:**  Please.  I invite you to.  I tried to get |
| 13 | everyone to agree to that earlier, but everyone was giving me a |
| 14 | run-around. |
| 15 |     Okay, set it on the calendar for Judge Chen, please. |
| 16 |         **MS. LINKER:**  And Judge Kim, I think, both -- |
| 17 |         **THE COURT:**  Yes.  All of those. |
| 18 |         **MR. KINGSLEY:**  Yep. |
| 19 |         **THE COURT:**  Good luck to both sides.  That's the best |
| 20 | I can do for today. |
| 21 |         **MS. LINKER:**  Thank Your Honor. |
| 22 |         **MR. KINGSLEY:**  Thank Your Honor. |
| 23 |         **MR. SAMPSON:**  Thank Your Honor. |
| 24 |     (Proceedings concluded) |
| 25 |   |

## CERTIFICATE OF REPORTER

I, BELLE BALL, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

_/s/ Belle Ball_

Belle Ball, CSR 8785, CRR, RDR

Tuesday, January 28, 2020