DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

COLIN C. SAMPSON (CABN 249784)
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Colin.Sampson@usdoj.gov

JOHN C. DEMERS
Assistant Attorney General
National Security Division

BENJAMIN J. HAWK (NJBN 030232007)
Trial Attorney, National Security Division
    950 Pennsylvania Avenue NW
    Washington, DC 20530-0001
    Telephone: (202) 307-5176
    Benjamin.Hawk@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> AHMAD ABOUAMMO, ET AL., <br><br> Defendants. | CASE NO. 3:19-CR-00321-EMC <br><br> UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT AHMAD ABOUAMMO'S MOTION FOR BILL OF PARTICULARS <br><br> Date: September 30, 2020 <br> Time: 2:30 p.m. <br> Courtroom: #5, 17th Floor, San Francisco |

**TABLE OF CONTENTS**

I.   FACTS AND PROCEDURAL BACKGROUND..................................................................1

II.  LEGAL STANDARD..........................................................................................................3

III. ARGUMENT.........................................................................................................................4

    a.   A Bill of Particulars is Not Required, as Discovery Has Been Produced............................4

    b.   The Superseding Indictment Presents the Defendant's Scheme in Great Detail. ................4

    c.   Defendant's Other Complaints Do Not Justify a Bill of Particulars...................................9

IV.  CONCLUSION....................................................................................................................11

# **TABLE OF AUTHORIES**

Cases

*United States v. Anderson*,
  799 F.2d 1438 (11th Cir. 1986) ................................................................................................ 4
*United States v. Ayers*,
  924 F.2d 1468 (9th Cir. 1991) .................................................................................................. 3
*United States v. Carpenter*,
  484 U.S. 19 (1987) ................................................................................................................ 5, 8
*United States v. DeFries*,
  129 F.3d 1293 (D.C. Cir. 1997) ............................................................................................... 5
*United States v. DiCesare*,
  765 F.2d 890 (9th Cir. 1985) ............................................................................................. 8, 10
*United States v. Giese*,
  597 F.2d 1170 (9th Cir. 1979) ............................................................................................. 3, 8
*United States v. Inryco, Inc.*,
  642 F.2d 290 (9th Cir. 1981) .................................................................................................. 7
*United States v. Jones*,
  2013 WL 5954489 (D. Nev. Nov. 6, 2013) ............................................................................ 3
*United States v. Kendall*,
  665 F.2d 126 (9th Cir. 1981) .................................................................................................. 7
*United States v. Kilrain*,
  566 F.2d 979 (5th Cir. 1978) .................................................................................................. 4
*United States v. Krasovich*,
  819 F.2d 253 (9th Cir. 1987) .................................................................................................. 3
*United States v. Long*,
  706 F.2d 1044 (9th Cir. 1983) ................................................................................................ 3
*United States v. Medjuck*,
  937 F. Supp. 1368 (N.D. Cal. 1996) ....................................................................................... 9
*United States v. Middleton*,
  35 F. Supp. 2d 1189 (N.D. Cal. 1999) .................................................................................... 7
*United States v. Navarrette-Aguilar*,
  813 F.3d 785 (9th Cir. 2015) .................................................................................................. 9
*United States v. Perry*,
  2013 WL 3158078 (D. Mass. June 19, 2013) ........................................................................ 3
*United States v. Robertson*,
  15 F.3d 862 (9th Cir. 1994) .................................................................................................... 3
*United States v. Ryland*,
  806 F.2d 941 (9th Cir. 1986) ............................................................................................. 4, 7
*United States v. Smith*,
  16 F.R.D. 372 (W.D. Mo. 1954) ............................................................................................ 4
*United States v. Wilbur*,
  674 F.3d 1160, 1177–79 (9th Cir. 2012)…………………………………………………….9
*Wong Tai v. United States*,
  273 U.S. 77 (1927) ............................................................................................................. 3, 4

## TABLE OF AUTHORIES Cont'd

**Statutes**

18 U.S.C. § 1349 .................................................................................................................. 1
18 U.S.C. § 1519 .................................................................................................................. 1
18 U.S.C. §§ 951 .................................................................................................................. 1
18 U.S.C. §§ 1343 ................................................................................................................ 1

**Rules**

Fed. R. Crim. Proc. 32.2(a) .................................................................................................. 5
Federal Rule of Criminal Procedure 7(c) ......................................................................... 3, 5
Federal Rule of Criminal Procedure 7(f) ............................................................................ 3
Federal Rule of Criminal Procedure 16 .............................................................................. 4

The United States hereby responds in opposition to Defendant Ahmad Abouammo's Motion for a Bill of Particulars (Doc. No. 66) with respect to the First Superseding Indictment (Doc No. 53). Defendant essentially asks the Court to order the government to provide the following: 1) the identity of unnamed co-conspirators; 2) the property that Twitter was deprived of; 3) the material misrepresentations and omissions to Twitter; 4) the substance of wire communications between coconspirators; and 5) the basis for venue for the money laundering charges.

The Court should deny Defendant's motion for several reasons. First, contrary to Defendant's contention that the indictment "alleges a very broad and conclusory scheme to defraud," the indictment provides a detailed description of his scheme, including the objects of the scheme, the manner and means used to accomplish those objects, and various acts done in furtherance of the scheme, effectively giving a play-by-play of the defendants' acts from June 2014 through January 2016 to access user data in violation of the Twitter policies and provide it to Saudi Arabian officials. Second, in addition to the factually detailed Complaint, Indictment, and Superseding Indictment, the Government has provided Defendant with voluminous discovery. The government further met with members of the defense team earlier this year to discuss the facts and evidence underlying the charges, reviewed 60 exhibits with them, and provided the discovery Bates numbers for most of those exhibits. While captioned as a Motion for Bill of Particulars, the relief sought by Defendant has little, if anything, to do with the purpose of a bill of particulars. Rather, Defendant's motion constitutes an inappropriate attempt to seek the government's trial strategy and to attack the sufficiency of the evidence outside of the context of a trial.

**I.      FACTS AND PROCEDURAL BACKGROUND**

On November 5, 2019, the government filed a criminal Complaint charging Defendant Ahmad Abouammo with acting as an agent of the government of the Kingdom of Saudi Arabia ("KSA") without providing notice to the Attorney General as required by law (18 U.S.C. §§ 951 and 2), and obstructing justice by providing a false document to investigators (18 U.S.C. § 1519). *See* Dkt. No. 1. A lengthy and factually detailed Affidavit in support of the charges accompanied the Complaint. *Id.* On November 14, 2019, the government charged Defendant with the same conduct in an Indictment that included specific factual allegations. *See* Dkt. No. 13. On July 28, 2020, the Grand Jury returned a

Superseding Indictment that expanded the factual allegations and also charged Defendant with one count of conspiracy to commit wire fraud (18 U.S.C. § 1349), two counts of Wire Fraud (18 U.S.C. §§ 1343, 1346, and 2), and money laundering (18 U.S.C. § 1956(a)(2)(B)(i)).[1] Dkt. No. 53.

Relevant to Defendant's motion for a bill of particulars, the Superseding Indictment sets forth in great detail his scheme to defraud his employer, Twitter. *See id.* at ¶¶ 21-28. As alleged, Defendant fraudulently used his position at Twitter to provide proprietary and confidential information about certain Twitter accounts to the KSA in exchange for gifts and cash payments. *Id.* at ¶ 21. The indictment further specifies that the objects of the scheme were: (1) to deprive Twitter of money and property, *i.e.,* "nonpublic information about Twitter users, which constituted valuable property" belonging to Twitter; and (2) to deprive Twitter of its intangible right to the honest services of its employees and fiduciaries through bribes. *See id.* at ¶¶ 21, 28 and 38. The indictment further describes the manner and means of the scheme, *id*. at 22-26, and sets forth certain acts taken in furtherance of the scheme, including acts of concealment and material representations, promises, and omissions, *id.* ¶¶ 26(a)-(u) and 27(a)-(f). Finally, each wire fraud count describes the wire communication (including content in the case of electronic communications), the parties involved, and the date it occurred. *Id.* at ¶ 38.

As Defendant notes, the government has provided extensive discovery in this case, providing him with additional factual detail regarding the charges. Furthermore, on the morning of March 12, 2020, counsel for the government met with Assistant Federal Defender Jodi Linker and two additional members of the Federal Defender's defense team for approximately two to two-and-a-half hours regarding the government's case against Defendant, including the conduct that the government was prepared to charge by superseding indictment. The government presented the defense with more than 60 exhibits (in approximate chronological order) supporting the charges, including emails and Twitter Direct Messages between Defendant and his coconspirators that underlie the charges,[2] as well as wire

---

[1] The government previously charged the same violations by Criminal Information on April 7, 2020. *See* Dkt. No. 42. Both the Information and Superseding Indictment also charge Defendant's coconspirators with 13 additional wire fraud counts.

[2] Defendant's assertion (in Footnote 1) that the reverse proffer related only to the pending charges is untrue. Indeed, the purpose of the reverse proffer was to provide notice to Defendant of the additional charges that would result as the case continued. In fact, Defendant signed a tolling agreement

2

confirmations and account statements underlying the money laundering counts. The court and grand jury were subsequently cancelled shortly thereafter due to public health and safety concerns. On July 14, 2020, the government provided Defendant's counsel with a list of the discovery Bates numbers associated with most of the aforementioned exhibits.

## II. LEGAL STANDARD

Federal Rule of Criminal Procedure 7(f) allows for a bill of particulars. Federal Rule of Criminal Procedure 7(c) provides in relevant part that: "The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits."

A bill of particulars has three functions: (1) "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial," (2) "to avoid or minimize the danger of surprise at the time of trial," and (3) "to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979); *see also United States v. Ayers*, 924 F.2d 1468, 1483–84 (9th Cir. 1991); *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).

To determine whether a bill of particulars is warranted, "a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *Long*, 706 F.2d at 1054. When the language of the indictment itself provides this information, a bill of particulars is not required. *United States v. Robertson*, 15 F.3d 862, 873–74 (9th Cir. 1994), *rev'd on other grounds*, 514 U.S. 669 (1995); *Wong Tai v. United States*, 273 U.S. 77, 82 (1927); *United States v. Krasovich*, 819 F.2d 253, 254–55 (9th Cir. 1987). Moreover, "[f]ull discovery will obviate the need for a bill of particulars." *Id*. "A defendant seeking particularization 'has the burden of showing by brief, affidavit, or otherwise that nondisclosure would lead to prejudicial surprise or the obviation of opportunities for meaningful defense preparation." *United States v. Jones*,

---

to cover the period during which the reverse proffer took place. The reverse proffer exhibits further included numerous wires and financial transactions that were charged as substantive counts in the Superseding Indictment.

3

2013 WL 5954489, at *4 (D. Nev. Nov. 6, 2013) (citing *United States v. Perry*, 2013 WL 3158078 (D. Mass. June 19, 2013)).

A bill of particulars is not a tool for a defendant "to obtain a detailed disclosure of the government's evidence prior to trial." *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978); *see United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (finding that before trial a defendant "is not entitled to know all the evidence the government intends to produce but only the theory of the government's case"). In other words, a bill of particulars is not to be used for generalized discovery. *United States v. Anderson*, 799 F.2d 1438 (11th Cir. 1986). To allow a bill of particulars to serve as discovery would frustrate the purposes of Federal Rule of Criminal Procedure 16. *Id*.

The motion for a bill of particulars is addressed to the sound discretion of the trial court, and the trial court's ruling thereon will not be disturbed in the absence of an abuse of that discretion. *Wong Tai*, 273 U.S. 77.

### III. ARGUMENT

#### a. A Bill of Particulars Is Not Required, as Discovery Has Been Produced.

As defendant concedes, "the government has provided voluminous discovery in this case." Motion, Dkt. No. 66, p. 2, ln. 13. Indeed, the United States has produced ample discovery that is more than sufficient information to assist Defendant in preparation of his defense, to prevent double jeopardy in the future, and to avoid unfair surprise at trial.

Ironically, Defendant complains both that he does not have sufficient information to prepare a defense and that he has too much information. Defendant's argument that the voluminous discovery in this case necessitates a bill of particulars is meritless. The Superseding Indictment (as well as the Complaint and factually detailed Affidavit) provides him with a sufficient roadmap to adequately prepare his defense. Moreover, the government spent significant time with Defendant's counsel earlier this year discussing the underlying facts and evidence of the case, including as it relates to the wire fraud charges, and reviewed 60 exhibits with counsel.

#### b. The Superseding Indictment Presents the Defendant's Scheme in Great Detail.

Unlike *United States v. Smith*, 16 F.R.D. 372, 374-75 (W.D. Mo. 1954) – the "simple drug sale" case which Defendant cites as an example of a case calling for a bill of particulars (because *which* drug

sale was the source of the defendant's confusion in that case) -- the government has alleged in detail the objects of Defendant's scheme to defraud Twitter, the manner and means used to accomplish those objects, various acts, including acts of concealment and material misrepresentations and omissions, in furtherance of the scheme, and the wires forming the basis of the substantive wire fraud counts.[3] Unlike the 1954 Western District of Missouri case, where the defendant could legitimately claim that he did not know *which* drug sales he was charged with on two particular dates, it is clear and unambiguous from the face of the indictment that Defendant was paid by a particular KSA official and for what he was paid. Defendant remarkably claims that the indictment "omits important information about the alleged conspiracy/fraudulent scheme: who else was part of it; what exactly was the scheme; and what exactly were the means of the scheme." Dkt. No. 66 at 5-6.

Defendant specifically complains that the government has not disclosed the object of the alleged scheme to defraud. *Id.* at 6. He further argues, incorrectly, that the indictment does not identify the property at issue. In making such a claim, Defendant quotes the alleged object of the scheme that identifies the property at issue—"nonpublic account information of Twitter users." *Id.* at 6 (citing Dkt. No. 53 at ¶ 28). Defendant also fails to acknowledge that the same information is described as Twitter's property elsewhere in the indictment.[4] Dkt. No. 53 at ¶ 21. Thus, the indictment sufficiently alleges the object of the scheme.

Defendant further complains that the charges do not allege any material misstatements or omissions by any coconspirator. Dkt. No. 66 at 7. However, the indictment clearly provides that the defendants "engaged in conduct and made material false representations, promises, and omissions, and engaged in acts of concealment, including, but not limited to, [six specific examples]." Dkt. No. 53 at ¶

---

[3] Defendant properly excludes Count One and Twenty-Three from the Motion for a Bill of Particulars, as such a motion would have been untimely under Federal Rule of Criminal Procedure 7(c). Moreover, a bill of particulars is not required with respect to forfeiture allegations. *See* Fed. R. Crim. Proc. 32.2(a); *see also United States v. DeFries*, 129 F.3d 1293 (D.C. Cir. 1997) (it is not necessary to specify in either the indictment or a bill of particulars that the government is seeking forfeiture of a particular asset, such as the defendant's salary; to comply with Rule 7(c), the government need only put the defendant on notice that it will seek to forfeit everything subject to forfeiture under the applicable statute, such as all property "acquired or maintained" as a result of a RICO violation).

[4] Defendant incorrectly claims, without any legal support, that the indictment must specify actual or intended *financial* loss to Twitter. However, courts have long recognized that the deprivation of confidential business information violates the wire fraud statute. *See United States v. Carpenter*, 484 U.S. 19 (1987).

27. Among other things, the indictment alleges that Defendant concealed from Twitter his receipt of a valuable watch and cash from a KSA official, *id.* at ¶ 27(b)-(c), and it identifies Twitter's gift policy that required Defendant to disclose and return gifts exceeding $100, *id.* at ¶ 16. Thus, the indictment sufficiently alleges material misrepresentations, omissions, and acts of concealment.

       i.  *The Superseding Indictment Sufficiently Explains Counts 4 Through 22.*

  Defendant's Motion should be denied because the Superseding Indictment (and the Complaint) provides sufficient notice of the government's theory. Counts Four through Twenty-Two are more than sufficiently detailed to put Defendant on notice of the specific charges against him to plead double jeopardy in any future prosecution and to minimize surprise or prejudice at trial. Moreover, contrary to Defendant's assertion that the Superseding Indictment greatly expands the . . . scope of the charges," the charges stem from the same conduct described in the Complaint and the same scheme charged in the original Indictment. *See* Motion, p. 2, ln. 5. The factual allegations supporting these counts are clear and detailed. For example, in addition to Count Five alleging a March 8, 2015 wire transmission between Defendant and Foreign Official-1,[5] the Indictment states the content of that wire ("proactive and reactively we will delete evil my brother"). If defendant is confused about why he is being charged criminally with this wire transmission, he need only look at the government's further allegations in the Superseding Indictment that he had met with Foreign Official-1 in London several months earlier, was given a valuable watch and discussed a particular Twitter user, and shortly thereafter began accessing that user's IP address numerous times in violation of his employer's privacy, data handling, and gift policies, after which he received the first $100,000 payment from Foreign Official-1. *See* Superseding Indictment, Dkt. No. 53, ¶¶ 16-18, 21-24, 26(c), (f) through (k), and 27(a) through (c). Count 11 follows the same pattern: Defendant's communications with Foreign Official-1 regarding a "late" payment of an additional $100,000 and Defendant's offer of further help with matters related to Twitter.

  Defendant clearly understands that "the government is likely to seek, at trial, a so-called *Pinkerton* jury instruction" relating to counts that the defendant himself did not execute. Motion, p. 5,

---

[5] Defendant demands the identity of this individual. The individual is well known to Defendant, who has met him at least twice. The communications between Defendant and Foreign Official-1 came from his phone and emails.

6

1 ln. 3-4. Yet, Defendant does not claim that he is unable to understand these charges. Rather, he appears
2 to seek the government's trial strategy, which is not a proper purpose for a bill of particulars.
3 Defendant's demand for identification of co-schemers is satisfied by the production of discovery, and
4 again, is not the proper basis for seeking a bill of particulars.

Defendant's motion fails to explain why the allegations contained in the Superseding Indictment, supplemented by the detailed discovery and reverse proffer, and the allegations in the Complaint Affidavit, leave him unable to prepare his defense or defend against a future prosecution. This Indictment clearly identifies the specific fraudulent transactions entered into by the defendants. Defendant has received adequate notice of the charges against him to prepare his defense and thorough discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

          ii.      *The Other Responses Defendant Seeks are not Required under the Law.*

The Indictment thoroughly apprises Defendant of the nature of the charges against him. As a result, a bill of particulars is unnecessary. "[A] bill of particulars is not meant to provide the defendant with all of the evidence that the government will introduce at trial. Instead, the goal of a bill of particulars is satisfied if the defendant is aware of the theory of the government's case." *United States v. Middleton*, 35 F. Supp. 2d 1189, 1192–93 (N.D. Cal. 1999) (citing *United States v. Ryland*, 806 F.2d at 942).

Defendant cites no authority for the disclosure, in the context of a bill of particulars, of all individuals with whom he conspired. The government has produced documents identifying the known coconspirators, and indeed, has charged two of them. *See United States v. Kendall*, 665 F.2d 126, 135 (9th Cir. 1981) (stating that "[t]he defendant's constitutional right is to know the offense with which he is charged, not the details of how it will be proved."). A bill of particulars is an inappropriate device to demand early production of an exhibit and witness list. In any event, Defendants are on notice that the United States alleges that they have conspired with each other.

Given the detail already in Defendants' possession, it appears Defendant seeks an outline of the government's proof at trial, to which he is not entitled. This goal is made clear by his list of demands for disclosure of identities of coconspirators, documents to support venue, and a description of the "property" he sought to defraud from his employer. It is certainly true that a defendant may request a

1  bill of particulars to "supplement the indictment by providing more detail of the facts upon which the
2  charges are based." *United States v. Inryco, Inc.*, 642 F.2d 290, 295 (9th Cir. 1981).  However, "[f]ull
3  discovery . . . obviates the need for a bill of particulars." *United States v. Giese*, 597 F.2d 1170, 1180
4  (9th Cir. 1979).

5        Defendant further appears to complain that he has been presented with too much discovery,
6  arguing that a bill of particularly is necessary in "complex cases" involving "'extremely voluminous and
7  diverse discovery' [that leave] the defendant with little direction as to what he/she was charged with."
8  However, in making such an argument, the defendant ignores the detailed Complaint and Indictment, as
9  well as the reverse proffer and exhibit binder the government provided him and his counsel.  Moreover,
10 the Northern District of California cases cited by Defendant are inapposite.  In *United States v. Wong*,
11 unlike this case, Judge Ilston cited the "numerous alleged conspiracies, and . . . dozens of defendants and
12 alleged grow-sites" and granted the bill of particulars only as to the conspiracy count (and not the fifteen
13 substantive counts).  No. CR 06428 SI, 2007 WL 404807, at **2-3 (N.D. Cal. Feb. 2, 2007).  In *United
14 States v. Chen*, Judge Ilston again granted a bill of particulars as to the conspiracy count and not the
15 substantive count, noting that the conspiracy count failed to identify overt acts.  No. C-05-375 SI, 2006
16 WL 3898177, at *3 (N.D. Cal. Nov. 9, 2006) ("The Court agrees with the government that the
17 indictment need not specify the overt acts committed in furtherance of the charged conspiracies, and that
18 it is unreasonable to require the government to 'state the circumstances under which, and the words or
19 conduct by means of which' defendants and every alleged co-conspirator entered into the alleged
20 conspiracies.") *quoting United States v. DiCesare*, 765 F.2d 890, 897 (9th Cir. 1985).  In *United States
21 v. Feil*, Judge White denied in part the bill of particulars in a drug conspiracy case and only granted it to
22 the extent that a defendant's overt acts and contribution to the conspiracy must be identified.  No. CR
23 09-863 JSW, 2010 WL 1525263, at *6 (N.D. Cal. Apr. 15, 2010) ("Defendants are not entitled to details
24 on 'the circumstances under which, and the words or conduct by means of which' they and every other
25 alleged co-conspirator entered into the alleged conspiracies").  In this case, however, the Superseding
26 Indictment and its preceding Complaint Affidavit serve to apprise Defendant in detail about his acts in
27 furtherance of the conspiracy.
28       Defendant is further incorrect that the indictment fails to allege the money or property that

Twitter was deprived of. *See U.S. v. Carpenter*, 484 U.S. 19, 25 (1987) (holding that intangible "confidential business information" is property for purposes of the wire fraud statutes and unanimously rejecting defendant's claim that intangible business information had no value). The indictment makes clear that the property involved is Twitter's user data, and further alleges that Defendant fraudulently gained approximately $320,000 from his participation in the scheme. Superseding Indictment, ¶ 47.

The additional outline of the government's case Defendant seeks exceeds the scope and context of defendant's motion for a bill of particulars and should be rejected. Given the massive detail provided by the government, it is unclear what Defendant expects to obtain from the government other than its opening and closing arguments and exhibit list.

        *iii.*    *Defendants' Inquiries Have Already Been Answered.*

Defendant does not and cannot sustain his burden to demonstrate that he requires particulars beyond that which have already been provided. The United States need not prove exactly how or when Defendant joined the conspiracy or which acts each defendant took; rather, for a 18 U.S.C. § 1349 conspiracy, it must prove that each defendant intended to and did join the conspiracy during the time period alleged by the indictment. *See United States v. Navarrette-Aguilar*, 813 F.3d 785, 794 (9th Cir. 2015) (the government "can prove the existence of a conspiracy through circumstantial evidence that defendants acted together in pursuit of a common illegal goal . . . . Express agreement is not required; rather, agreement may be inferred from conduct.") (internal quotes and citations omitted); *see United States v. Medjuck*, 937 F. Supp. 1368, 1388 (N.D. Cal. 1996), *aff'd*, 156 F.3d 916 (9th Cir. 1998) ("A conspiracy is complete when the conspirators agree and one conspirator has done one overt act in furtherance of the agreement, even if the object of the conspiracy is never achieved."); *cf. United States v. Wilbur*, 674 F.3d 1160, 1177–79 (9th Cir. 2012) (holding that the government did not constructively amend nor vary from the indictment at trial in proving a conspiracy covering less time than that presented to the grand jury because the conviction was narrower, rather than broader, than the indictment).

        **c.  Defendant's Other Complaints Do Not Justify a Bill of Particulars.**

Taken together, Defendant's arguments are nothing more than a transparent effort to challenge the sufficiency of the evidence and the government's charging theory. Defendant claims that the

government has "omitted" "what exactly were the means of the scheme." Motion, p. 6, ln. 2. This argument clearly ignores Paragraph 26 and its twenty-one subparagraphs, describing in detail the "acts, among others, which were committed" in furtherance of the scheme. See Superseding Indictment, Dkt. No. 53, pp. 7-10. Nor does Defendant support his argument that a charging document against certain defendants must list all participants in a criminal scheme.

Defendant's challenge to the government's evidence is proper at trial, but not in a motion for a bill of particulars. Defendant's cites a case involving a Title III wiretap for its proposition that the government must disclose the content of the calls, assuming the government possesses such information. This is not a wiretap case. See United States v. DiCesare, 765 F.2d 890, 897 (9th Cir. 1985)) (defendants not entitled to bill of particulars in order to obtain names of unknown coconspirators, exact date on which alleged conspiracy began, or statement of all overt acts), *amended on other grounds*, 777 F.2d 543 (1985). Further, Defendant shoehorns a venue complaint into a bill of particulars, which is improper.[6] Moreover, and again, Defendant may choose to challenge the sufficiency and weight of the government's evidence at trial, but not in the form of a bill of particulars.

//

//

//

//

//

---

[6] Nor is it hard for Defendant to understand why bribes paid to him from abroad and laundered to his bank accounts in the United States, which he earned by intentionally violating the policies governing his employment at Twitter, Inc., headquartered approximately three city blocks from the San Francisco Courthouse where his prosecution is pending. Moreover, Defendant was living in the Northern District of California at the time of the wire alleged in Count 20, making his claims even more difficult to take seriously.

## IV. CONCLUSION

For all the foregoing reasons, the Motion for Bill of Particulars filed by Ahmad Abouammo should be denied. The motion substantively lacks merit, as the First Superseding Indictment is sufficiently clear and the United States has produced voluminous discovery related to Defendant's involvement in the conspiracy, wire fraud and honest services fraud, and international money laundering as charged in Counts Four through Twenty-Two.

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

Dated: September 23, 2020.

/s/ Colin Sampson
COLIN SAMPSON
Assistant United States Attorney
BENJAMIN J. HAWK
Trial Attorney, National Security Division