STEVEN G. KALAR
Federal Public Defender
Northern District of California
ELLEN LEONIDA
CARMEN SMARANDOIU
Assistants Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:     (415) 436-7700
Facsimile:      (415) 436-7706
Email:            Ellen_Leonida@fd.org

Counsel for Defendant Abouammo

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>V.<br><br>AHMAD ABOUAMMO,<br><br>DEFENDANT. | CASE NO.: 19–00621 EMC<br><br>REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS<br><br>COURT:           COURTROOM 5, 17TH FLOOR<br>HEARING DATE:   SEPTEMBER 30, 2020<br>HEARING TIME:   2:30 P.M. |

## INTRODUCTION

Ahmad Abouammo filed a motion for a bill of particulars, seeking several categories of information. The government, in its opposition, provides sufficient additional information to moot a number of his requests.

However, the government persists in its refusal to identify the substance of (or any other information regarding) the telephone calls underlying the wire fraud charges in Counts Six through Ten and Seventeen through Nineteen. The actual wire communication forms the basis of the offense of wire fraud. *See United States v. Pace*, 314 F.3d 344, 349 (9th Cir. 2002). Yet as of today, the

Superseding Indictment and the discovery provided by the government reveal nothing about the content of the calls charged in Counts Six through Ten and Seventeen through Nineteen or the government's theory regarding the role of the telephone calls in the alleged scheme to defraud. Without any information about the actual wire communications at issue, Mr. Abouammo cannot prepare a defense against those counts. The Court should, therefore, order the government to file a bill of particulars for Counts Six through Ten and Seventeen through Nineteen.

## ARGUMENT

### I. The government has responded to Mr. Abouammo's request for information regarding the alleged conspiracy and scheme to defraud charged in Counts Four through Nineteen

The government's opposition provides some of the information Mr. Abouammo requested in his motion for a bill of particulars. For instance, Mr. Abouammo requested the government to confirm that its theory regarding the fraudulent scheme rests on access to nonpublic account information of Twitter users. *See* Dkt. No. 66, Motion for a Bill of Particulars ("Mtn.") at 6-7. The government has confirmed that that is indeed its theory of the case. *See* Dkt. No. 68, United States' Response in Opposition to Defendant Ahmad Abouammo's Motion for a Bill of Particulars ("Opp.") at 5 & n. 4, 8-9. The government has also stated that it has provided the identity of all known coconspirators in discovery, which is the information Mr. Abouammo sought. *See* Opp. at 7; Mtn. at 6. Finally, the government has provided information clarifying the alleged means of the scheme to defraud. *See* Opp. at 5-6. Therefore, the Court need not take further action on these requests.

### II. Counts Six through Ten and Seventeen through Nineteen fail to charge crucial information regarding the alleged wire communications and the Court should order the government to provide a bill of particulars regarding the wire communications

The government does not meaningfully address Mr. Abouammo's request for information regarding the substance of the telephone calls underlying the wire fraud charges in Counts Six through Ten and Seventeen through Nineteen. *See* Mtn. at 8-9. Rather, the government simply attempts to distinguish the Ninth Circuit's decision in *United States v. DiCesare*, 765 F.2d 890 (9th Cir.), amended, 777 F.2d 543 (9th Cir. 1985), which it identifies as a Title III wiretap case cited by the defendant. *See* Opp. at 10.

*DiCasere* was neither a "Title III wiretap" case, *see* 765 F.2d at 897, nor was it cited in Mr.

Abouoammo's motion, *see* Mtn. at 8-9; and that case has no bearing on Mr. Abouammo's motion for a bill of particulars regarding Counts Six through Ten and Seventeen through Nineteen. In *DiCesare*, the Ninth upheld the denial of a motion for a bill of particulars regarding a drug conspiracy charge, including a request "to delineate all other overt acts that comprised the charged activity." 765 F.2d at 897. Mr. Abouammo, however, is not requesting the substance of the charged calls on the theory that they are overt acts in furtherance of the conspiracy alleged in Count Four. Rather, the calls are at the heart of several substantive counts of wire fraud – counts charging separate offenses, with elements distinct from those of the conspiracy charged in Count Four. *Cf. United States v. Ellison*, 442 F. Supp. 3d 491, 498-99 (D.P.R. 2020) (while specification of information regarding overt acts is generally not required for conspiracy, similar information may be required for substantive offenses; rejecting request for a bill of particulars for honest services wire fraud counts where the indictment stated, *inter alia*, "the date, means of communication, and substance of communication between [the coconspirators]" for each count).

In fact, the alleged misuse of the wire is not merely an element of wire fraud, but "the 'gist and crux' of the offense." *United States v. Pace*, 314 F.3d 344, 349 (9th Cir. 2002); *see also*, *e.g.*, *United States v. Garlick*, 240 F.3d 789, 792-93 (9th Cir. 2001) (holding that because the focus of 18 U.S.C. § 1343 is protecting the instrumentalities of communication from being used in furtherance of a fraudulent scheme, each misuse of the wires constitutes a separate offense of wire fraud). And whether a wire suffices depends on whether it is "in furtherance of the scheme," which is a fact-intensive inquiry that focuses on whether the wires were part of the execution of the scheme or merely tangential to the fraud. *See United States v. Shipsey*, 363 F.3d 962, 971-72 (9th Cir. 2004), *overruled in part by United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020) (analyzing the precise relationship between the wire communication and the scheme); *see also*, *e.g.*, *Schmuck v. United States*, 489 U.S. 705, 710-15 (1989) (in mail fraud case, analyzing the requirement that the mailing be in furtherance of the scheme).

Here, Mr. Abouammo lacks any information that would allow him to understand the government's theory regarding the role of the phone calls in the scheme to defraud. See *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (while "[a] defendant is not entitled to know all the

REPLY ISO MTN FOR A BILL OF PARTICULARS
*ABOUAMMO*, CR 19–00621 EMC

evidence the government intends to produce," a defendant is entitled to know "the theory of the government's case."). By contrast, the other substantive wire fraud counts summarize either the alleged substance of the wire communication (the content of Twitter direct messages alleged in Counts Five and Eleven) or function of the wire (the access of Twitter servers in order to access information of certain Twitter users, for Counts Twelve through Sixteen). *See* Dkt. No. 53 ¶ 38. Mr. Abouammo is simply requesting the equivalent information for the telephone calls underlying Counts Six through Ten and Seventeen through Nineteen.

Accordingly, the Court should order that the government provide Mr. Abouammo with the substance of the calls, if known to the government, or any other information about the calls that will enable him to prepare a defense to the allegations that the calls were in furtherance of the fraudulent scheme.

### III. Mr. Abouammo's request for a bill of particulars regarding venue as to Count Twenty through Twenty-Two is proper

Finally, the government claims, without any supporting authority, that Mr. Abouammo "shoehorns a venue complaint into a bill of particulars, which is improper." Opp. at 10. However, courts have held that a motion for a bill of particulars is a proper vehicle to obtain specificity regarding the government's theory of venue when the indictment otherwise raises serious questions regarding venue, as here. *See* Mtn. at 9-11 (citing cases and discussing specifically the venue-related insufficiency of the allegations in the Superseding Indictment in light of *United States v. King*, 259 F.Supp.3d 1267 (W.D. Okla. 2014), a money laundering case). There is nothing improper about Mr. Abouammo's request.

In any event, the government appears to have responded to Mr. Abouammo's request, albeit in a footnote. Opp. at 10 n.6. The government does not aver in that footnote that Mr. Abouammo transferred the alleged proceeds into bank accounts in this district. *See id.*; *cf.* Mtn. at 11 (highlighting the unspecified location of the bank accounts as one of the reasons for the request). In so doing, the government implicitly acknowledges that the alleged proceeds were transferred into bank accounts *elsewhere* "in the United States." Opp. at 10 n.6. Therefore, the government's theory of venue appears to rest on the following alleged facts:

1) As to all three money laundering counts, the fact that the alleged unlawful activity that yielded the alleged proceeds took place in this district. *See id.*

2) As to Count Twenty (but not Counts Twenty-One and Twenty-Two), the fact that Mr. Abouammo "was living in the Northern District of California at the time of the wire alleged in Count 20." *Id.*

Accordingly, the Court need not address further Mr. Abouammo's request for a bill of particulars regarding Counts Twenty through Twenty-Two. [1]

**CONCLUSION**

For the aforementioned reasons, Mr. Abouammo respectfully requests that the Court order the government to file a bill of particulars regarding Counts Six through Ten and Seventeen through Nineteen.

Dated:   September 28, 2020                                  Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender
Northern District of California

           /S
ELLEN LEONIDA
Assistant Federal Public Defender

---

[1] Mr. Abouammo does *not* concede that venue is proper in this district as to Counts Twenty through Twenty-Two or any other count.

REPLY ISO MTN FOR A BILL OF PARTICULARS
*ABOUAMMO*, CR 19–00621 EMC