DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

COLIN C. SAMPSON (CABN 249784)
   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7200
   FAX: (415) 436-7234
   Colin.Sampson@usdoj.gov

JOHN C. DEMERS
Assistant Attorney General
National Security Division

BENJAMIN J. HAWK (NJBN 030232007)
Trial Attorney, National Security Division
   950 Pennsylvania Avenue NW
   Washington, DC 20530-0001
   Telephone: (202) 307-5176
   Benjamin.Hawk@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>AHMAD ABOUAMMO, ET AL.,<br><br>    Defendants. | CASE NO.  3:19-CR-00321-EMC<br><br>UNITED STATES' SEPARATE STATUS CONFERENCE STATEMENT<br><br>Date:        October 21, 2020<br>Time:       2:30 p.m.<br>Courtroom: #5, 17th Floor, San Francisco |

Regrettably, and despite providing all of the information as directed by the Court on September 30, 2020, the parties came close - but could not - agree on a joint status statement to file, as a result of defense demands that the government use specific language regarding its trial strategy and the nature of its evidence beyond what is required in the context of his Motion for a Bill of Particulars under

consideration by the Court.

The detailed Complaint, Indictment, and Superseding Indictment in this case provide the defendant with a comprehensive framework to understand the charges against him and prepare a defense. Notably, Counts 5 and 10, which specifically identify the defendant, provide a description of the content of the charged wires and relate back to specific factual allegations in the indictment. Moreover, the government has provided extensive discovery to the defendant, including information relevant to the charged wires, and the government engaged in a reverse proffer with the defendant and provided him with specific Bates-numbers for particularly relevant materials.

Nonetheless, the defendant filed a motion for a bill of particulars, complaining, among other things, that he does not have sufficient information to defend the charges. For the reasons provided in the government's opposition, that argument should be rejected. After the hearing on the defendant's motion, and at the Court's direction, the government identified the specific phone calls charged, including the date, time, Universal Coordinated Time, and Bates-numbers for the telephone calls underlying Counts 6 through 10 and 17 through 19. The government further provided Bates-numbers for FBI reports documenting interviews of a witness who overheard the call charged in Count 19.

Despite this, the defendant asserted that he still "cannot defend himself against the charged wire fraud counts without any information regarding the content of the actual wire transmission." Despite the clear language in the charging documents and the government's repeated efforts to be reasonable and to comply with the Court's direction at the recent hearing, the defendant continues to demand more, going well beyond anything he is entitled at this stage to under the law. Following the government's letter regarding the aforementioned phone calls, the defendant's counsel asked the following: "[p]lease confirm that you . . . are relying solely on an inference that [the telephone calls charged as wire fraud counts] are related to the scheme to defraud based on the timing of the calls." The defendant already has in his possession the information necessary to prepare a defense in this case and is merely using his motion and the Court's order to meet and confer to demand early disclosure of the government's trial strategy and exhibits.

It is unclear why the defense insists that the government's portion of a draft joint status conference statement quote and adopt the exact words from the Court's Minute Order (a summary of the

hearing) for the September 30, 2020 status conference, rather than order the reporter's transcript. The government is aware of, and is exceeding, its discovery obligations, and has provided defendant with the information and discovery sufficient to enable him to prepare his defense. As a result, the government now asks the Court to deny the defendant's motion for a bill of particulars and to set a pretrial motions deadline and a trial date in this matter.

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney

Dated: October 14, 2020.

*/s/ Colin Sampson*
COLIN SAMPSON
Assistant United States Attorney
BENJAMIN J. HAWK
Trial Attorney, National Security Division