STEVEN G. KALAR
Federal Public Defender
ELLEN V. LEONIDA
Assistant Federal Public Defender
450 Golden Gate Avenue, 19th floor
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: ellen_leonida@fd.org

Counsel for Defendant, AHMAD ABOUAMMO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          PLAINTIFF,<br>v.<br><br>AHMAD ABOUAMMO,<br><br>          DEFENDANT. | CR 19-621 EMC<br><br>STATUS CONFERENCE STATEMENT REGARDING MOTION FOR A BILL OF PARTICULARS<br><br>HONORABLE EDWARD M. CHEN<br>DATE: OCT. 21, 2020<br>TIME: 2:30 P.M. |

On September 30, 2020, the Court held a hearing on Ahmad Abouammo's motion for a bill of particulars. At the conclusion of that hearing, the Court ordered the parties to meet and confer regarding Mr. Abouammo's request for the substance of the telephone calls underlying Counts Six through Ten and Seventeen through Nineteen, all charging wire and honest services fraud, and aiding and abetting, in violation of 18 U.S.C. §§ 1343, 1346, and 2. The Court's minutes reflect the following:

> The Government reported it does not have transcripts or recordings of the 8 phone calls in question. Government further stated it has already disclosed all evidence to defense counsel regarding the contents of the call as stated on the record and that there is no other evidence regarding the contents of the calls in its possession; should such evidence surface, Government shall provide it to Defendant. Government correlated the dates of the calls in questions with other

allegations in the indictment and thus infers a relationship between the calls and the charged scheme based on timing of the calls. Government shall identify which call is referred to in the indictment if there are multiple calls on a particular day. Court instructed the parties to further meet and confer for resolution.

Dkt. No. 72.

After meeting and conferring, the parties were unable to resolve the outstanding issues. Mr. Abouammo, by and through his counsel, Assistant Federal Public Defender Ellen Leonida, thereofore submits the ordered status report.

On October 6, 2020, Mr. Abouammo requested that the government provide the substance of the telephone calls or, if applicable, aver that the government does not know the substance of the telephone calls. *See* Leonida Dec., Exhibit A. On October 13, 2020, the government responded and clarified the times of the telephone calls charged, and further referred undersigned counsel to discovery relating to the substance of the telephone call charged as Count Nineteen. *See id.*, Exhibit B.

In light of the government's response, Mr. Abouammo has sufficient information regarding the substance of the telephone call underlying Count Nineteen in order to prepare a defense on that count.

The government, however, has declined to provide any information regarding the substance of the telephone calls underlying Counts Six through Ten and Seventeen through Eighteen—and the government will not confirm whether or not such evidence exists. After receiving the government's October 13, 2020, response regarding Count Nineteen, undersigned counsel emailed the government and requested it "confirm that you possess no information regarding the substance of the other charged telephone calls (Counts 6-10, 17, and 18) and are relying solely on an inference that they are related to the scheme to defraud based on the timing of the calls." *Id.*, Exhibit C. Undersigned counsel also confirmed that, "With this confirmation, the issues raised in the motion would be resolved." *Id.*

The government again declined to provide the requested information, claiming that it "is not aware of any mechanisms for requests for admissions or interrogatories in criminal cases"

CR 19-621 EMC
DEFENDANT'S STATUS CONF. STMT.

2

and requesting "authority to support your request, which we do not believe is proper under the pending motion for a bill of particulars." *Id*. Undersigned defense counsel clarified that she was "not asking for an admission or interrogatory but, rather, following up on Judge Chen's statement that the government should disclose the substance of the charged wire fraud transmissions, if known." *Id*.

The government and defense counsel then spoke on the phone and exchanged several emails in an effort to agree on a joint status conference statement. Ultimately, the parties were unable to come to an agreement because the government was unwilling to "adopt wholesale Judge Chen's minute order" without a transcript of the proceedings. Leonida Decl. ¶ 5.

In short, the parties are as far apart regarding Counts Six through Ten and Seventeen through Eighteen today as they were when Mr. Abouammo filed his motion. Because the government has refused to disclose any information regarding the substance of the telephone calls underlying these counts – not even whether the government has information regarding the substance of those calls – Mr. Abouammo respectfully requests, for the reasons set forth in his Motion for a Bill of Particulars and the reply in support thereof, that the Court grant his motion and order the government to provide the substance of the telephone calls underlying Counts Six through Ten and Seventeen through Eighteen or, if applicable, aver that the government has no information regarding the substance of those calls.

Dated: October 14, 2020                                   Respectfully submitted,

                                                          STEVEN G. KALAR
                                                          Federal Public Defender

                                                           /S/
                                                          ELLEN V. LEONIDA
                                                          Assistant Federal Public Defender