STEVEN G. KALAR
Federal Public Defender
ELLEN V. LEONIDA
CARMEN SMARANDOIU
Assistant Federal Public Defenders
450 Golden Gate Avenue, 19th floor
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: ellen_leonida@fd.org

Counsel for Defendant,
AHMAD ABOUAMMO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                                    PLAINTIFF,<br><br>                    v.<br><br>AHMAD ABOUAMMO;<br>ALI ALZABARAH; AND<br>AHMED ALMUTAIRI,<br>                                    DEFENDANTS. | CR 19-621 EMC<br><br>NOTICE OF MOTION AND MOTION TO DISMISS COUNTS FIVE THROUGH FOURTEEN AND TWENTY THROUGH TWENTY-TWO AS TIME BARRED<br><br>HONORABLE EDWARD M. CHEN<br>DATE: JAN. 6, 2021<br>TIME: 2:30 P.M. |

TO:   UNITED STATES OF AMERICA, PLAINTIFF; DAVID ANDERSON, UNITED STATES ATTORNEY; AND COLIN SAMPSON, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on January 6, 2021, or as soon thereafter as counsel may be heard, Defendant Ahmad Abouammo, by and through undersigned counsel, will and hereby does, respectfully move the Court to dismiss Counts Five through Fourteen and Twenty through Twenty-two as time-barred. This motion is based upon Fed. R. Crim. P. 12(b)(1), 18 U.S.C. § 3282, the attached memorandum of points and authorities, the record in this case, and any argument that may occur at the hearing on the motion.

1

Dated: November 18, 2020

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

STEVEN G. KALAR
Federal Public Defender
Northern District of California

_____/S/_____
ELLEN V. LEONIDA
Assistant Federal Public Defender

ii

# TABLE OF CONTENTS

1.   INTRODUCTION ........................................................................................................................1

2.   BACKGROUND..........................................................................................................................1

3.   ARGUMENT ...............................................................................................................................2

     3.1   Counts Five Through Fourteen and Twenty Through Twenty-Two Are Not
           Timely................................................................................................................................3

     3.2   The Government's Filing of the Superseding Information Did Not Toll the
           Statute of Limitations Under 18 U.S.C. § 3282. .............................................................4

           3.2.1   In the Felony Context, the Mere Filing of a Waiverless Information
                   Does Not "Institute" It.........................................................................................6

           3.2.2   *Burdix-Dana* Was Wrongly Decided. ........................................................... 16

     3.3   Section 3288 Does Not Apply and the Challenged Counts Remain Untimely 18

4.   CONCLUSION ......................................................................................................................... 19

CR 19-621 EMC
Mot. to Dismiss Counts as Time Barred

1

## TABLE OF AUTHORITIES

2

3

**Federal Cases**

4

*Davis v. Mich. Dep't of Treasury,*
    489 U.S. 803 (1989) ................................................................................................................... 8

5

6

*Dolan v. U.S. Postal Serv.,*
    546 U.S. 481 (2006) ................................................................................................................... 6

7

*Hernandez v. Williams, Zinman & Parham PC,*
    829 F.3d 1068 (9th Cir. 2016) ................................................................................................... 6

8

9

*Jaben v. United States,*
    381 U.S. 214 (1965) ..................................................................................................... 12, 13, 14

10

*Jones v. United States,*
    529 U.S. 848 (2000) ................................................................................................................. 15

11

12

*Keene Corp. v. United States,*
    508 U.S. 200 (1993) ................................................................................................................... 9

13

14

*Toussie v. United States,*
    397 U.S. 112 (1970) ................................................................................................. 3, 14-15, 15

15

*United States v. Barger,*
    178 F.3d 844 (7th Cir.1999) ..................................................................................................... 3

16

17

*United States v. Bortnovsky,*
    683 F. Supp. 449 (S.D.N.Y. 1988) .................................................................................... 10-11

18

19

*United States v. Burdix-Dana,*
    149 F.3d 741 (7th Cir. 1998) ............................................................................................... 5, 16

20

*United States v. Charnay,*
    537 F.2d 341 (9th Cir. 1976) ................................................................................................... 10

21

22

*United States v. Clawson,*
    104 F.3d 250 (9th Cir. 1996) ................................................................................................... 18

23

*United States v. Clemenic,*
    1988 WL 121575 (N.D. Ill. Oct. 24, 1988) .............................................................................. 7

24

25

*United States v. Gonsalves,*
    675 F.2d 1050 (9th Cir. 1982) ................................................................................................. 15

26

27

*United States v. Holmes,*
    2020 WL 6047232 (N.D. Cal. Oct. 13, 2020) .......................................................................... 5

28

*United States v. Hsin–Yung,*

iv

97 F. Supp. 2d 24 (D.D.C. 2000) ................................................................. 5

*United States v. Machado,*
2005 WL 2886213 (D. Mass. 2005) ........................................................ 5, 8

*United States v. Maciel-Alcala,*
612 F.3d 1092 (9th Cir. 2010) .................................................................. 6

*United States v. Marion,*
404 U.S. 307 (1971) ............................................................................. 3, 15

*United States v. Podde,*
105 F.3d 813 (2d Cir. 1997) ...................................................................... 3

*United States v. Ratcliff,*
245 F.3d 1246 (11th Cir. 2001) ............................................................... 15

*United States v. Scarano,*
975 F.2d 580 (9th Cir. 1992) ..................................................................... 3

*United States v. Sharma,*
2016 WL 2926365 (S.D. Tex. 2016) ...................................................... 5, 8

*United States v. Silver,*
948 F.3d 538 (2d Cir. 2020) ................................................................. 3-4, 4

*United States v. Smith,*
740 F.2d 734 (9th Cir. 1984) ..................................................................... 3

*United States v. Stewart,*
425 F. Supp. 2d 727 (E.D. Va. 2006) ....................................................... 5

*United States v. Teran,*
98 F.3d 831 (5th Cir. 1996) ....................................................................... 7

*United States v. Thomas,*
887 F.2d 1341 (9th Cir. 1989) ................................................................... 3

*United States v. Travis,*
735 F.2d 1129 (9th Cir. 1984) ................................................................... 7

*United States v. Watson,*
941 F. Supp. 601, (N.D.W. Va. 1996) ...................................................... 5

*United States v. Wessels,*
139 F.R.D. 607 (M.D. Pa. 1991) ............................................................... 7

**Federal Statutes**

18 U.S.C. § 951 ........................................................................................ 1

18 U.S.C. § 1343 ......................................................................... 1, 2, 3, 18

18 U.S.C. § 1346 ........................................................................................... 3

18 U.S.C. § 1349 ........................................................................................... 2

18 U.S.C. § 1519 ........................................................................................... 1

18 U.S.C. § 1956 .................................................................................... 1, 2, 3

18 U.S.C. § 3282 .................................................................................... *passim*

18 U.S.C. § 3286 ........................................................................................ 8, 9

18 U.S.C. § 3288 .................................................................................... *passim*

18 U.S.C. § 3289 ........................................................................................... 5

Fed. R. Crim. P. 3 ....................................................................................... 12

Fed. R. Crim. P. 4 ............................................................................... 12, 14-15

Fed. R. Crim. P. 5 ....................................................................................... 12

Fed. R. Crim. P. 7 .................................................................................. *passim*

Fed. R. Crim. P. 12 ........................................................................................ i

Fed. R. Crim. P. 48 ..................................................................................... 18

## Legislative Materials

Pub. L. 88-520, § 1, 78 Stat. 699 (1964) .............................................. 10, 11

Pub. L. 100-690, Title VII, § 7081(a), 102 Stat 4407 (1988) ...................... 11

134 Cong. Rec. S17360-02,
    1988 WL 182529 (1998) ....................................................... 11

## Other Authorities

Black's Law Dictionary 940 (4th ed. 1951) ............................................... 6

Wright & Miller,
    *Federal Practice & Procedure* § 121 & nn. 21-23 (April 2020 update) ................... 7

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**1.  INTRODUCTION**

Mr. Ahmad Abouammo moves to dismiss Counts Five through Fourteen (alleging wire and honest services fraud under 18 U.S.C. §§ 1343 and 1346) and Counts Twenty through Twenty-Two (alleging money laundering under 18 U.S.C. § 1956) of the Superseding Indictment. The conduct alleged in each of these counts occurred between March 8, 2015 and July 17, 2015 – more than five years before the Superseding Indictment was returned on July 28, 2020. Consequently, these counts must be dismissed as time-barred. *See* 18 U.S.C. § 3282.

Moreover, the limitations period was not extended by the government's filing of a Superseding Information on April 7, 2020. The government did not obtain a waiver of indictment from Mr. Abouammo before charging him in an Information. The Superseding Information was, therefore, a legal nullity and has no impact on the applicable limitations period.

**2.  BACKGROUND**

The Superseding Indictment alleges that beginning in November 2014 and ending in December 2015, Mr. Abouammo and his co-defendants accessed Twitter user information and provided that information to an individual associated with the government of the Kingdom of Saudi Arabia ("KSA"), in contravention of Twitter's internal policies, and without registering with the Attorney General. *See* Superseding Indictment ¶¶ 21, 23, 38. The government also alleges that Mr. Abouammo received certain gifts and cash payments in exchange for providing the confidential Twitter user information to the KSA. *Id.* ¶¶ 21, 24.

On November 19, 2019, the government filed its initial indictment charging Mr. Abouammo with two counts—one for acting as an agent of a foreign government without notice to the Attorney General under 18 U.S.C. § 951 and one for falsification of records to obstruct an investigation under 18 U.S.C. § 1519. *See* Indictment ¶¶ 26, 32, Dkt. No. 13. Two other defendants were also charged with violations of 18 U.S.C. § 951. *See id.* ¶¶ 28, 30.

Nearly four months later, on April 7, 2020—without securing the legally mandated waiver from Mr. Abouammo—the government filed a Superseding Information based on the same facts alleged in the original indictment. In addition to repeating the counts charged in the original indictment (Counts One and Twenty-three, respectively), the Superseding Information added one count of conspiracy to commit wire fraud and honest services fraud under 18 U.S.C. § 1349 (Count Four); fifteen substantive counts of wire fraud and honest services fraud, and aiding and abetting the same under 18 U.S.C. §§ 1343, 1346, and 2 (Counts Five through Nineteen); and three counts of money laundering under 18 U.S.C. § 1956(a)(2)(B)(i) (Counts Twenty through Twenty Two). *See* Superseding Information ¶¶ 35-44.

The government could have presented these additional counts to a grand jury at any point after December 2015—the date of the last alleged offense—and until March 16, 2020—when grand jury proceedings were suspended in this District due to the COVID-19 pandemic.[1] But for reasons known only to the government, it failed to do so, eventually filing the waiverless Superseding Information on April 7, 2020.

Grand jury proceedings re-started at some point in June 2020—the exact date has not been made public—at which point the government could *still* have filed timely charges against the defendant for at least some of the conduct underlying the counts at issue here. Yet, the government inexplicably continued to wait for several more weeks—until July 28, 2020—to seek a Superseding Indictment charging the counts at issue here, without adding any new evidence or facts to distinguish the Superseding Indictment from the original indictment.

**3. ARGUMENT**

---

[1] Grand jury proceedings in the District were suspended on March 16, 2020 and resumed in June. N.D. Cal., General Order No. 72, dated March 16, 2020; N.D. Cal., General Order No. 72-3, dated May 21, 2020.

2

### 3.1  Counts Five Through Fourteen and Twenty Through Twenty-Two Are Not Timely

The general federal criminal statute of limitations is five years. 18 U.S.C. § 3282. The purpose of the statute of limitation is "to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past." *Toussie v. United States*, 397 U.S. 112, 114-15 (1970). Such statutes "represent legislative assessments of relative interests of the State and the defendant in administering and receiving justice" and "provide predictability by specifying a limit beyond which there is an irrebuttable presumption that a defendant's right to a fair trial would be prejudiced." *United States v. Marion*, 404 U.S. 307, 322 (1971). While the statute of limitations "may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity," *Toussie*, 397 U.S. at 114-15, "diligence and good faith by the government does not toll or otherwise negate the operation of the statute of limitations." *United States v. Podde*, 105 F.3d 813, 820 (2d Cir. 1997) (quoting *United States v. Gaither*, 926 F.Supp. 50, 53 (M.D. Pa.1996)).

Counts Five through Fourteen, charging violations of 18 U.S.C. §§ 1343, 1346, and Twenty through Twenty-two, charging violations of 18 U.S.C. § 1956, are each subject to the five-year statute of limitations under Section 3282. *See United States v. Thomas*, 887 F.2d 1341, 1349 (9th Cir. 1989) ("Although the statute does not in itself contain a statute of limitations, Congress has provided for a 'catch-all' statute of limitations of five years, 18 U.S.C. § 3282, applicable to those statutes that do not specifically define a limitations period.").

The statute of limitations begins to run when the crime is complete, *i.e.*, when "each element of the crime has occurred." *See United States v. Smith*, 740 F.2d 734, 736 (9th Cir. 1984). For wire and honest services fraud under §§ 1343 and 1346, the critical event for purposes of statute of limitations purposes is the charged use of the wires in furtherance of the alleged scheme. *See*, *e.g.*, *United States v. Scarano*, 975 F.2d 580, 586 (9th Cir. 1992)

3

1  (mail and wire fraud are "complete when the fraudulent matter is placed in the mail or

2  transmitted by wire"); *United States v. Barger*, 178 F.3d 844, 847 (7th Cir.1999) (the statute

3  of limitations for mail fraud begins running on the date of the mailing and not when the

4  criminal scheme is complete). Likewise, for money laundering under § 1956, the critical

5  event is the transfer of funds. *See United States v. Silver*, 948 F.3d 538, 576 (2d Cir. 2020)

6  (holding, in the closely related 18 U.S.C. § 1957 context, that the relevant act for purposes

7  of the statute of limitation is the knowing "deposit, withdrawal, transfer, or exchange of

8  proceeds obtained from a criminal offense").

9  　　　Here, the wire and honest services fraud counts at issue (Counts Five through

10  Fourteen) are based on the defendants' alleged use of the wires that occurred between

11  March 8, 2015 and July 17, 2015. Superseding Indictment ¶ 38. The money laundering

12  counts (Counts Twenty through Twenty-Two) are based on a series of bank transfers that

13  occurred between March 10, 2015 and July 2, 2015. *Id.* at ¶¶ 40, 42. Under a limited tolling

14  agreement entered into by the parties, the statute of limitations for Counts Five and

15  Twenty was tolled from March 8, 2020, to and through April 7, 2020. However, the

16  Superseding Indictment was not returned until July 28, 2020 —more than five years after

17  any of the charged criminal acts underlying the challenged counts, which occurred between

18  March 8 and July 17, 2015. Therefore, the counts are untimely and must be dismissed.

19  　　　**3.2 The Government's Filing of the Superseding Information Did Not Toll the**
**Statute of Limitations Under 18 U.S.C. § 3282.**

20

21  　　　Mr. Abouammo anticipates that the government will argue that its filing of the

22  Superseding Information on April 7, 2020, tolled the statute of limitations. This argument is

23  meritless.

24  　　　Section 3282(a) provides, in pertinent part, "no person shall be prosecuted, tried, or

25  punished for any offense, not capital, unless the indictment is found or *the information is*

26  *instituted* within five years next after such offense shall have been committed." 18 U.S.C. §

27  3282(a) (emphasis added). However, the statute of limitations may be tolled when a

28  superseding indictment is returned within six calendar months of dismissal of a prior

4

*timely* information or indictment. *See* 18 U.S.C. § 3288. As relevant here, § 3288 applies "whenever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired," except "where the reason for the dismissal was the failure to file the indictment or information within the period prescribed by the applicable statute of limitations, or some other reason that would bar a new prosecution." *Id*.[2]

It is indisputable that, if properly "instituted," the Superseding Information would have been timely as to all challenged counts. The question, therefore, is whether the Superseding Information was "instituted" on April 7, 2020 within the meaning of § 3288, despite the fact that Mr. Abouammo never waived prosecution by indictment.

The few courts to have addressed the issue are split. The Seventh Circuit and a handful of district courts which followed its lead have held that that the mere filing of a waiverless information is sufficient to "institute" a prosecution under Section 3282. *See United States v. Burdix-Dana*, 149 F.3d 741, 743 (7th Cir. 1998); *see also United States v. Holmes*, No. 18-CR-00258-EJD, 2020 WL 6047232, at *9-10 (N.D. Cal. Oct. 13, 2020); *United States v. Stewart*, 425 F. Supp. 2d 727 (E.D. Va. 2006)[3]; *United States v. Hsin–Yung*, 97 F. Supp. 2d 24 (D.D.C. 2000); *United States v. Watson*, 941 F. Supp. 601, (N.D.W. Va. 1996). Other district courts have rejected the Seventh Circuit's rationale and holding, and have held the opposite. *See United States v. Sharma*, No. 14-CR-61 (KMH), 2016 WL 2926365, at *2 (S.D. Tex. 2016); *United States v. Machado*, No. Cr. 09-10232, 2005 WL 2886213, at *3 (D. Mass. 2005). For the reasons explained below, *Burdix-Dana* was wrongly decided and the Court should decline to follow it.

---

[2] Section 3288 has a compassion provision, 18 U.S.C. § 3289, which governs the filing of an indictment after the dismissal of an indictment or information charging a felony *before* the expiration of the statute of limitations.

[3] Puzzling, the *Stewart* court acknowledged that "[a] plain and common-sense reading of Rule 7(b) and § 3282 would suggest Defendant has the better argument," but held "the doctrine of stare decisis requires the Court to find that the filing of the criminal information with the clerk's office tolled the statute of limitations" – despite the fact that the Eastern District of Virginia is not part of the Seventh Circuit. *Stewart*, 425 F. Supp. 2d at 731, 734. Here too, neither the Seventh Circuit's decisions nor the decisions of other district courts are binding on the Court.

CR 19-621 EMC
Mot. to Dismiss Counts as Time Barred

### 3.2.1   In the Felony Context, the Mere Filing of a Waiverless Information Does Not "Institute" It

#### 3.2.1.1        Statutory language

To decide what Congress meant by "institute," the Court must start with the statutory text. "A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as taking their ordinary, contemporary, common meaning." *United States v. Maciel-Alcala*, 612 F.3d 1092, 1096 (9th Cir. 2010).

Section 3282 was codified in 1948. *See* Act of June 25, 1948, c. 645, 62 Stat. 683, 828. In 1948, just like today, the main meaning of the verb institute is "[t]o inaugurate or commence; as to institute an action." Black's Law Dictionary 940 (4th ed. 1951). So, in § 3282, the information must have commenced some action in order to toll the statute of limitations. The question is, commence *what*?

To answer this question, the Court must consider the statutory context. "In deciphering the meaning of a statute, [courts] do not look at its words in isolation." *Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1073 (9th Cir. 2016). "Interpretation of a word or phrase depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 486 (2006).

As relevant here, § 3282 provides "*no person shall be prosecuted, tried, or punished for any offense*, not capital, *unless* the indictment is found or *the information is instituted* within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a) (emphasis added). The clause starting with "unless" is a negative conditional clause that modifies the antecedent clause, "*no person shall be prosecuted, tried, or punished for any offense*, not capital."[4] Specifically, the conditional clause sets forth the only circumstances that negate that premise. As such, grammatical structure, logic, and common sense indicate that the condition –"the indictment is found or the information is instituted within five

---

[4] The phrase could be rewritten as follows: "A person may be prosecuted, tried, or punished for any offense, not capital, *only if* the indictment is found or the information is instituted within five years next after such offense shall have been committed."

years "– must be effective in counteracting the interdiction on prosecution, trial and punishment after five years from the crime. In other words, the indictment must be found or the information must be "instituted" such that prosecution, trial, and punishment may proceed or, put otherwise, the indictment must be found or the information must be "instituted" *for the purpose of* prosecution, trial, and punishment.

Section 3282 applies to felonies and misdemeanors alike. In the misdemeanor context, prosecution, trial, and punishment may proceed by information. *See* Fed. R. Cr. P. 58(b)(1). In the felony context, by contrast, a defendant may only be prosecuted, tried, and punished by information where the defendant waives prosecution by indictment. *See* Fed. R. Crim. P. 7(b) ("[a]n offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant—in open court and after being advised of the nature of the charge and of the defendant's rights—waives prosecution by indictment."); *United States v. Travis*, 735 F.2d 1129, 1131 (9th Cir. 1984). In fact, some courts have held that courts lack subject matter jurisdiction over a felony case where the government has not obtained a valid waiver. *See, e.g., United States v. Teran*, 98 F.3d 831, 835 (5th Cir. 1996) ("In the absence of a valid waiver, the lack of an indictment in a felony prosecution is a defect affecting the jurisdiction of the convicting court.") (citing *United States v. Moore*, 37 F.3d 169, 173 (5th Cir. 1994)); *United States v. Wessels*, 139 F.R.D. 607, 609 (M.D. Pa. 1991) ("Unless there is a valid waiver, the lack of an Indictment in a federal felony case is a defect going to the jurisdiction of the court. Without the waiver required by Rule 7(b) of the Federal Rules of Criminal Procedure, an Information charging a felony offense is virtually meaningless."); *United States v. Clemenic*, No. 86 CR 727, 1988 WL 121575, at *3 (N.D. Ill. Oct. 24, 1988), aff'd, 886 F.2d 332 (7th Cir. 1989) ("It is a well-settled rule that, unless there is a valid waiver, the lack of an indictment in a felony case is a defect going to the jurisdiction of the court.") (citing cases). *But see* Wright & Miller, *Federal Practice & Procedure* § 121 & nn. 21-23 (April 2020 update) (questioning whether lack of waiver in

7

felony cases is a jurisdictional defect, but suggesting that it is nonetheless a structural error).

Indeed, "it defies logic and reason that the court may accept an information without waiver for the purpose of applying the statute of limitations, when the same document is 'meaningless' for purposes of subject matter jurisdiction and prosecution." *Machado*, 2005 WL 2886213, at *2 (internal citation omitted). The *Machado* court rejected the government's argument that "something less is required for an information to be 'instituted'" for the purposes of Section 3282 than is required to prosecute a defendant on the charges contained therein. *Id.* It held that there is no meaningful distinction for statutes of limitations purposes between the word "prosecution"—used in Rule 7(b)—and the word "institution"—used in Section 3282. *Id.* Both terms "are commonly used to describe the commencement of a criminal action." *Id.* Accordingly, because a waiverless information is undoubtedly insufficient to "prosecute" a felony defendant, it must similarly be insufficient to "institute" such an action within the limitations period. *Id.* at *3 ("Since an information is the functional and constitutional equivalent of an indictment only when accompanied by a valid waiver of indictment, no reason exists why that rule should not apply in the statute of limitations context."); *see Sharma*, 2016 WL 2926365, at *2 ("[W]hen the indictment is not 'found' within five years the charge cannot be prosecuted. Likewise, when the charge is 'instituted' within five years, the charged party must waive formal indictment within the statutory period, otherwise the charge(s) cannot be prosecuted after limitations is exhausted, with few or exigent exceptions.").

### 3.2.1.2    Statutory context

Tellingly, Congress did not use the word "filed" in § 3282 and, hence, did not provide that the mere filing of an information tolls the statute of limitations, regardless of whether the information charges a felony or a misdemeanor. As the statutory context makes clear, this was not an oversight. *See Davis v. Mich. Dep't of Treasury*, 489 U.S. 803, 809 (1989) ("It

8

is a fundamental canon of statutory construction that the words of a statute must be read in their context and with a view to their place in the overall statutory scheme.").

When Congress codified § 3282 in 1948, it also provided for a one-year statute of limitations for seduction on vessel of United States in 18 U.S.C. § 3286 (since repealed): "No person shall be prosecuted, tried, or punished for seduction in violation of section 2198 of this title unless indictment is found *or the information is filed* within one year after the vessel on which the offense was committed arrives at its port of destination." Act of June 25, 1948, c. 645, 62 Stat. 683, 828 (emphasis added). Thus, Congress knew in 1948 (and still knows) how to write statute of limitations that are satisfied by the mere "filing" of an information.

 "Where Congress includes particular language in one section of a statute but omits it in another . . . , it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Keene Corp. v. United States*, 508 U.S. 200, 208 (1993) (internal quotations omitted). In other words, there is a presumption that, by using "institute" in § 3282 when it used "filed" in § 3286, Congress purposely did not provide that the mere filing of an information will satisfy the statute of limitations in § 3282 regardless of the circumstances.

In fact, Congress's choice to base the statute of limitations for § 2198 on the "filing" of an information reflects careful consideration. Seduction under § 2198 was a *misdemeanor*, punishable by a fine of not more than $1,000 or imprisonment *not more than one year*, or both. *See* Act of June 25, 1948, c. 645, 62 Stat. 683, 802. And in the misdemeanor context, prosecution and trial may proceed by virtue of the mere filing of an information. Congress's decision to provide in § 3286 that the statute of limitations is tolled by the mere filing of an information charging seduction is consistent with this rule.

Unlike § 3286, which governs a specific misdemeanor, § 3282 applies to both misdemeanors and felonies. Its choice to use the word "institute" reflects this broader scope. Thus, while the filing of an information suffices for prosecution and trial in the

9

misdemeanor context, it does not in the felony context. The word "institute" is broader than "file," but specific enough to suggest that the information must be effective to support a prosecution and trial, which requires waiver of indictment in the felony context.

The history of § 3288 confirm this understanding. When codified in 1948, § 3288 allowed for reindictment after the period of limitations expired only if "*the indictment* is dismissed for any error, defect or irregularity with respect to the grand jury, or is found otherwise defective or insufficient for any cause." Act of June 25, 1948, c. 645, 62 Stat. 683, 828 (emphasis added). It was only in 1964 that Congress amended § 3288 to allow for indictment after the period of limitations expired "[w]henever an indictment is dismissed for any error, defect, or irregularity with respect to the grand jury, or an indictment *or information filed after the defendant waives in open court prosecution by indictment* is found otherwise defective or insufficient for any cause…" Pub. L. 88-520, § 1, 78 Stat. 699 (1964) (emphasis added).

In other words, between 1948 and 1964, indictment after the period of limitations expired was *not* permitted under § 3288 if the government relied on *an information* to meet the statute of limitations. Thus, if the government wanted to be able to proceed by information in felony cases, it had to obtain a waiver of indictment in open court. The mere filing of an information would have accomplished nothing: no prosecution and trial, and no extension of the statute of limitations under § 3288. Because of that, in 1948, it would have been absurd for Congress to provide that the statute of limitations can be met in felony cases by the mere filing of an information, which could not sustain a prosecution and trial *or* even an extension of the statute of limitations period in order to obtain an indictment.

Congress's 1964 amendment to § 3288 highlights this point. As noted, for the first time, Congress allowed for indictment after the period of limitations expired if an "*information filed after the defendant waives in open court prosecution by indictment* is found otherwise defective or insufficient for any cause…" Pub. L. 88-520, § 1, 78 Stat. 699 (1964) (emphasis added). But before a dismissed indictment or information may support

10

application of § 3288, it first must support application of § 3282 – that is, it must be timely. *See*, *e.g.*, *United States v. Charnay*, 537 F.2d 341, 354 (9th Cir. 1976) ("[The] underlying concept of § 3288 is that if the defendant was indicted within time, then approximately the same facts may be used for the basis of any new indictment within the next term, if the earlier indictment runs into legal pitfalls.") (internal quotations omitted); *United States v. Bortnovsky*, 683 F. Supp. 449, 451 (S.D.N.Y. 1988) ("What Congress must be saying in 18 U.S.C. § 3288 is that whatever happens to the statute of limitations once an indictment is timely filed, if that timely indictment is dismissed, and the period of limitations would otherwise have run, it is only the statute that permits a new indictment to be filed."). Because of this close relationship between §§ 3282 and 3288, Congress's specification in Pub. L. 88-520 that the information must be "filed after the defendant waives in open court prosecution by indictment" confirms that, in felony cases, waiver of indictment is also required for an information to be timely for § 3282 purposes.[5]

It is true that, in 1988, § 3288 underwent significant rewriting and no longer specifies that the information must be "filed after the defendant waives in open court prosecution by indictment." *See* Pub. L. 100-690, Title VII, § 7081(a), 102 Stat 4407 (1988); 18 U.S.C. § 3288. While the amendment expanded the reasons for dismissal of an indictment or information that would support application of § 3288, there is no indication that the elimination of the relevant language was anything else but a technical rewriting. *See* 134 Cong. Rec. S17360-02, 1988 WL 182529 (1998) (Senate Section Analysis of

---

[5] The legislative history of Pub. L. 88-520 further confirms that Congress understood "institute" to require waiver of indictment in felony cases. *See* Sen. Rep. No. 88-1414, 1964 U.S.C.C.A.N. 3257, 3257-58 (1964) ("The purpose of the proposed legislation is to amend sections 3288 and 3289 of title 18, United States Code, so as to provide that the provisions of those sections will extend to *felony proceedings instituted by information* as well as by indictment. The sections concern cases where a new indictment is returned after a prior indictment has been dismissed, because of an error, defect, or irregularity with respect to the grand jury, or because it has been found otherwise defective. *The amendments would therefore permit reindictment in similar cases where an information was filed after the defendant waived in open court prosecution by indictment.*") (emphasis added).

11

Judiciary Committee Issues in H.R. 5210).[6] Most importantly, Congress did not amend § 3282, which still requires, as it did in 1948, that the information be "instituted." And as already explained, both the statutory language and the statutory context in 1948 compellingly demonstrate that, in the felony context, an information is instituted for statute of limitations purposes only when it is accompanied by waiver of indictment.

### 3.2.1.3    The Supreme Court declined to hold that "institute" means "file" in a similar context.

Supreme Court precedent construing the word "institute" in a different statute of limitations confirms this conclusion. In *Jaben v. United States*, 381 U.S. 214 (1965), the Court interpreted the word "instituted" in the statute of limitations governing felony tax evasion, which provided that "[w]here a complaint is instituted before a commissioner of the United States within the period above limited, the time shall be extended until the date which is 9 months after the date of the making of the complaint before the commissioner of the United States." *Id.* at 215-16 (quoting I.R.C. § 6531). The day before the statute of limitations was to expire, the government filed a complaint against the defendant. *Id.* The complaint stated the essential facts constituting the offense of attempted tax evasion and was made upon oath before a commissioner of the United States, as Rule 3 of the Federal Rules of Criminal Procedure required; a grand jury then returned an indictment after the statute of limitations had expired; and the government invoked the 9-month grace period to argue that the indictment was timely. *Id.* at 216. As relevant here, the government argued that the mere *filing* of a complaint as defined in Rule 3 operated to invoke the 9-month grace period under the relevant statute. *Id.* at 217. Accordingly, the government contended, it was irrelevant whether the complaint was sufficient to trigger further proceedings under Rules 4 and 5 – *i.e.*, whether it showed probable cause, a necessary condition to the issuance of an arrest warrant and a preliminary hearing. *Id.*; *see also* Fed. R. Crim. P. 4, 5.

---

[6] Indeed, as far as Mr. Abouammo can ascertain, the government had not used a waiverless information in a felony case to comply with §§ 3282 and 3288 before 1988.

CR 19-621 EMC
Mot. to Dismiss Counts as Time Barred

1    The Supreme Court emphatically rejected the government's argument. As the Court

2    explained, "[t]he Government would . . . totally ignore the further steps in the complaint

3    procedure required by [the] Rules." 381 U.S. at 217. By ignoring "the requirements of the

4    Rules that follow," the government's position "would deprive the institution of the

5    complaint before the Commissioner of any independent meaning which might rationally

6    have led Congress to fasten upon it as the method for initiating the nine-month extension."

7    *Id.* Although the government correctly pointed out that the Commission would still receive

8    the complaint, ensure that it states sufficient facts to allege an offense, and administer the

9    oath, the Court held that these are "essentially formalities." *Id*. at 218. Instead, the

10   Commissioner's fundamental functions "are to make the judgment that probable cause

11   exists and to warn defendants of their rights." *Id*.

12   More importantly, "the evident statutory purpose of the nine-month extension

13   provision is to afford the Government an opportunity to indict criminal tax offenders in the

14   event that a grand jury is not in session at the end of the normal limitation period," and

15   "was not meant to grant the Government greater time in which to make its case (a result

16   which could have been accomplished simply by making the normal period of limitation six

17   years and nine months)." *Id*. at 219. By contrast, the government's interpretation "provides

18   no safeguard whatever to prevent the Government from filing a complaint at a time when it

19   does not have its case made, and then using the nine-month period to make it." *Id.* at 220.

20   The Court highlighted the dangerous implications of the government's position:

> [I]t follows from its position that once having filed a complaint,
> the Government need not further pursue the complaint
> procedure at all, and, in the event that the defendant pressed
> for a preliminary hearing and obtained a dismissal of the
> complaint, that the Government could nonetheless rely upon
> the complaint . . . as having extended the limitation period.

*Id.* at 218.

Rejecting the government's position, the Court interpreted the word "instituted" to

require that the complaint be "adequate *to begin effectively* the criminal process prescribed

by the Federal Criminal Rules." *Id*. at 220 (emphasis added). Thus, only a complaint that

13

was "sufficient to justify the next steps in the process – those of notifying the defendant and bringing him before the Commissioner for a preliminary hearing" – could invoke the nine-month grace period. *Id*; *see also id.* at 227 (Goldberg, J., concurring in part and dissenting in part) ("[T]he view that I would accept as correct is that the only complaint that tolls the statute is one that begins effectively the criminal process prescribed by the Federal Rules."). The Court thus proceeded to determine whether the complaint showed probable cause and, concluding that it did, it held that the government had properly invoked the nine-month grace period. *Id.* at 225 (majority op.).

*Jaben* requires rejecting the government's argument that the filing of an information without the defendant's waiver of indictment satisfies, and thus tolls, the statute of limitations under § 3282. In *Jaben*, the Court was concerned that the government's interpretation of the word "institute" threatened to reduce the Commissioner's function to rubberstamping the complaint. Here, too, interpreting "institute" to mean "file" would deprive both defendants and courts of their unique roles in felony prosecutions: defendants, as the *only* actors who may authorize a felony prosecution and trial by information, by waiving in open court the Fifth Amendment right to indictment by the grand jury, and courts, as the actors entrusted to ensure that the defendants' waiver of this constitutional guarantee is knowing and voluntary. *See* Fed. R. Crim. P. 7(b). As in *Jaben*, then, the Court should hold that, in order for § 3282 to apply, the information "must be adequate to begin effectively" the prosecution and trial – that is, it requires the defendant's waiver.

Interpreting "institute" as "file" in § 3282 would also produce the very same concerns that motivated the Court in *Jaben* to reject that position. The Court explained that the nine-month grace period was not intended "to grant the Government greater time in which to make its case (a result which could have been accomplished simply by making the normal period of limitation six years and nine months)." *Jaben*, 381 U.S. at 219. By construing "instituted" to mean the filing of the complaint supported by probable cause, thus satisfying

Rules 4 and 5, the Court read the statute to require a "safeguard" "to prevent the Government from filing a complaint at a time when it does not have its case made." *Id.* at 220. Construing "instituted" in § 3282 to mean the mere filing of an information—absent the defendant's consent—would provide no "safeguard" whatsoever. It would give the government free reign to extend the statute of limitations, on its own, any time it has not yet proven its case to a grand jury within the five-year limitations period. As the Court observed in *Jaben*, if Congress had intended to accomplish that radical result, it would have said so expressly, rather than through the use of the word "instituted."

### 3.2.1.4 Statutes of limitations must be "liberally interpreted in favor of repose"

Finally, if any doubt remained, the well-established principle that "criminal limitations statutes are to be liberally interpreted in favor of repose" would require adopting Mr. Abouammo's reading of the statute. *Toussie*, 397 U.S. at 115 (internal quotation omitted) (citing *United States v. Habig*, 390 U.S. 222, 227 (1968)) (applying principle to hold that the continuing offense doctrine should only apply if "explicit language of the substantive statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one."); *see also United States v. Gonsalves*, 675 F.2d 1050, 1055 (9th Cir. 1982) (applying that principle to hold that 18 U.S.C. § 3290, which provides for the tolling of the statute of limitations while an accused is fleeing from justice, does not apply when an accused makes a good-faith effort to surrender).[7] This principle is grounded in the basic purpose of criminal statutes of limitations: "to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past." *Toussie*, 397 U.S. at 114-15. Construing § 3282 to permit the government to toll the statute of limitations by

---

[7] A construction favoring repose is also supported by the rule of lenity and, in light of the constitutional implications of § 3282, the canon of constitutional avoidance. *See Jones v. United States*, 529 U.S. 848, 857-58 (2000) (setting forth the two canons of statutory interpretation).

filing a felony information without the defendant's consent, dismiss it at its convenience or force the defendant to move for dismissal based on lack of waiver, then file an indictment within 6 months of the dismissal under § 3288, would automatically extend the statute of limitations by at least six months in every felony case that the government desires to do so. This result undermines the very purpose of § 3282.

This principle should apply with special force here in light of the constitutional implications of a contrary rule. The requirement of a grand-jury indictment for felonies is protected by the Fifth Amendment and may be excused in only one situation: where the defendant consents. Similarly, "[t]he policies underlying the statutes of limitation are 'grounded in concepts of due process.'" *United States v. Ratcliff*, 245 F.3d 1246, 1252 (11th Cir. 2001) (quoting *United States v. O'Bryant*, 998 F.2d 21, 24 (1st Cir.1993)). Indeed, statutes such as § 3282 "specify[] a limit beyond which there is an irrebuttable presumption that a defendant's right to a fair trial would be prejudiced." *Marion*, 404 U.S. at 322.

Mr. Abouammo's reading of § 3282 protects these constitutional rights by ensuring that, within five years of the commission of an offense, the government must either persuade a grand jury to return an indictment or persuade the defendant to waive his right to indictment. The government's reading, by contrast, would permit the government to extend the statute of limitations unilaterally, even when it has not made its case, by the expedient of filing an information without the defendant's consent. That is not, and cannot be, the law.

### 3.2.2 *Burdix-Dana* Was Wrongly Decided.

As noted above, the Seventh Circuit held in *Burdix-Dana* that the mere filing of an information serves to "institute" it under § 3282. To so hold, the Seventh Circuit explained that it did "not believe that the absence of this waiver [of indictment] makes the filing of an information a nullity." *Burdix-Dana*, 149 F.3d at 742. It explained that Rule 7(b) "does not forbid filing an information without a waiver; it simply establishes that prosecution may

CR 19-621 EMC
Mot. to Dismiss Counts as Time Barred

not proceed without a valid waiver." *Id*. In its view, Rule 7(b) "concerns itself with the requirements that the government must satisfy before it proceeds with a prosecution" and did "not see how this rule affects the statute governing the limitation period." *Id*. at 742-43. "There is nothing in the statutory language of 18 U.S.C. § 3282 that suggests a *prosecution* must be instituted before the expiration of the five year period; instead the statute states that the *information* must be instituted." *Id*. at 743 (emphasis in original).

Finally, the Seventh Circuit acknowledged the troubling policy concerns that its interpretation raised but dismissed them. It observed that "by equating 'instituted' with 'filed' and then applying 18 U.S.C. § 3288, we have allowed prosecutors to file an information, wait indefinitely, then present the matter to a grand jury well beyond the statute of limitations but within six months of the dismissal of the information." *Id*. at 743. The court downplayed that problem, however, because the defendant does not have to "rest[] on her rights" and could instead move for dismissal of the information. *Id*.

The Seventh Circuit's cursory analysis was flawed. The Seventh Circuit failed to consider both the immediate and the larger statutory context for the word "institute" at the time of § 3282's codification, instead reading the word in isolation. It failed to appreciate that an information must be "instituted" *for the purpose of* prosecution and trial, as § 3282 requires. It failed to appreciate that when Congress based the statute of limitations on the mere filing of an information, it said so explicitly – by using the word "file." It also failed to appreciate that interpreting "institute" to mean "file" in felony cases would have led to an absurd result, under which the mere filing of an information would have tolled the statute of limitations, but could not have supported a prosecution because of the lack of waiver and because the government could not, until 1964, file an indictment after the dismissal of an information under § 3288.

The Seventh Circuit also relegated *Jaben* to a footnote, ignored the analysis in that case, and simply declared without any explanation that "[t]he considerations that led the

Court to its conclusion in *Jaben* were specific to the statute under review, and therefore the case is distinguishable from the one we currently address." *Id.* at 742 n.1.

Finally, the Seventh Circuit ignored the principle that criminal statutes of limitations must be liberally construed in favor of repose. In fact, it got the law backwards, noting that "since the statutory language does not compel the result Burdix-Dana seeks, this argument is better presented to Congress than this Court." *Id.* at 743.

In short, *Burdix-Dana* was incorrectly decided. The Court should therefore decline to follow its lead and hold, for the reasons discussed above, that a felony information is "instituted" for § 3282 purposes only when accompanied by a waiver of indictment in open court, as Rule 7(b) requires. Because the Superseding Information in Mr. Abouammo's case was not accompanied by his waiver, it did not toll the statute of limitations, and Counts Five through Fourteen and Twenty through Twenty-Two are time-barred.

### 3.3   Section 3288 Does Not Apply and the Challenged Counts Remain Untimely

Even assuming that the Superseding Information tolled the statute of limitations under § 3282, the challenged counts are still untimely. Thus, § 3288 "*does not permit the filing of a new indictment or information where the reason for the dismissal was* the failure to file the indictment or information within the period prescribed by the applicable statute of limitations, or *some other reason that would bar a new prosecution*." 18 U.S.C. § 3288.

The Ninth Circuit construes this phrase to "cut[] off the six-month grace period" for the government "where the defect – whether it's a limitation problem 'or some other' problem – is not capable of being cured." *United States v. Clawson*, 104 F.3d 250, 252 (9th Cir. 1996) (citation omitted). Here, the government dismissed the Superseding Information under Rule 48(a). Dkt. No. 52. Although the government did not explain why, the reasons are obvious: it had failed to obtain Mr. Abouammo's waiver of indictment, a fatal defect that foreclosed prosecution on the newly-added charges; had secured the Superseding Indictment; and was seeking the benefit of § 3288. *See id.*

18

Dismissal of a felony information for lack of waiver, however, is a defect not capable of being cured: the government can never charge and prosecute felonies by information without a defendant's consent. And while the government can secure an indictment, that indictment would not cure a previous waiverless information, but it would be a distinct charging document, subject to distinct requirements, starting with the requirement of a properly empaneled grand jury. Accordingly, the Court should hold that, even assuming that the Superseding Information tolled the statute of limitations under § 3282, the challenged counts are still untimely.

**4. CONCLUSION**

In enacting 18 U.S.C. §§ 3282 and 3288, Congress plainly did not intend to allow the government to effectively eliminate the statutory limitations periods in felony cases at its will, by the simple expedient of a filing of a waiverless information. This Court should instead hold that, in order for a felony information to be "instituted," it must be accompanied by the defendant's waiver of indictment – the only interpretation that comports with the statute's plain language, common sense, and equity – and dismiss Counts Five through Fourteen and Twenty through Twenty-Two as time-barred.

///

///

Dated: November 18, 2020

Respectfully submitted,
STEVEN G. KALAR
Federal Public Defender

\_\_\_\_/S/_____
ELLEN V. LEONIDA
Assistant Federal Public Defender