STEVEN G. KALAR
Federal Public Defender
ELLEN V. LEONIDA
Assistant Federal Public Defender
450 Golden Gate Avenue, 19th floor
San Francisco, CA 94102
Telephone: (415) 436-7700
Facsimile: (415) 436-7706
Email: ellen_leonida@fd.org

Counsel for Defendant,
AHMAD ABOUAMMO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>            PLAINTIFF,<br><br>v.<br><br>AHMAD ABOUAMMO;<br>ALI ALZABARAH; AND<br>AHMED ALMUTAIRI,<br>            DEFENDANTS. | CR 19-621 EMC<br><br>DEFENDANT'S MOTION RE. GOVERNMENT'S CLASSIFIED DISCOVERY OBLIGATIONS<br><br>HONORABLE EDWARD CHEN<br>DATE: JAN. 6, 2021<br>TIME: 2:30 P.M. |

TO: UNITED STATES OF AMERICA, PLAINTIFF; DAVID ANDERSON, UNITED STATES ATTORNEY; AND COLIN SAMPSON, ASSISTANT UNITED STATES ATTORNEY:

PLEASE TAKE NOTICE that on Jan. 6, 2021, or as soon thereafter as counsel may be heard, Defendant Ahmad Abouammo, by and through undersigned counsel, will move the Court to order the government to: (1) make a record of the steps it has taken to satisfy its discovery obligations with respect to classified information; (2) order the government to produce any classified materials that are discoverable, subject to the three modes of disclosure outlined in CIPA Section 4; and (3) deny the government's request to withhold from discovery the classified material referenced in its CIPA Section 4 notice. This motion is based on the below memorandum of points and authorities, the record in this case, and any other matters that the Court deems appropriate.

CR 19-621 EMC
Def. Mot. for Relief re. CIPA

1

| | |
|---|---|
| Dated: November 18, 2020 | Respectfully submitted, |
| | STEVEN G. KALAR<br>Federal Public Defender<br>Northern District of California |
| | _____/S/_____<br>ELLEN V. LEONIDA<br>Assistant Federal Public Defender |

CR 19-621 EMC
Def. Mot. for Relief re. CIPA

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. THE GOVERNMENT SHOULD BE ORDERED TO MAKE A RECORD OF THE STEPS IT HAS TAKEN TO SATISFY ITS DISCOVERY OBLIGATIONS

The government should document the steps it has taken to satisfy its Rule 16, *Brady*, and *Jencks* obligations (collectively, "Discovery Obligations") relating to classified information. "While the government must safeguard classified information in the interest of national security, 'courts must not be remiss in protecting a defendant's right to a full and meaningful presentation of his claim to innocence.'" *United States v. Sedaghaty*, 728 F.3d 885, 903 (9th Cir. 2013) (quoting *United States v. Fernandez*, 913 F.2d 148, 154 (4th Cir. 1990)).

There are two compelling justifications to order the government to create a record of its efforts to identify classified discovery. First, it would assist the Court in carrying out its unique role in a case involving classified discovery, where, as here, the defendant is effectively excluded from the discovery process and unable to identify shortcomings in the government's disclosures. As the Court is aware, CIPA establishes an especially significant role for the court in assessing classified discovery and determining how, if at all, it should be disclosed to the defense: CIPA requires the Court to issue a protective order, review classified material and filings (usually *ex parte*), and resolve requests for relief. *See* 18 U.S.C. app. 3 §§3-4, 6. Under these unique circumstances, the Court would benefit from a clear record of the government's discovery conduct.

Second, a record of the steps the government has taken to fulfil its discovery obligations would enable effective post-trial review of the government's discovery conduct and the Court's related rulings. Courts have relied on similar records in identifying failures by prosecutors in gathering and disclosing classified materials. *See, e.g.*, *Sedaghaty*, 728 F.3d at 905-6 (vacating conviction where government omitted from a summary of classified discovery "facts helpful to [the defendant's] defense" and noting that "the government appears to have looked with tunnel vision at limited issues that it believed were relevant");

CR 19-621 EMC
Def. Mot. for Relief re. CIPA

3

*United States v. Nejad*, 2020 WL 5549931, at *5-6 (S.D.N.Y. Sept. 16, 2020) (vacating conviction based on discovery errors, including where "the prosecutors on this case did not learn of the [classified FBI] report until an AUSA conducted an 'on-site personal review of the FBI case file' in mid-May 2020, two months after trial," and observing that this and similar errors "may well have gone undetected in countless other[]" cases); *United States v. Koubriti*, 336 F. Supp. 2d 676, 678 (E.D. Mich. 2004) (vacating terrorism convictions where prosecution team intentionally concealed classified *Brady* material, leading to the eventual indictment of the lead DOJ prosecutor on obstruction of justice charges).

Here, it appears that the government should reasonably have taken, at a minimum, two steps to satisfy their classified Discovery Obligations: (i) reviewing the classified files of any FBI agents or other individuals involved in the investigation and prosecution of this case; and (ii) conducting a prudential search of intelligence community ("IC") files, which DOJ policy dictates should take place whenever an intelligence agency has been an "active participant" in the investigation of a case *or* where "because of the known facts and nature of the case, [IC files] should be searched as a function of fairness to the defendant." U.S. Dep't of Justice, U.S. Attorneys' Manual: Criminal Resource Manual § 2052, https://www.justice.gov/archives/jm/criminal-resource-manual-2052-contacts-intelligence-community-regarding-criminal-investigations; *see generally United States v. Brooks*, 966 F.2d 1500, 1503 (D.C. Cir. 1992) (the government's duty to search extends to files held by other branches of government "closely aligned with the prosecution") (collecting cases).

At present, the defense and—to the best of our knowledge—the Court has not been informed of any steps the government has taken to search for classified discovery. Given the Court's enhanced role in the classified discovery process, and potential post-trial scrutiny of the government's conduct, there is no reason to keep the Court and Mr.

CR 19-621 EMC
Def. Mot. for Relief re. CIPA

4

Abouammo "in the dark" about what steps the government has, or has not, taken to satisfy its Discovery Obligations.

### 2. THE GOVERNMENT SHOULD PRODUCE DISCOVERABLE CLASSIFIED MATERIALS AS PROVIDED IN CIPA

The Court should direct the government to produce any classified materials that are discoverable under Rule 16, subject to the three modes of disclosure outlined in CIPA Section 4. In other words, the Court should not limit the government's classified discovery obligations merely to those materials that the government has deemed "relevant and helpful" to Mr. Abouammo's defense and should instead order the government to comply with Rule 16 as well as the plain language of CIPA Section 4.

Section 4 provides that the court "may authorize the United States to *delete* specific items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to *submit a summary* of the information for such classified documents, or to *substitute a statement* admitting relevant facts that the classified information would tend to prove." Section 4 "is not intended to affect the discovery rights of a defendant" under Rule 16. H.R. Rep. No. 96-831, pt. 1, at 27 (1980).

While the Ninth Circuit and several other circuits have adopted the "relevant and helpful" standard for determining whether classified discovery must be disclosed to the defense, *see, e.g.*, *Sedaghaty*, 728 F.3d at 905, that standard is impracticable and unfairly constrains the defendant's right to a fair trial. Rule 16 provides that information is discoverable when it is material to preparing the defense—including both inculpatory and exculpatory information. The "relevant and helpful" standard creates an additional obstacle unique to classified discovery: the defendant, without knowing the information at issue, must somehow establish its "helpfulness" to his defense. The unfairness inherent in this standard is reflected in the examples of prosecutors failing to appreciate the helpful nature of particular pieces of discovery, as referenced above.

CR 19-621 EMC
Def. Mot. for Relief re. CIPA

5

The "relevant and helpful" standard is also inconsistent with the plain language of CIPA. CIPA itself is straightforward – it requires the government to produce any classified material that is otherwise discoverable under Rule 16. The statute "does not expand or restrict established principles of discovery and does not have a substantive impact on the admissibility of probative evidence." *Sedaghaty*, 728 F.3d at 903.

Here, the government is asking the Court to apply this standard to delete what appears to be Rule 16 material. By filing a Section 4 notice and proposed order deleting the material, the government is effectively conceding that the material at issue is, in fact, discoverable. 18 U.S.C. App. III, § 4; *United States v. Libby*, 429 F. Supp. 2d 18, 22 (D.D.C.), *opinion amended on reconsideration*, 429 F. Supp. 2d 46 (D.D.C. 2006) ("By its terms, Section 4 applies only after it has been determined that documents are discoverable."). The Court should decline to permit the government to delete discoverable information on the basis of the prosecutors' view of what is helpful to the defense.

To the extent the Court is nevertheless inclined to apply the "relevant and helpful" standard, Mr. Abouammo requests an opportunity to convey to the Court—on an *ex parte* basis—Mr. Abouammo's current view of his potential defenses and what materials may be "helpful" to him. The government's approach to classified discovery—opining in a vacuum on what may or may not be helpful to the defense—is not the most effective method to assist the Court with the ruling sought by the government in its Section 4 Notice. *See, e.g.*, *United States v. Amawi*, 695 F.3d 457, 471 (6th Cir. 2012) (absent the benefit of "the adversarial process, we must place ourselves in the shoes of defense counsel, the very ones that cannot see the classified record, and act with a view to their interests"); *see generally United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 55 (1993) ("[F]airness can rarely be obtained by secret, one-sided determination of facts decisive of rights…"); *Guenther v. Comm'r of Internal Revenue*, 889 F.2d 882, 884 (9th Cir. 1989) ("[E]*x parte* proceedings are anathema in our system of justice.") (internal citation omitted).

CR 19-621 EMC
Def. Mot. for Relief re. CIPA

6

Consistent with the approach taken by courts that regularly handle criminal cases involving classified discovery, the Court should schedule *ex parte* conferences with both the government and the defense to gain an understanding of the likely defenses and types of "helpful" evidence before it resolves the government's Section 4 request. *See*, *e.g.*, *United States v. Schulte*, 17-548 PAC (S.D.N.Y. July 22, 2019), Dkt. 124 (order stating that court met with defense counsel on an *ex parte* basis to "learn about Schulte's defense and discovery needs" in advance of resolving the government's Section 4 motion); *United States v. Fawwaz, et al.*, 98-1023 LAK (S.D.N.Y. Aug. 19, 2013), Dkt. 1284 (order stating that, in connection with the court's review of the government's Section 4 motion, the court will "meet *ex parte* with the government … to be informed in general terms of the proof the government plans to present at trial. The purpose is to permit the Court to be better informed to make the judgments called for by the government's CIPA motion. Absent objection from the government, the Court then will meet *ex parte* with the defense to be better informed of the defenses they plan to present for the same purpose, provided of course that the defense elects to share that information. The *ex parte* proceedings will be recorded by a court stenographer and the transcripts will be filed in due course."); *United States v. Ghailani*, 98-1023 LAK (S.D.N.Y. October 14, 2009), Dkt. 797 (same).

### 3. THE COURT SHOULD DENY THE GOVERNMENT'S REQUEST TO WITHHOLD DISCOVERY

Finally, the Court should deny the government's request to *withhold* from discovery the classified material referenced in its Section 4 notice and proposed order. The court's ability to *delete* classified portions of discovery pursuant to CIPA Section 4 is distinct from the request to withhold discoverable material in its entirety. Specifically, while CIPA Section 4 allows the government to request permission to "delete specific items of classified information from documents," the statute – as the government acknowledges – does not authorize the government to withhold entirely information that is discoverable.

Therefore, the government's request to withhold the material must be separately analyzed under Federal Rule of Criminal Procedure 16(d)(1), which requires the

CR 19-621 EMC
Def. Mot. for Relief re. CIPA

7

government to establish "good cause" for its request. As the Court is aware, the government's concerns under Rule 16(d)(1) are typically addressed through means far less drastic than withholding discovery in its entirety, such as protective orders, redactions, or other methods that would still enable the defense to obtain the material in question. Accordingly, we ask that the Court deny the government's request to withhold the discoverable material in its entirety, to the extent there is an alternative method of addressing the government's concerns that also considers the defendant's rights.

### 4. CONCLUSION

For the foregoing reasons, Mr. Abouammo requests that the Court order the government to make a record of the steps it has taken to satisfy its discovery obligations with respect to classified information and produce any classified materials that are discoverable, subject to the three modes of disclosure outlined in CIPA Section 4. Additionally, the Court should deny the government's request to withhold from discovery the classified material referenced in its CIPA Section 4 notice.

Dated: November 18, 2020

Respectfully submitted,
STEVEN G. KALAR
Federal Public Defender

/S/
ELLEN V. LEONIDA
Assistant Federal Public Defender

CR 19-621 EMC
Def. Mot. for Relief re. CIPA

8