DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

COLIN C. SAMPSON (CABN 249784)
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Colin.Sampson@usdoj.gov

JOHN C. DEMERS
Assistant Attorney General
National Security Division

BENJAMIN J. HAWK (NJBN 030232007)
Trial Attorney, National Security Division
    950 Pennsylvania Avenue NW
    Washington, DC 20530-0001
    Telephone: (202) 307-5176
    Benjamin.Hawk@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 19-621 EMC |
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT' MOTION TO DISMISS (STATUTE OF LIMITATIONS), ECF. NO. 83 |
| v. | |
| AHMAD ABOUAMMO, | Date: January 6, 2021<br>Time: 2:30 p.m.<br>Courtroom: 5, 17th Floor |
| Defendant. | |

# **TABLE OF CONTENTS**

I.   THE COMPLAINT, INDICTMENT, AND FIRST SUPERSEDING INFORMATION ... 1

   a.  The Complaint and Indictment .................................................................................. 1

   b.  Tolling and Suspension of the Grand Jury and the First Superseding Information ... 1

   c.  The First Superseding Indictment .............................................................................. 2

II.  APPLICABLE LAW ....................................................................................................... 2

III. ARGUMENT .................................................................................................................... 4

   a.  Counts Four Through Fourteen Are Timely ............................................................. 4

IV. CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

Cases

*Jaben v. United States*,
    381 U.S. 214 (1965) ........................................................................................................... 8
*United States v. Burdix-Dana*,
    149 F.3d 741 (7th Cir. 1998) ........................................................................................ 3, 6
*United States v. Clawson*,
    104 F. 3d 250 (9th Cir. 1996) ......................................................................................... 10
*United States v. Cooper*,
    956 F.2d 960 (10th Cir. 1992) ......................................................................................... 3
*United States v. Habig*,
    390 U.S. 222 (1968) ......................................................................................................... 6
*United States v. Hsin–Yung*,
    97 F.Supp.2d 24 (D.D.C. 2000) .................................................................................. 4, 7
*United States v. Marifat*,
    No. 17-CR-189, 2018 WL 1806690 (E.D. Cal. Apr. 17, 2018) ........................................ 7
*United States v. Pennant*,
    No. 04-CR-828, 2009 WL 364974 n.7 (E.D. Pa. Feb. 11, 2009) ..................................... 7
*United States v. Stewart*,
    425 F. Supp. 2d 727 (E.D. Va. 2006) .......................................................................... 4, 6
*United States v. Watson*,
    941 F. Supp. 601 (N.D. W. Va. 1996) ........................................................................ 4, 7
*United States v. Wilsey,*
    458 F.2d 11 (9th Cir. 1972) ............................................................................................ 10

Statutes

18 U.S.C. § 951 ........................................................................................................................ 1
18 U.S.C. § 1349 ...................................................................................................................... 2
18 U.S.C. § 1519 ...................................................................................................................... 1
18 U.S.C. § 3282 ............................................................................................................ 1, 9, 11
18 U.S.C. § 3282(a) ................................................................................................................. 2
18 U.S.C. § 3288 ............................................................................................................ 6, 9, 10
18 U.S.C. § 1343 ...................................................................................................................... 2

The government respectfully submits its Opposition to Defendant Ahmad Abouammo's Motion to Dismiss Counts Four through Fourteen and Twenty through Twenty-Two (hereafter "Def. Mot."), asserting that the applicable statute of limitations, 18 U.S.C. § 3282, bars prosecution of those offenses. *See* Dkt. 83.[1]  For the reasons that follow, during a period that the Grand Jury was suspended, the government filed a Superseding Information (Dkt. 42) charging Defendant with additional offenses within the applicable five-year statute of limitations and thereafter dismissed the Information on the eve of the reconvened Grand Jury's return of an identical Superseding Indictment (Dkt. 53).  As a result, Counts Four through Fourteen and Twenty through Twenty-Two should not be dismissed, as they were instituted before the expiration of the applicable statute of limitations contained in 18 U.S.C. § 3282.

## I. THE COMPLAINT, INDICTMENT, AND FIRST SUPERSEDING INFORMATION

### a. The Complaint and Indictment

On November 5, 2019, a Complaint was issued charging Defendant Abouammo and two co-defendants – Ali Alzabarah and Ahmed Almutairi – with acting as agents of a foreign government without notifying the Attorney General, in violation of 18 U.S.C. § 951.  Dkt. 1. Defendant Abouammo also was charged with falsification of records, in violation of 18 U.S.C. § 1519.  *Id*.  Defendant Abouammo was arrested on the same day.  Warrants have been issued for the arrests of Defendants Alzabarah and Almutairi, who are believed to be in Saudi Arabia.

On November 19, 2019, the Grand Jury returned an Indictment, which charged the same offenses alleged in the Complaint.  Dkt. 13.

### b. Tolling and Suspension of the Grand Jury and the First Superseding Information.

Defendant and the government entered into a tolling agreement between March 8, 2020 and April 7, 2020, for uncharged conduct.  *See* Def. Mot., p. 20.  On March 16, 2020, the District

---

[1] Citations to Defendant's Motion to Dismiss refer to the header ("ECF") page number on such documents.

U.S.' OPP, TO MOT. TO DISMISS RE:
STATUTE OF LIMITATIONS, 19-CR-621 EMC        1

1   Court suspended the Grand Jury in the Northern District of California. *See* General Order 72, IN
2   RE: Coronavirus Disease Public Health Emergency (adopted Mar. 16, 2020) (providing "[a]ll
3   grand jury proceedings in this district are suspended until May 1, 2020); *and* General Order 72-2,
4   IN RE: Coronavirus Disease Public Health Emergency (adopted Apr. 30, 2020) (providing "[a]ll
5   grand jury proceedings in this district are suspended until June 1, 2020").

On April 7, 2020, after the Grand Jury was suspended due to COVID-19, the government filed a Superseding Information, charging the defendants with the same counts from the Indictment, as well as one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, and fifteen substantive counts of wire fraud, in violation of 18 U.SC. §§ 1343 and 1346. Dkt. 42. Defendant Abouammo was also charged with three counts of international money laundering, in violation of 18 U.S.C. § 1956(a)(2)(B)(i). *Id*.

### c. The First Superseding Indictment

The Grand Jury resumed on or about June 16, 2020. S*ee, e.g., United States v. Music*, 4:20-cr-00239-YGR, Dkt. 8, p. 2 (Indictment returned June 18, 2020). On July 28, 2020, after the Grand Jury was allowed to resume in limited capacity, it returned a Superseding Indictment, charging the same offenses alleged in the Superseding Information.[2] Dkt. 53.

## II.   APPLICABLE LAW

Section 3282, Title 18, United States Code is the applicable statute of limitations. It states, in pertinent part, that "no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a).

Section 3288, Title 18, United States Code, provides:

> [w]henever an indictment or information charging a felony is dismissed for any reason after the period prescribed by the applicable statute of limitations has expired, a new indictment may be returned in the appropriate jurisdiction within six calendar months of the date of the dismissal of the indictment or information, or, in the event of an appeal, within 60 days of the date the dismissal of the

---

[2] Counts Six through Eleven have been reordered in the First Superseding Indictment. Dkt. 53, p. 15.

U.S.' OPP, TO MOT. TO DISMISS RE:
STATUTE OF LIMITATIONS, 19-CR-621 EMC         2

> indictment or information becomes final, or, if no regular grand jury is in session in the appropriate jurisdiction when the indictment or information is dismissed, within six calendar months of the date when the next regular grand jury is convened, which new indictment shall not be barred by any statute of limitations.

The statute further "does not permit the filing of a new indictment or information where the reason for the dismissal was the failure to file the indictment or information within the period prescribed by the applicable statute of limitations, or some other reason that would bar a new prosecution." *Id.*

The Fifth Amendment and Rule 7 of the Federal Rules of Criminal Procedure require that offenses punishable by imprisonment for more than one year be prosecuted by indictment, absent a waiver. The filing of an information is not without legal effect, however, simply because the defendant will not waive indictment. To the contrary, "Rule 7(b) does not forbid filing an information without a waiver; it simply establishes that prosecution may not proceed without a valid waiver." *United States v. Burdix-Dana*, 149 F.3d 741, 742 (7th Cir. 1998) (citing *United States v. Cooper*, 956 F.2d 960, 962 (10th Cir. 1992)). As the Seventh Circuit has stated, "we do not believe that the absence of [a] waiver makes the filing of an information a nullity." *Id.* More recently, Judge Davila issued an Order stating "[i]t is beyond dispute that, absent a waiver of indictment, the filing of an information in a felony case would not empower the Government to 'prosecute' the defendant—i.e., to bring the defendant to trial or accept a guilty plea.[. . . ] It does not follow, however, that an information must be effective for all prosecutorial actions in order for it to toll the statute of limitations." *United States v. Elizabeth Holmes, et al.*, 18-CR-258-EJD, Dkt. 551, p. 15 (N.D. Cal. Oct. 13, 2020) (denying motion to dismiss superseding information on statute of limitations grounds) (*citing Burdix-Dana*, 149 F.3d at 741 (7th Cir. 1998) ("We hold that the filing of the information is sufficient to institute it within the meaning of 18 U.S.C. § 3282.")). Other courts have reached similar conclusions. *See Cooper*, 956 F.2d at 960 (10th Cir. 1992) ("Rule 7(b) does not prohibit the filing of an information in the absence of waiver of indictment by the defendant. Instead, the rule proscribes prosecution without waiver. Therefore, the information could have been filed within the period of limitations, thus

providing a valid basis for the prosecution."); *United States v. Marifat*, 17-0189-WBS, 2018 US Dist. LEXIS 65497 at *2-3 (E.D. Cal. Apr. 17, 2018) (following *Burdix-Dana*); *United States v. Briscoe*, No. 1:20-CR-0139-RDB, ECF No. 35 at *5 (D. Md. Aug. 26, 2020) ("An information is 'instituted' when it is properly filed, regardless of the Defendant's waiver."); *United States v. Hsin–Yung*, 97 F.Supp.2d 24, 28 (D.D.C. 2000) (same); *United States v. Stewart*, 425 F. Supp. 2d 727, 731-35 (E.D. Va. 2006) (same); and *United States v. Watson*, 941 F. Supp. 601, 603-04 (N.D. W. Va. 1996) (same)).

### III. ARGUMENT

#### a. Counts Four Through Fourteen Are Timely

Defendant's motion is based, at least in part, on his own attempt to take advantage of the fact that the Grand Jury had been suspended and the government could not bring its planned Superseding Indictment after plea discussions failed. On February 26, 2020, the parties spoke about a possible agreement to toll the statute of limitations for uncharged conduct to allow for time for the parties to conduct a reverse proffer and the defense to consider that evidence and the government's draft plea offer, which was set to expire. The government was prepared to present the Superseding Indictment to the Grand Jury at that time, in the event Defendant refused. On February 28, 2020, however, the parties signed the agreement, which tolled the statute of limitations for approximately 32 days, from March 8, 2020, to April 7, 2020.[3] *See* Def. Mot., p. 10. The parties thereafter held a two-and-a-half hour reverse proffer on March 12, 2020, during which the government presented the defense with more than 60 exhibits, including evidence supporting the wire fraud and money laundering charges set forth in the Superseding Indictment.[4]

---

[3] One provision of the tolling agreement references the commencement of the tolling as beginning on March 6, 2020; however, no charges would have expired between March 6, 2020 and March 8, 2020.

[4] Although Defendant does not mention the March 12, 2020 reverse proffer in his Motion, the subject has come up at numerous status conferences with the Court and in prior briefing. *See* Gov. Resp. to Motion for Bill of Particulars, Dkt. 68, p. 6-7.

On March 16, 2020, four days after the reverse proffer and eight days after the tolling period commenced, Grand Jury proceedings in this District were suspended through May 1, 2020, due to safety concerns stemming from the COVID-19 pandemic. *See* General Order 72, *supra*. That suspension continued until June 16, 2020. *See United States v. Music*, 4:20-cr-00239-YGR, Dkt. 8, p. 2 (Indictment returned June 18, 2020). On March 31, 2020, the government asked the defense to agree to a 60-day tolling agreement given the exceptional circumstances and expressed its willingness to extend its prior plea offer, which had expired. Fully aware that the Grand Jury proceedings had been suspended and it was impossible for the government to present the Superseding Indictment prior to the expiration of the statutes of limitations, the defense refused. On April 7, 2020, the final day of the agreed tolling period, the government filed the Superseding Information (Dkt. 42).

### i. Count Four Is Timely Regardless Of The Superseding Information

Defendant does not seek dismissal of Counts Fifteen through Nineteen, which were indisputably charged within the five-year statute of limitations of the July 28, 2020 Superseding Indictment. But Defendant fails to make, much less support, any legal argument for dismissal of Count Four, charging Defendant with conspiracy to commit wire and honest services fraud through at least December 3, 2015, well within the five-year statute of limitations. Rather, Defendant appears to lump the conspiracy count with the challenged wire and honest services fraud counts, which he argues should be dismissed because the Superseding Indictment was brought more than five years after the dates of the wires. However, the Superseding Indictment alleges that Defendant and others engaged in the conspiracy, which continued "until at least on or about December 3, 2015." Superseding Indictment, Dkt. 53, p. 14, ¶ 36. Indeed, the Superseding Indictment alleges numerous acts by members of the conspiracy that occurred after July 28, 2015, including Codefendant Ali Alzabarah's accesses of Twitter user's data from Codefendant Ahmed Almutairi's offices in the Kingdom of Saudi Arabia on July 29, 2015, Alzabarah's repeated accesses of User-1's account in August and September 2015, and Alzabarah's false denials when confronted by Twitter management on December 2, 2015. *See*

1 Superseding Indictment, pp. 10-11, ¶¶ 26(q), (r), and (s).[5]  Defendant even quotes cases
2 distinguishing continuing offenses like Count Four from other crimes vis-à-vis the applicable
3 statute of limitations.  *See* Def. Mot., p. 21 (citing *United States v. Habig*, 390 U.S. 222, 227
4 (1968)).  Defendant's attempt to dismiss the conspiracy count should be rejected.

                *ii.*       *The Superseding Information Was Instituted Timely*

6       Defendant does not dispute that the wires and acts charged in Counts Four through
7 Twenty-Two occurred within five years of the Superseding Information filed on April 7, 2020
8 (plus the tolled period described above).  He argues, however, that 18 U.S.C. § 3288, which
9 provides prosecutors with an additional six-months to charge after dismissal of an information or
10 indictment does not apply because the information itself was not timely.  Defendant's argument
11 fails for a number of reasons.  Moreover, Defendant's claims about the ills of following 18
12 U.S.C. § 3288, *Burdix-Dana,* and courts that have agreed with the Seventh Circuit's sound logic
13 in that case, including Judge Davila in this District, are simply overstated in the face of the
14 exigent circumstances present in this case between March 2020 and July 2020, as well as
15 Defendant's own clear gamesmanship and efforts to take advantage of those circumstances to
16 avoid a Superseding Indictment.

17       The Superseding Information here accomplishes two important purposes.  First, like a
18 criminal complaint, it permits the Court to require the defendant to appear for further
19 proceedings on the specific charges.  Second, it provides formal notice of the charges and
20 satisfies the statute of limitations.  As several courts have held (including Judge Davila in
21 identical circumstances), "filing a 'waiverless' criminal information with the clerk's office
22 'institutes' it for purposes of . . . [the] statute of limitations." *United States v. Stewart*, 425 F.
23 Supp. 2d 727, 729 (E.D. Va. 2006); *Burdix-Dana*, 149 F.3d at 742 (same); *Holmes*, 18-CR-258-
24 EJD, Dkt. 551, p. 15 (N.D. Cal. Oct. 13, 2020); *United States v. Marifat*, No. 17-CR-189, 2018

---

26     [5] Any claim of withdrawal before July 28, 2015 would fail.  Defendant was in contact
27 with Foreign Official-1 through March 2016, and was paid $100,000 by him in January 2016.
*See* Superseding Indictment, p. 9, 10, ¶¶ 26(k), 26(l), and 30.

U.S.' OPP, TO MOT. TO DISMISS RE:
STATUTE OF LIMITATIONS, 19-CR-621 EMC      6

WL 1806690, at *2–*3 (E.D. Cal. Apr. 17, 2018) (same); *United States v. Hsin-Yung*, 97 F. Supp. 2d 24, 28 (D.D.C. 2000) (same); *United States v. Pennant*, No. 04-CR-828, 2009 WL 364974, at *3 n.7 (E.D. Pa. Feb. 11, 2009) (information "arguably valid" under *Burdix-Dana* and related cases); *United States v. Watson*, 941 F. Supp. 601, 603 (N.D. W. Va. 1996) ("an information is 'instituted' when it is filed with the clerk of court").

*United States v. Sharma*, 14-CR-61 (S.D. TX), cited by Defendant, is inapposite. Unlike this matter, the court's analysis supporting dismissal of the indictment relied heavily on the fact that "the Information and Superseding Indictment were not disclosed to the defendants, their attorneys, or the public before the five year statute of limitations expired," which deprived the defendant of an opportunity to move for its dismissal *Id*., 2016 U.S. Dist. LEXIS 66227, *2; *see also United States v. Machado*, 2005 U.S. Dist LEXIS 26255, *8 (D. Mass. Nov. 3, 2005) (noting that the sealing of a timely-filed information deprived the defendant of an opportunity to move for its dismissal). Here, however, the Superseding Information and subsequent Superseding Indictment were never sealed, and indeed one of the purposes of the March 12, 2020 reverse proffer was to provide Defendant with notice of the charges that would result if the prosecution continued. During that meeting, the government directed Defendant's counsel to specific evidence underlying the fraud and money laundering charges. The Court in *Sharma* further found that the procedure of instituting a case by information was "designed to give leeway for the convenience of the government in exigent circumstances," and specifically found that the government had not demonstrated that a grand jury was unavailable prior to the filing of its information. *Id*. at **9, 10. The "leeway" provided in Section 3288 is certainly appropriate when applied to circumstances of a nationwide pandemic and suspension of the Grand Jury. It is even more appropriate when, as here, the government was prepared to present the Superseding Indictment before the Grand Jury was suspended on March 16, 2020; entered into a tolling agreement with the defense in an effort to resolve the case; and then, for reasons outside of its control, was unable to present the Superseding Indictment until after the statutes of limitations had expired. Defendant has failed to provide any authority to support his argument that he can

escape charges that the government could only bring by indictment at a time when indictments were unavailable due to suspension of the Grand Jury.

Defendant further provides no authority to support his claim that the meaning of "institute" in Section 3282 requires that the charging document "must be effective to support a prosecution and trial." Def. Mot., p. 16. Defendants' claim that a criminal information must be dismissed as a "legal nullity," merely because a defendant has indicated he will not waive his right to be prosecuted by indictment, would allow a defendant the keys to his own prosecution when there are exigent circumstances beyond the government's control, such as the suspension of a grand jury as a result of nationwide pandemic. Def. Mot., p. 7. In fact, that is exactly what happened in this case; Defendant is simply taking advantage of the real-world consequences of the pandemic to escape several charges.

### iii. *Defendant's Policy Arguments Are Overstated*

Defendant's policy arguments[6] for dismissal of Counts Four through Fourteen also fail. He cites to *Jaben v. United States*, 381 U.S. 214 (1965), which analyzed a tax statute extending the statute of limitations for tax evasion where a complaint is filed because "a grand jury is not in session at the end of the normal limitation period." 381 U.S. 214, 220 (1965). Those circumstances are similar to the ones found here – the Superseding Information was filed while the Grand Jury was suspended. The evils that the Supreme Court was concerned with – that the government "does not have its case made" and uses the extension period to make it – clearly did not occur here. The government's detailed allegations are identical between the Superseding Information and the Superseding Indictment. *Id.* at 220. Defendant then slyly conflates using additional time to make a case, the Supreme Court's concern in *Jaben*, with his completely unsupported suggestion that the government should have "proven its case to the Grand Jury" before it obtained an extension.[7] Def. Mot., p. 21.

---

[6] It is unclear what Defendant means when he asserts in his conclusion that the court should consider "equity" in addition to his statutory arguments, other than the policy arguments addressed here.

[7] Defendant alludes to the relevance of proceedings before the Grand Jury. Consistent

U.S.' OPP. TO MOT. TO DISMISS RE:
STATUTE OF LIMITATIONS, 19-CR-621 EMC         8

Similarly, Defendant's argument for "repose" to prevent the passage of time and loss of evidence is minimal here, as only three months passed between the Superseding Information and Superseding Indictment, and Defendant makes no allegation of actual prejudice. Moreover, as Defendant notes himself, many of the facts underlying the Indictment are similar to those set forth in the Superseding Indictment, and the discovery contained much of the same evidence, some of which the government highlighted for the defense during the March 12, 2020 reverse proffer. Defendant cannot seriously claim unfair surprise or prejudice regarding the fraud and money laundering charges. As a result, Defendant's citations to cases dismissing charges on the basis of the statute of limitations are misplaced.

Furthermore, two District Court hearings were held during the period between the filing of the Superseding Information and the Superseding Indictment, on April 22, 2020 and July 15, 2020. *See* Dkt. Nos. 44, 50. The Grand Jury, which had only recently been reconvened in a restricted manner, returned the Superseding Indictment thirteen days later on July 28, 2020. *Burdix-Dana* found that a defendant did not have to sit on his rights and could attempt to dismiss an information before a superseding indictment was returned. Here, Defendant did not seek to challenge the information until seven months after it was filed and after the grand jury returned the Superseding Indictment. Defendant provides no authority for his proposal to have the Court insert the words "for the purpose of prosecution" after "institute' in 18 U.S.C. § 3282. Def. Mot., p. 23 (emphasis removed). Nor did Defendant seek to dismiss the Superseding Information before the Superseding Indictment was returned.

        *iv.*  *Defendant's Other Timeliness Arguments Fail*

Defendant's final argument – that the six-month grace period for refiling under 18 U.S.C. § 3288 does not apply even if the Superseding Information was timely filed – makes little sense.

---

with Rule 6(e), the government does not intend, for purposes of this Opposition, to disclose matters that occurred before the Grand Jury with respect to this case, and the Court need not rely on those facts in rejecting Defendant's motion. As reflected in the Complaint and first Indictment, the government had presented substantial facts relating to the investigation to a Grand Jury, which returned a true bill. *See* Indictment, Dkt. No. 13.

U.S.' OPP, TO MOT. TO DISMISS RE:
STATUTE OF LIMITATIONS, 19-CR-621 EMC   9

First, the reason for the dismissal only matters where, as Section 3288 provides, the "reason for the dismissal was the failure to file the indictment or information within the applicable statute of limitations, or some other reason that would bar a new prosecution."  Defendant's argument is therefore completely dependent on his argument that the Superseding Information was fatally flawed because the Defendant did not waive,[8] which the government refutes above.  If the government dismissed the Superseding Information because it recognized that the Superseding Information violated Defendant's right to be charged with those crimes within the statute of limitations, it would have been unethical to then seek an Indictment that did the same.  This, of course, is not the case, as argued above, as the Superseding Information was filed after Defendant had been given a reverse proffer on the forthcoming crimes and then refused to agree to further tolling while the Grand Jury had been suspended in a gambit to avoid the additional charges on a technicality.  *See United States v. Wilsey,* 458 F.2d 11, 12 (9th Cir. 1972) (18 U.S.C. § 3288 "assures that the continued running of the statute of limitations will not permit the defendant to escape through technicality before correction can be secured").[9]  Following the logic of Defendant's argument would read "information" out of the statute of limitations exceptions Congress created in Sections 3288 and 3289.  Defendant's arguments should be rejected.

### IV.  CONCLUSION

There was no lack of diligence in bringing Counts Four through Twenty-Two.  Defendant's gambit to take advantage of the disruption to the Courts and Grand Jury caused by the Novel Coronavirus in order to avoid the additional charges fails as a legal matter.  Defendant

---

[8] Defendant's argument implies without support that the government requested waiver of the information and was denied.  After the defendant refused to further toll the statute of limitations despite COVID-19 pandemic and suspension of the Grand Jury, counsel for the government logically concluded that Defendant would also not have waived the Information.  As argued above, however, Defendant's failure to waive the filing of the Superseding Information does not mean that the prosecution was not "institute[d]" by its filing.

[9] Defendant's citation to *United States v. Clawson*, 104 F. 3d 250 (9th Cir. 1996) does not support his argument.  *Clawson* rejected the government's superseding indictment where the original indictment failed to allege crimes within the 5-year statute of limitations, exactly what the second sentence of 18 U.S.C. § 3288 prohibits.

received fair notice of the additional charges, which were returned via the charging documents available to the government at the time and consistent with 18 U.S.C. §§ 3282 and 3288.  For the foregoing reasons, the government respectfully requests that the Court deny Defendant's motion to dismiss.

DATED:  December 7, 2020.

Respectfully submitted,

DAVID L. ANDERSON
United States Attorney,

   */s/ Colin Sampson*   
COLIN C. SAMPSON
Assistant United States Attorney
BENJAMIN J. HAWK
Trial Attorney, National Security Division

U.S.' OPP, TO MOT. TO DISMISS RE:
STATUTE OF LIMITATIONS, 19-CR-621 EMC             11