STEVEN G. KALAR
Federal Public Defender
Northern District of California
ELLEN LEONIDA
CARMEN SMARANDOIU
Assistants Federal Public Defender
19th Floor Federal Building - Box 36106
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:    (415) 436-7700
Facsimile:    (415) 436-7706
Email:        Ellen_Leonida@fd.org


Counsel for Defendant Abouammo

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AHMAD ABOUAMMO,<br><br>Defendant. | **Case No.:** CR 19–00621 EMC<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS COUNTS FIVE THROUGH FOURTEEN AND COUNTS TWENTY THROUGH TWENTY-TWO AS TIME-BARRED**<br><br>**Hon. Edward M. Chen**<br>**Hearing Date:**       January 6, 2021<br>**Hearing Time:**       2:30 p.m. |

INTRODUCTION

Section 3282 of Title 18 provides for a general five-year statute of limitations for federal crimes. Despite having five years to bring its case against Mr. Ahmad Abouammo before a grand jury, the government waited until the eleventh hour to seek a superseding indictment, at which point it found itself unable to do so due to the COVID-19 pandemic. It thus filed an information without Mr. Abouammo's waiver of prosecution by indictment, and it now argues that information unilaterally extended the statute of limitations. The government's position contradicts § 3282's plain language, its statutory context, and Supreme Court precedent. The Court should therefore reject it and hold that a

1  waiverless felony information does not toll the statute of limitations and, accordingly, that Counts

2  Five through Fourteen and Twenty through Twenty-Two are time-barred.

3                                              ARGUMENT

4  **I.    The waiverless Superseding Information was not instituted in a timely manner.**

5          The government addresses few of Mr. Abouammo's arguments in support of his Motion to

6  Dismiss Counts Five through Fourteen and Twenty through Twenty-Two as Time-Barred. See Dkt.

7  No. 83 (hereinafter, "Mtn."). Instead, the government spends much of its opposition recounting the

8  events that have resulted in its failure to file a superseding indictment within the statute of limitations

9  for those counts, accusing Mr. Abouammo of bad faith in bringing this motion, and pleading with the

10 Court to decide a purely legal issue—the meaning of "institute" in § 3282—based on the purported

11 equities of its situation. *See* Dkt. No. 87, United States' Opposition to Defendant's Motion to Dismiss

12 (Statute of Limitations), ECF. No. 83 (hereinafter, "Opp.").[1]

13         But it is notable that the government does *not* argue that § 3282 is subject to equitable tolling.

14 *See Toussie v. United States*, 397 U.S. 112, 115 (1970) ("Congress has declared a policy that the statute

15 of limitations should not be extended '(e)xcept as otherwise expressly provided by law.' 18 U.S.C. §

16 3282."); *United States v. Podde*, 105 F.3d 813, 820 (2d Cir. 1997) ("[D]iligence and good faith by the

17 government does not toll or otherwise negate the operation of the statute of limitations.") (internal

18 quotations omitted).[2] Nor does the government provide any authority whatsoever to support its

19 suggestion that Congress's intent in § 3282 was to guarantee the government access to a grand jury

20 for the entire statute of limitations. *See* Opp. at 7-8. In fact, many federal districts do *not* have

21 standing grand juries and, even in those jurisdictions with standing grand juries, the grand jury does

22 not meet during weekends and holidays, which count towards the statute of limitations. *See United*

23 *States v. Guerro*, 694 F.2d 898, 902, n.5 (2d Cir.1982); *United States v. Coniam*, 581 F.Supp. 348, 349

24 (D. Conn. 1984). Furthermore, when Congress wanted to make allowance for the grand jury not

25 being in session, it did so explicitly. *See* 18 U.S.C. §§ 3288, 3289 (after the information or prior

26

27

----

28 [1] The government also purports to refute Mr. Abouammo's argument that Count Four is time-barred.
Opp. at 5-6. However, Mr. Abouammo did *not* move to dismiss Count Four on this ground.
[2] Secion 3282 is subject to *statutory* tolling. See 18 U.S.C. §§ 3287, 3290, 3292.

1  indictment was dismissed, an indictment must be filed within six calendar months of the dismissal,

2  "or, if no regular grand jury is in session in the appropriate jurisdiction when the indictment or

3  information is dismissed, within six calendar months of the date when the next regular grand jury is

4  convened"). For these reasons, the Court should reject the government's invitation to end-run around

5  Congress's intent that § 3282 be strictly construed.[3]

6  The government does cite the Seventh Circuit's decision in *United States v. Burdix-Dana*, 149

7  F.3d 741 (7th Cir. 1998) and the district court cases that followed it, including Judge Davila's decision

8  in *United States v. Holmes*, No. 18-CR-00258-EJD, 2020 WL 6047232 (N.D. Cal. Oct. 13, 2020), and

9  argues that the Court follow them. Opp. at 6. But the Court is bound by neither and it must decide

10  the motion in light of Mr. Abouammo's arguments – many of which were not considered by the

11  *Burdix-Dana*, *Holmes*, or other district court decisions.

12  Critically, neither these decisions nor the government considered Mr. Abouammo's statutory

13  construction arguments. They failed to consider that in 1948, when § 3282 was codified, Congress

14  knew how, and could have chosen, to provide that the statute of limitations is tolled when an

15  information is "filed" within five years, as Congress did in other provisions codified at the same time.

16  *See* Mtn. at 6-10. Nor did they consider the fact that, until 1964, § 3288 allowed indictment after the

17  period of limitations expired only when *an indictment* was dismissed, and that it would have been

18  absurd for Congress to provide, in 1948, that the mere filing of a felony information satisfied the

19  statute of limitations when that information would have accomplished nothing: no prosecution and

20  trial, and no extension of the statute of limitations under § 3288. *See* Mtn. at 10. And they failed to

21  consider that, when Congress expanded § 3288 to allow indictment after the period of limitations

22  expired after an information was dismissed, it specified that the dismissed information must have

23  been "filed after the defendant waives in open court prosecution by indictment," thus confirming that

24  a felony information is only instituted when accompanied by a waiver of indictment. Pub. L. 88-520,

25  § 1, 78 Stat. 699 (1964); *see* Mtn. at 10-12.

26  _____

27  [3] For the same reasons, to the extent that *United States v. Sharma*, No. 14-CR-61 (KMH), 2016 WL
   2926365, at *2 (S.D. Tex. 2016), suggested that § 3282 is subject to equitable tolling or extension of
28  the limitations period for the unavailability of the grand jury, that holding would be plainly incorrect.
   *See* Opp. at 7 (government so characterizing *Sharma*).

1    Instead of addressing these arguments, the government claims that the Superseding

2    Information accomplished two purposes: allowing the Court to require Mr. Abouammo to appear for

3    further proceedings on the additional charges and providing notice of the charges. *See* Opp. at 6-7.

4    This is a red herring: Mr. Abouammo does not claim that a waiverless felony information is a legal

5    nullity, but that it does not meet § 3282's requirement that it be "instituted" within five years.

6    Furthermore, the purpose of a statute of limitations is not to provide notice of the charges, a

7    right explicitly guaranteed by the Sixth Amendment. Rather, it is "to protect individuals from having

8    to defend themselves against charges when the basic facts may have become obscured by the passage

9    of time and to minimize the danger of official punishment because of acts in the far-distant past."

10   *Toussie*, 397 U.S. at 114-15. That the Superseding Information informed Mr. Abouammo of the

11   additional charges is therefore irrelevant to the legal question at issue here.

12   The government also claims that Mr. Abouammo's policy arguments are "overstated," again

13   falling back on the particular circumstances regarding this case. Opp. at 8. Relatedly, it claims that

14   Mr. Abouammo's argument for "repose" is minimal in light of the circumstances at hand, and that he

15   makes no allegation of prejudice. *Id.* at 9. The government appears to misunderstand the nature of

16   statutes of limitations and the principle of repose. Statutes of limitations do not require a defendant to

17   allege or prove prejudice; rather, they "represent legislative assessments of relative interests of the

18   State and the defendant in administering and receiving justice" and specify "a limit beyond which

19   there is *an irrebuttable presumption* that a defendant's right to a fair trial would be prejudiced."

20   *United States v. Marion*, 404 U.S. 307, 322 (1971) (emphasis added); *cf. Coniam*, 581 F.Supp. at 348-

21   49 (dismissing indictment filed one day late when last day of limitations period fell on Sunday). And

22   because statutes of limitations are grounded in Due Process concerns, they must "be liberally

23   interpreted in favor of repose," regardless of the particular circumstances in a given case. *Toussie*, 397

24   U.S. at 115 (internal quotation omitted) (citing *United States v. Habig*, 390 U.S. 222, 227 (1968)).

25   The government points out that Mr. Abouammo "did not seek to challenge the information

26   until seven months after it was filed and after the grand jury returned the Superseding Indictment."

27   Opp. at 9. It is unclear what the government's argument is. If it argues that § 3282 requires a

28   defendant to move to dismiss a waiverless felony information in order to receive the protections of

the statute of limitations, it provides no authority for such a proposition. In fact, in *Holmes*, the government took the contrary position, successfully opposing the defendants' motion to dismiss the waiverless felony information in that case on the basis that such an information still has some legal significance and any ruling on the implications for the statute of limitations should be deferred until the Court lifts the suspension of grand jury proceedings. *See United States v. Holmes*, No. 18-CR-00258-EJD, Dkt. Nos. 408, 509 (Government's opposition to motion to dismiss waiverless felony information and Order denying motion to dismiss the waiverless information, respectively). The government cannot have it both ways.

Finally, the government believes it is entitled to relief from "exigent circumstances beyond [its] control, such as the suspension of a grand jury as a result of a nationwide pandemic." Opp. at 8. Because neither § 3282 nor other statute allows for suspension of the statute of limitations during exigent circumstances, the government's argument is one better addressed to Congress. In fact, that is exactly what happened: the Department of Justice asked Congress to give courts power to suspend statutes of limitations in emergency situations. *See* Department of Justice Proposal for Addressing Issued Created by the COVID-19 Pandemic, available at https://int.nyt.com/data/documenthelper/6835-combed-doj-coronavirus- legisla/06734bbf99a9e0b65249/optimized/full.pdf. Congress rejected that proposal, and the Court should not countenance the government's end-run around Congress's authority.

In sum, the government's opposition is largely unresponsive to Mr. Abouammo's motion. To the extent that the government addresses Mr. Abouammo's motion, its arguments are unavailing, as the government is essentially arguing for a case-specific ruling while ignoring the statutory history and statutory context of § 3282, as well as the policies underlying statutes of limitations. The Court should therefore hold that, for a felony information to be "instituted," it must be accompanied by the defendant's waiver of indictment. Because the Superseding Information was not accompanied by such a waiver, it was not timely instituted under § 3282, and the government cannot avail itself of § 3288 to salvage the untimely counts in the Superseding Indictment.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

II.     **Mr. Abouammo has acted in good faith and the government is not entitled to his waiver of rights.**

As Mr. Abouammo has explained above, a statute of limitation represents a legislative declaration that, after the specified period, there is an irrebuttable presumption that a defendant's right to a fair trial would be prejudiced, regardless of the good faith or bad faith of either party. *Marion*, 404 U.S. at 322. Nonetheless, the government accuses Mr. Abouammo of bad faith. Although irrelevant to the Court's legal analysis, Mr. Abouammo feels compelled to respond to this accusation in order to correct the record.

In the government's recounting of the history of the case, the government would not have found itself in this situation had Mr. Abouammo not persuaded the government at the end of February 2020, mere months before the expiration of the five-year statute of limitations for several charges, to delay going to the grand jury and hold a reverse proffer meeting in exchange for a one-month tolling of the statute of limitations. *See* Opp. at 1-2, 4-5. During that month, the Court suspended grand jury proceedings in response to the COVID-19 pandemic. *Id*. Mr. Abouammo declined the government's request that he agree to a further tolling of the statute of limitations. *Id*. The government then filed the Superseding Information on April 7, 2020, the final day of the agreed tolling period, and the grand jury returned the Superseding Indictment on July 28, 2020, about a month and a half after grand jury proceedings resumed in this district and after the statute of limitations for Counts Five through Fourteen and Twenty through Twenty-Two had expired. *Id*.

Based on this sequence of events, the government makes a startling accusation: that Mr. Abouammo has engaged in "clear gamesmanship" and has tried to take advantage of the pandemic. *Id*. at 6.

The Court should reject the government's accusation. The suggestion that an indigent criminal defendant has the power to dictate the federal government's actions is fanciful. The government would not have agreed to the reverse proffer in exchange for the tolling agreement had it not believed that it was in its best interests. Indeed, it is clear that the government was hoping to persuade Mr. Abouammo to plead guilty and avoid a trial, while also getting an extension of the statute of limitations. *See* Opp. at 1-2, 4-5. That the pandemic upset the government's calculations does not take away from the fact that the government—"the richest, most powerful, and best represented litigant to

1  appear before [the Court]," *Greenlaw v. United States*, 554 U.S. 237, 244 (2008) (internal quotations

2  omitted)—willingly entered a mutually-beneficial agreement with Mr. Abouammo at a time when

3  neither party could have anticipated the three-month suspension of the grand jury proceedings due to

4  the COVID-19 pandemic.

5        The government's bad-faith argument, then, comes down to Mr. Abouammo's refusal to agree

6  to a further tolling of the statute of limitations as the government requested. Mr. Abouammo did so at

7  the advice of his counsel, and his counsel's advice was informed by her duty to provide competent

8  representation. More importantly, the government does not claim that Mr. Abouammo had a legal or

9  contractual obligation to accede to its request that he agree to a further tolling of the statute of

10 limitations. Thus, that Mr. Abouammo's assessment of and response to external circumstances did

11 not satisfy the government does not mean he acted in bad faith; it just means that he acted rationally.

12       Finally, while the government is quick to blame Mr. Abouammo for its predicament, it willfully

13 ignores its role in the situation. The government had *five years* to make its case before the grand jury.

14 But it waited until November 19, 2019—mere *months* before the statute of limitations expired for

15 many of the charges—to obtain the original Indictment, which was limited to two counts.  *See* Dkt.

16 No. 13. The government then let another three months pass without returning to the grand jury,

17 despite the fast approaching deadline for several charges. Indeed, by its own account, it was not until

18 February 26, 2020, that the parties started discussing the possibility of a reverse proffer in exchange

19 for a one-month tolling of the statute of limitations, which resulted in the February 28, 2020, tolling

20 agreement. *See* Opp. at 4. Had the government acted diligently and not waited until the eleventh hour

21 to charge Mr. Abouammo, it would not have been impacted by the pandemic—an event, it bears

22 emphasis, that was outside Mr. Abouammo's control, as was the Court's decision to suspend grand

23 jury proceedings on March 16, 2020. And, having made its choices, the government should not be

24 heard complaining that Mr. Abouammo insists on his right to not be tried for time-barred charges.

25 CONCLUSION

26       For the aforementioned reasons and the reasons set forth in Mr. Abouammo's motion to

27 dismiss, the Court should order that Counts Five through Fourteen and Twenty through Twenty-

28 Two be dismissed as time-barred.

1

2      Dated:     December 16, 2020                    Respectfully submitted,

3                                                      STEVEN G. KALAR
4                                                      Federal Public Defender
                                                       Northern District of California
5
                                                                      /S
6                                                      ELLEN LEONIDA
                                                       Assistant Federal Public Defender
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY ISO MTN TO DISMISS COUNTS AS TIME-BARRED
*ABOUAMMO*, CR 19–00621 EMC

8