UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

## CRIMINAL MINUTES

**Date:** January 6, 2021   **Time:** 2:38-3:44=    **Judge:** EDWARD M. CHEN
                                    1 Hour; 6 Minutes

**Case No.**: 19-cr-00621-EMC-1   **Case Name:** United States v. Ahmad Abouammo

**Attorneys for Government:** Colin Sampson, Benjamin Hawk
**Attorney for Defendant:** Ellen Leonida
**Defendant:** [X] Present by videoconference  [ ] Not Present
**Defendant's Custodial Status:** [ ] In Custody  [X] Not in Custody

**Deputy Clerk:** Angella Meuleman          **Court Reporter:** Belle Ball
**Interpreter:**                             **Probation Officer:**

### PROCEEDINGS HELD BY ZOOM WEBINAR

1. [82] – Motion to Dismiss Counts 20 Through 23 For Lack of Venue – held;
2. [83] – Motion to Dismiss Counts 5 Through 14 and 20 Through 22 as Time Barred – held;
3. [84] – Motion to Dismiss Counts 4 Through 22 For Failure to State an Offense – held;
4. [85] – Motion Re Governments Classified Discovery Obligations – held;
5. Status Conference – held.

### SUMMARY AND ORDERS

Parties stated appearances and proffered argument. Defendant appeared via videoconference.

For the reasons stated on the record and as memorialized in part and supplemented herein:

(1) The Court **DENIES** [82] Defendant's motion to dismiss counts 20 through 23 for lack of venue. The Court concludes that venue is proper in this district for counts 20 through 22 because Defendant was allegedly in this district when he initiated/directed the allegedly fraudulent wire transfers. *See United States v. Golb*, 69 F.3d 1417, 1427 (9th Cir. 1995); *United States v. Liersch*, No. 04CR02521, 2005 WL 6414047, *6 (S.D. Cal. May 2, 2005). However, because the language of the superseding indictment is somewhat unclear, the Government is required to file a bill or particulars to clarify that it contends Defendant was in this district when he initiated the wire transfers that form the bases of counts 21 and 22. The Government is also required to produce any evidence to the defense that supports its contention that Defendant was in this district during those times.

The Court also concludes that venue is proper in this district for count 23 because the allegedly false document was made "with the intent to obstruct *an actual or contemplated investigation*" by the FBI in this district. *United States v. Singh*, 979 F.3d 697, 715 (9th Cir. 2020) (emphasis added) (quoting *United States v. Katakis*, 800 F.3d 1017, 1023 (9th Cir. 2015)); *see also* 18 U.S.C. § 1519 ("Whoever knowingly . . . falsifies . . . any record, document, or tangible object with the intent to impede, obstruct, or influence the investigation or proper administration *of any matter* within the jurisdiction of any department or agency of the United States." (Emphasis added.)  As with Sections 1519 and 1001, the crime is tied to the potentially adverse effect upon a specific (pending or contemplated) proceeding, transaction, investigation, etc., and venue may properly be based on the location of that effect.

(2) The Court **DENIES** [83] Defendant's motion to dismiss counts 5 through 14 and 20 through 22 as time barred.  The Court concludes that the April 7, 2020 superseding information, which was filed before the statute of limitations expired on July 17, 2020, tolled the statute of limitations under 18 U.S.C. § 3282.  *United States v. Burdix-Dana*, 149 F.3d 741, 742 (7th Cir. 1998); *see also United States v. Cooper*, 956 F.2d 960, 962 (10th Cir. 1992); *United States v. Elizabeth Holmes, et al*, No. 18-CR-258-EJD, Docket No. 551, at 15 (N.D. Cal. Oct. 13, 2020).  Defendant's argument that the superseding information was not properly "instituted" under § 3282 because it was not accompanied by a proper waiver in open court is bellied by the fact that Congress removed language from 18 U.S.C. § 3288 requiring such a waiver in 1988.  *Compare* Act of Aug. 30, 1964, Pub. L. 88-520, § 1, 78 Stat. 699 ("Whenever an indictment is dismissed for any error, defect, or irregularity with respect to the grand jury, or an indictment or information *filed after the defendant waives in open court prosecution by indictment* is found otherwise defective or insufficient for any cause.") (emphasis added), *with* 18 U.S.C. § 3288 ("Whenever an indictment or information charging a felony is dismissed for any reason."); *see also* Act of Nov. 18, 1988, Pub. L. No. 100-690, § 7081, 102 Stat. 4181 ("[S]triking all beginning with 'Whenever' through 'for any cause,' and inserting 'Whenever an indictment or information charging a felony is dismissed for any reason.'").  A filed information, though not a sufficient basis to prosecute to conviction absent waiver, has legal and operative significance.  It must have the same specificity as an indictment under Rule 7 (thus providing notice to the defendant), must be followed within 14-21 days by a preliminary hearing under Rule 5.1, and is subject to a motion to dismiss.  Accordingly, the Government had the authority, under the current version of § 3288, to dismiss the superseding information when the district court lifted the suspension of jury proceedings on June 16, 2020, and to file a superseding indictment "within six calendar months of the date when the next regular grand jury is convened."  *See* 18 U.S.C. § 3288.

(3)  The Court **took under submission** [84] Defendant's motion to dismiss counts 4 through 22 for failure to state an offense because the question of how property is defined and the applicability of the honest services prong raised legal questions for the Court to consider more closely.  The other bases of the motion were without merit.

(3) The Government will submit a proposed order on its [85] motion re classified discovery obligations, which will recite the steps taken by the Government pursuant to the Classified Information Procedures Act (CIPA) to search for potentially relevant documents, and the fact that it provided the Court with the classified documents for an ex parte*, in-camera* review, as stated on the

2

record.  The Court reviewed these documents and determined that there was nothing relevant or helpful for the defense and that no documents were required to be produced or considered for production under Section 4 or Rule 16.

Status Conference – Further Status Conference set for 2/3/2021 at 2:30PM.  Evidentiary motion dates will be discussed and set at that time.

CASE CONTINUED TO: **February 3, 2021, at 2:30 PM, for Status Conference**

---

**EXCLUDABLE DELAY: Government to prepare an exclusion order.**
Category:  Effective preparation of counsel
Begins:  January 6, 2021
Ends:  February 3, 2021

---