STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney
HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division
COLIN C. SAMPSON (CABN 249784)
   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102-3495
   Telephone: (415) 436-7200
   FAX: (415) 436-7234
   Colin.Sampson@usdoj.gov

MARK J. LESKO
Acting Assistant Attorney General
National Security Division
BENJAMIN J. HAWK (NJBN 030232007)
Trial Attorney, National Security Division
   950 Pennsylvania Avenue NW
   Washington, DC 20530-0001
   Telephone: (202) 307-5176
   Benjamin.Hawk@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 19-621 EMC |
| Plaintiff, | UNITED STATES' SECOND SUPPLEMENTAL BRIEF ADDRESSING INEVITABLE DISCOVERY |
| v. | Date: No Hearing Scheduled |
| AHMAD ABOUAMMO, | |
| Defendant. | |

The Government respectfully submits its Second Supplemental Brief with respect to inevitable discovery. On June 15, 2021, the Court granted Defendant's motion to suppress evidence seized during a 2016 search of his Google account but denied his motion with respect to later 2018 searches. *See* Dkt. No. 142, p. 4. On June 23, 2021, the Court ruled that the evidence seized during the 2016 search would have been discovered later in the investigation under the inevitable discovery doctrine. However, at the request of Defendant's counsel, the Court agreed to allow additional briefing. Although the Court invited further briefing at the hearing on the discrete issue of whether the Court should consider the possibility that the evidence seized in 2016 would not have been found during a later search, the Court's

Minute Order invited briefing on another issue: "[h]ad the Government not conducted the initial search of Abouammo's Google account, would there have been a reason to conduct the home search warrant[?]" Minute Order, Dkt. No. 150. The government answers the first in the negative and the second in the affirmative, for the reasons that follow.

With respect to whether the Court may consider the potential loss of the evidence, Supreme Court precedent squarely resolves this issue—the Court should not consider such speculative arguments—and in any event, the Government preserved the evidence.  In *Segura v. United States*, 468 U.S. 796, 816 (1984),[1] the Supreme Court rejected an argument that courts should weigh the possibility that evidence is lost between the time of an illegal search and a later legal search. In rejecting that argument, the Court "agree[ed] fully with the [Second Circuit] Court of Appeals that the District Court's suggestion that [the defendant]'s suggestion that [defendant] and her cohorts would have removed or destroyed the evidence was pure speculation." *Id.*

Here, too, this Court is being asked to assume that the evidence did not exist—that is, Defendant invites speculation that perhaps he deleted it.  But the government (as the Court found) inevitably would have sought a search warrant supported by probable cause some time after 2016 and before the search of Defendant's residence. Speculation, moreover, should be rejected under *Segura. See Utah v. Streiff*, 136 S. Ct. 2056, 2061 (2016) ("Evidence is admissible when the connection between unconstitutional police conduct and the evidence is remote or has been interrupted by some intervening circumstance, so that 'the interest protected by the constitutional guarantee that has been violated would not be served by suppression of the evidence obtained.'") (quoting *Hudson v. Michigan*, 547 U.S. 586, 591 (2006)). Given that Defendant did not know he might be under investigation between the 2016 search and at least October 20, 2018, when an article was published in the New York Times about Saudi Arabia's efforts to infiltrate Twitter and FBI agents arrived at his residence, any speculation that the evidence would have disappeared should be rejected as a matter of common sense and the reasoning in *Segura*. 468 U.S. at 816; *see also United States v. Mosciatiello*, 771 F.2d 589 (1st Cir. 1985) (same).  Moreover, FBI has

---

[1] At the June 23, 2021 hearing, the Government mistakenly attributed this proposition to another Supreme Court case regarding inevitable discovery: *United States v. Murray*, 487 U.S. 533, 539 (1988). Given the simultaneous briefing deadline, the Government alerted Defendant's counsel of the mistake and correct authority.

confirmed that it had sought preservation of the contents of Defendant's Google account (*see* Wu Decl., ¶ 3) and, more importantly, has located on the laptop seized at Defendant's residence on October 24, 2018, Foreign Official-1's email dated January 17, 2015 about Twitter User-1 (the January 2015 "London" email), an email from an online luxury watch consignment store dated January 15, and emails between Defendant and certain Twitter employees, and including several Saudi Arabian government domains as discussed in the original August 2016 search warrant affidavit. *See* Wu Decl., ¶ 4. Because the majority of the evidence continued to exist, Defendant's claim that the evidence would have disappeared is incorrect and the evidence from the 2016 search should not be suppressed.

Indeed, while the government is not required to overcome Defendant's speculation, it is clear here that the same evidence from his Google account in August 2016 would have been seized by late 2017 (when Twitter provided information about Defendant's accesses of Twitter User-1's account). FBI's two 2016 preservation requests to Google demonstrate that the evidence from the Google account would likely have been preserved by the time the government had probable cause to search Defendant's Google account.

Finally, with respect to the Court's query in the Minute Order, there would have been reason to search Defendant's residence in October 2018. Defendant was always a suspect, and the agents traveled to Seattle to interview him when the above-referenced article was published. At a minimum, Defendant's admissions and false statements during the interview, in combination with the facts set forth in the 2016 search warrant and evidence developed independent of that search, would have formed probable cause to search his residence. Moreover, as the Court already found, the agents also had probable cause before this time to search Defendant's Google account, and the evidence from that search, which was included in the original residential search warrant, would have also supported probable cause.

DATED: July 14, 2021.

STEPHANIE M. HINDS
Acting United States Attorney

*/s/ Colin Sampson*
COLIN C. SAMPSON
Assistant United States Attorney
BENJAMIN J. HAWK
Trial Attorney, National Security Division