```
 1  STEPHANIE M. HINDS (CABN 154284)
    Acting United States Attorney
 2  HALLIE HOFFMAN (CABN 210020)
    Chief, Criminal Division
 3  COLIN C. SAMPSON (CABN 249784)
         450 Golden Gate Avenue, Box 36055
 4       San Francisco, California 94102-3495
         Telephone: (415) 436-7200
 5       FAX: (415) 436-7234
         Colin.Sampson@usdoj.gov
 6
    MARK J. LESKO
 7  Acting Assistant Attorney General
    National Security Division
 8  BENJAMIN J. HAWK (NJBN 030232007)
    Trial Attorney, National Security Division
 9       950 Pennsylvania Avenue NW
         Washington, DC 20530-0001
10       Telephone: (202) 307-5176
         Benjamin.Hawk@usdoj.gov
11
    Attorneys for United States of America
12
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| UNITED STATES OF AMERICA, | ) Case No. CR 19-621-1 EMC |
|---|---|
| Plaintiff, | ) |
| | ) DECLARATION OF FEDERAL BUREAU OF |
| v. | ) INVESTIGATION SPECIAL AGENT LETITIA WU |
| | ) |
| AHMAD ABOUAMMO, | ) |
| | ) |
| Defendant. | ) |

I, LETITIA WU, being duly sworn, do hereby declare and state the following:

1. I am a Special Agent of the Federal Bureau of Investigation ("FBI"), currently based in Oakland, California. I have held the position of FBI Special Agent since July 2015.

2. I have been involved in the investigation that led to the above-captioned criminal action against defendants Ahmad Abouammo, Ali Alzabarah, and Ahmed Almutairi since July 2016. From my personal involvement in the investigation, I am familiar with the evidence collected in this matter as well as the investigative steps taken. I have served subpoenas, conducted interviews, and executed court-

1 | authorized searches in this matter, among other investigative steps.

2 |       3. On May 13, 2016, FBI sent a preservation request to Google, LLC for Defendant's Gmail account (ahmadaa@gmail.com). The preservation request to Google, LLC for Defendant's Gmail account was renewed on August 2, 2016. Had the search warrant for Defendant's Gmail account not been sought or approved by United States Magistrate Judge Spero on August 17, 2016, FBI would, in the regular course of its investigation, continued to request preservation by Google of his account until a search warrant was obtained or until he was no longer a subject of the investigation.

      5. On July 14, 2021, I reviewed a forensic copy of the Amazon, Inc.-issued laptop (the "Laptop") seized at Defendant's residence on October 24, 2018. I searched for certain items of evidence that had previously been seized in the search of Defendant's Google Gmail account, in particular, the January 17, 2015 email from the individual identified in the Indictment as Foreign Official-1 to Defendant with a statement in the body of the email: "as we discussed in london [. . .]" I also located on the Laptop image a copy of the attachment to that email discussing a Twitter user identified in the Indictment as Twitter User-1. I further located on the Laptop image a January 15, 2015 email from an online consignment store for luxury watches to Defendant, thanking him for his inquiry. I further located emails on the Laptop image from Defendant's Google Gmail account to employees of Twitter, including emails with employees of Twitter after Defendant left Twitter, including the employees identified in the briefing in this case as Twitter Employee-1, and employees with initials K.I. and S.M. Some of these emails also include email accounts with domains that appear to be official Saudi Arabian government email addresses, including "moh.gov.sa", "mol.gov.sa", and "gaca.gov.sa".

      6. The decision to interview Defendant, and therefore make the investigation known to him, was made when FBI learned that a large national newspaper planned to publish an article on October 20, 2018 relating to efforts by the Saudi Arabian government to obtain user information from certain Twitter employees, including codefendant Ali Alzabarah.

Executed on July 14, 2021.

_____
LETITIA WU
Special Agent, Federal Bureau of Investigation

WU DECLARATION,
CASE NO. 19-621-1 EMC      2