UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES

**Date:** August 4, 2021          **Time:**  2:51 – 3:40=          **Judge:**  EDWARD M. CHEN
49 Minutes

**Case No.**: 19-cr-00621-EMC-1     **Case Name:**  USA v. Ahmad Abouammo

**Attorney for Government:** Colin Sampson, Benjamin Hawk
**Attorney for Defendant:** Angela Chuang
**Defendant:** [X] Present by videoconference  [ ] Not Present
**Defendant's Custodial Status:** [ ] In Custody  [X] Not in Custody

**Deputy Clerk:** Angella Meuleman          **Court Reporter:** Ana Dub
**Interpreter:**                            **Probation Officer:**

### PROCEEDINGS HELD BY ZOOM WEBINAR

Status Conference re: [129] Motion to Suppress – Held.

### SUMMARY

Parties stated appearances.  Defense counsel confirmed Defendant's consent to appear by videoconference and waived live appearance for this hearing.

The parties confirmed that the question posed by the Court in its June 23, 2021 minutes was inapposite and that the precise question was whether all the emails obtained as a result of the 2016 warrant would inevitably have been discovered in late 2017 or early 2018 when the Government would have sought the warrant after discovering Defendant's multiple access to User-1's Twitter records.  Defendant contends some of the emails, including those not found on Defendant's laptop in October 2018, would not have been recovered after the 2016 Google search.

For reasons as stated on the record, Court found Government has met its burden under *Nix v. Williams*, 467 U.S. 431 (1984) and proved by a preponderance of the evidence that the emails would have been inevitably discovered.  Defendant's assertion that emails may have been deleted after the 2016 search is speculative.  The three cases cited by Defendant are distinguishable because in those cases, it was obvious the evidence would not likely have been available by the time a valid search warrant was obtained.  Here, Defendant was not aware of the Government's investigation and there is no basis to assume emails would have been deleted.  Doctrine of Inevitable Discovery applies.  Court is open to revisiting if evidence to the contrary is uncovered by Defendant.

1

As to the questions and answered obtained from the interview of Defendant at his home in October 2018, the Court further ruled substantial part of the interview questions were not derived from the 2016 search therefore were not tainted in that search. To the extent that part of the interview was tainted and relied upon 2016 emails, for the reasons stated, the inevitable discovery determination posits those emails would inevitably have been discovered late 2017 or early 2018 prior to the home interview.

Accordingly, Defendant's motion to suppress is DENIED.

Government requested Court set trial date. Length of Government's case is expected to be 2 weeks. Scheduling Order to issue.

**Jury Selection set for December 1, 2021 at 8:30A.M. (subject to revision)**
**Jury Trial set for December 6, 2021 at 8:30A.M.**

**CASE CONTINUED TO: 10/20/2021 at 2:30PM for Status Conference. Hearing will be conducted by Zoom Webinar.**

Time Excluded:   Begins: 8/4/2021      Ends: 12/1/2021
Government to prepare an exclusion order.