STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

COLIN C. SAMPSON (CABN 249784)
ERIC CHENG (CABN 274118)
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Colin.Sampson@usdoj.gov

MARK J. LESKO
Acting Assistant Attorney General
National Security Division

BENJAMIN J. HAWK (NJBN 030232007)
Trial Attorney, National Security Division
    950 Pennsylvania Avenue NW
    Washington, DC 20530-0001
    Telephone: (202) 307-5176
    Benjamin.Hawk@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 19-621 EMC |
| Plaintiff, | UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO CONTINUE TRIAL DATE (ECF NO. 170) |
| v. | |
| AHMAD ABOUAMMO, | Date: September 29, 2021 |
| Defendant. | Time: 2:30 p.m. |
| | Courtroom: 5, 17th Floor |

The government respectfully submits its Opposition to Defendant Ahmad Abouammo's Motion to Continue Trial Date [Dkt. No. 170 ("Def. Mot.")]. The government respectfully requests the Court resolve this motion on an expedited schedule and on the papers.

//

## I. BACKGROUND

Defendant was arrested on November 5, 2019, pursuant to a Complaint (Dkt. No. 1) charging him with acting as an agent of a foreign government without providing notice to the Attorney General, in violation of 18 U.S.C. § 951, and destruction, alteration, or falsification of records in federal investigations, in violation of 18 U.S.C. § 1519.  Two weeks later, an Indictment was returned (Dkt. No. 13) alleging the same criminal violations.  The government began producing discovery, and in March 2020 gave AFPD Jodi Linker and other employees of the Federal Public Defender ("FPD") a thorough reverse proffer.  The government filed a Superseding Information in April 2020 during the early weeks of the COVID-19 pandemic and the Grand Jury returned a Superseding Indictment (Dkt. No. 53) adding conspiracy, wire fraud, and money laundering charges in July 2020.

Throughout the pretrial proceedings, the parties engaged in lengthy and repeated motions practice over the sufficiency of the Indictment (Dkt. No. 84) and for a bill of particulars (Dkt. No. 66), the applicable statute of limitations (Dkt. No. 83), venue (Dkt. No. 82), to compel evidence (Dkt. No. 117), to suppress evidence seized from Defendant (*see* Dkt. No. 130, 138, 153), and the Classified Information Procedures Act ("CIPA", *see* Dkt. No. 85).

## II. ARGUMENT

The timing of Defendant's Motion is no coincidence. The government, ahead of any deadlines and in part to avoid motions like this, provided a draft exhibit list of approximately 400[1] exhibits to the defense on August 27, 2021, and more recently unsealed and provided a significant (though not yet complete) amount of *Jencks* material.  For the reasons that follow, Defendant, who will have had over two years since the charges were unsealed, eighteen months since the government's reverse proffer, and after litigating no fewer than seven pretrial motions, should be ready and fully prepared for his trial in December 2021.

At the hearing on August 4, 2021 the parties discussed—and the Court set—the December 6, 2021 trial date in this matter.  *See* Dkt. No. 158.  As an initial matter, the Court advised that it had

---

[1] Defendant discusses "exhibits up to Exhibit 956" and expresses confusion over gaps in the exhibit numbers. The government's exhibit list, which is logically organized by source and category (for example, 1 through 100 are bank records, 101-200 are telephone records), includes gaps in the numbering for translations or other additions in order to avoid later disruption or renumbering.

already scheduled a lengthy trial early next year, lasting approximately 2–3 months with numerous defendants. *See* Case No. 17-CR-00533 EMC. That trial is currently set to begin on January 10, 2022 such that the Court would be unavailable in March 2022, if not also April 2022. Yet Defendant's Motion makes no mention of the Court's likely unavailability in requesting this continuance. Further, Defendant's claim that his rights may be affected by a personal matter concerning a family matter of an attorney for the government (Def. Mot. at 2), disclosed to the defense during a Rule 11 discussion, is not appropriate.[2]

Defendant also argues that the FPD has limited resources to devote to this matter. To the contrary, Defendant's two current attorneys, an investigator, and a legal assistant have been actively and extensively involved in reviewing the government's discovery productions for over a year (not including two prior attorneys that have appeared or been involved in prior hearings or motions), including numerous communications with government counsel about the discovery. The defense team has further had the benefit of a bill of particulars, and now has a draft exhibit list and significant *Jencks* material. Over the course of this case, Defendant has filed numerous motions and, as demonstrated in the briefing and arguments, his attorneys appear to thoroughly comprehend the case and evidence. In its Motion, counsel for the Defendant now asserts "anticipat[ing] … a defense case that will likely take multiple days to present" (Def. Mot. at 1) without any elaboration, but they have failed so far to produce a single page of reciprocal discovery or notice any defenses to the government. Accordingly, the government anticipates moving *in limine* for exclusion of unproduced material. Continuing the trial date now would freeze the proceedings and allow Defendant to capitalize on a lengthy continuance after the government has met and exceeded its pretrial obligations based on the currently-set trial date.

Moreover, Defendant's reference to an outstanding discovery request is merely a smokescreen staged to support the continuance. The request to the government was only made the day before the filing of the Motion and is entirely duplicative of two prior issues the Court has already heard addressed, including in connection with Defendant's November 18, 2020 Motion Regarding the Government's

---

[2] The attorney for the government has requested that counsel for Defendant seal this portion of its Motion, given that it pertains to a private, personal matter and the specifics are unnecessary for purposes of the Motion. A replacement Motion was filed on September 22, 2021. *See* Dkt. No. 172.

1  Classified Discovery Obligations (Dkt. 85).  The government has requested approximately three pages
2  of documents from an agency, which he could seek to obtain on its own but which the government has
3  agreed to request. The Court should see through Defendant's illusory claim of voluminous future
4  discovery from government agencies.
5       Finally, the government cannot adequately respond to Defendant's *ex parte*, under seal
6  submission.  Nonetheless, the government reiterates its belief that the case will proceed efficiently as
7  scheduled.  In the alternative, the government respectfully suggests that, should the Court have concerns
8  about the trial finishing on December 17, the Court should advance the trial date to commence on
9  December 2, 2021, the day after jury selection.[3]  This would add two days to the trial schedule and
10  should accommodate Defendant's trial needs.

### III. CONCLUSION

12       Defendant has claimed numerous reasons for the Court to continue the trial, but none appear to
13  be sufficiently serious to warrant continuing the trial by many months, and none are the result of the
14  government's actions.  Defendant and his attorneys, investigator, and paralegal have had years to review
15  the discovery and digest the government's early case presentation, and they have failed to adequately
16  explain how his constitutional rights are affected by a trial this year.  Although Defendant may simply
17  not want to go to trial this year, that is not a reason to continue the trial.  The Court should deny
18  Defendant's Motion to continue the trial, and should consider advancing the first day of trial by two
19  business days to December 2, 2021.

21  //

23  //

---

[3] With respect to December trial dates, although the Court raised the question of Hanukkah affecting juror availability, the government does not believe that Hanukkah observation will cause unavailability of jurors or otherwise affect the jury pool for a trial scheduled to commence between 8:30 a.m. and 2:00 p.m. Defendant has yet to provide anything to suggest jurors or counsel will be unavailable for the trial dates and times as a result of any religious observance period.

| | | |
|---|---|---|
| 1 | DATED:  September 22, 2021. | Respectfully submitted, |
| 2 | | |
| 3 | | STEPHANIE M. HINDS<br>Acting United States Attorney, |
| 4 | | _/s/ Colin Sampson_ |
| 5 | | COLIN C. SAMPSON<br>ERIC CHENG |
| 6 | | Assistant United States Attorneys<br>BENJAMIN J. HAWK |
| 7 | | Trial Attorney, National Security Division |

U.S.' Opp. to Def. Motion to Continue Trial,
Case No. 19-621 EMC                                    5