UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES

**Date:** September 29, 2021   **Time:** 10:00-10:21;   **Judge:** EDWARD M. CHEN
                                        10:53-11:05=
                                        33 Minutes

**Case No.:** 19-cr-00621-EMC-1   **Case Name:** USA v. Ahmad Abouammo

**Attorney for Government:** Benjamin Hawk
**Attorney for Defendant:** Angela Chuang, Jodi Linker
**Defendant:** [X] Present by Zoom Webinar  [ ] Not Present
**Defendant's Custodial Status:** [ ] In Custody  [X] Not in Custody

**Deputy Clerk:** Angella Meuleman            **Court Reporter:** Ruth Ekhaus
**Interpreter:**                              **Probation Officer:**

### PROCEEDINGS HELD BY ZOOM WEBINAR

Motion to Continue Trial – Held

### SUMMARY

Parties stated appearances. Court asked the defense counsel what circumstances had changed since the Court set the trial date in August 20201 to justify continuing the trial. Government stated it is prepared to go forward with trial as scheduled. Defense counsel stated that the reasons for continuance are largely based on information contained in ex parte filing, Docket No. 171-1, that could be discussed without Government counsel present. Defense counsel stated an additional reason is outstanding discovery yet to be produced from the Government. Main portion of discovery is related to materials requested regarding what was later clarified to be Associate 1 (government initially assumed it related to Government Official 1). Further, Defense counsel reported there are logistical problems with international witnesses noting current Covid-19 travel restrictions and public defender staffing resources. Government stated Foreign Official 1 will not be a witness in the Government's case but related material is designated as *Jencks* materials. That discovery will be exchanged soon. Defense counsel further clarified that witness is referred to as Associate 1 in the Government's filings and materials have been requested relative to impeachment issues, *Giglio*/*Brady* issues, etc. Defense counsel had been told by Government for several months now this discovery would be forthcoming. However, such materials have not yet been received by the Defense.

Court inquired as to the possibility of having witness identified by defense counsel as having difficulty appearing live at trial to testify by remote means. Defense counsel objects to using any

1

type of remote testimony because e.g. it would be difficult to control what the witness is looking at while testifying. Government responded that it would make its assessment about remote testimony on a witness-by-witness basis, and offered an additional option, which would be for eligible witnesses to be deposed before trial under Fed. R. Crim. Pro. 15. Defendant responded that Rule 15 depositions are unlikely to be a viable solution to keeping trial on the current schedule because international travel restrictions apply to counsel as well, including mandatory quarantines. Defendant further contended that deprivation of opportunity to examine live witnesses and substituting their testimony with video deposition could violate the Sixth Amendment.  Defense counsel further suggested that Rule 15 depositions reveal a significant part of Defendant's defense strategy well in advance of trial and would impact his own effective defense, forcing the show of their hand to the Government.  Defense counsel does not think Rule 15 is a viable alternative here.

Sealed *In Camera* portion conducted.

Parties restated appearances and back on the record.

Court summarized its request during the ex parte session for further information from Defense counsel in support of their request to continue the trial, and stated that the Court has expressed a willingness to hear witnesses out of order in order to accommodate witness availability and travel concerns.

Court **ordered** parties to submit briefing as to (1) the legal and constitutional issues if the court were to authorize witnesses to appear remotely rather than in person to give live trial testimony under the current circumstances, and (2) whether Rule 15 deposition would be a viable solution. The parties are further **ordered** to provide the Court with an update on the status of outstanding discovery.  Government indicated it will be producing materials relative to Associate 1 soon.

Submissions are due **October 11, 2021 by 12:00pm noon.**   Declarations as discussed in sealed hearing may be filed under seal ex parte also due on October 11, 2021 by noon.

Court continued the matter to **October 13, 2021 at 10:30AM**.


**CASE CONTINUED TO: October 13, 2021 at 10:30AM for further Motion to Continue Trial**