STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

COLIN C. SAMPSON (CABN 249784)
ERIC CHENG (CABN 274118)
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Colin.Sampson@usdoj.gov

MARK J. LESKO
Acting Assistant Attorney General
National Security Division

BENJAMIN J. HAWK (NJBN 030232007)
Trial Attorney, National Security Division
    950 Pennsylvania Avenue NW
    Washington, DC 20530-0001
    Telephone: (202) 307-5176
    Benjamin.Hawk@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>AHMAD ABOUAMMO,<br><br>    Defendant. | Case No. CR 19-621 EMC<br><br>UNITED STATES' SUPPLEMENTAL BRIEF RE: MOTION TO CONTINUE TRIAL DATE (DKT NO. 170)<br><br>Date:       October 13, 2021<br>Time:      10:30 a.m.<br>Courtroom: 5, 17th Floor |

At the September 29, 2021 hearing on Defendant's Motion to Continue Trial (Dkt. No. 170 ("Def. Mot.")), after hearing argument in an *ex parte*, sealed session with only counsel for Defendant, the Court directed the parties to file additional briefs on two issues: (1) whether it is appropriate for a certain defense witness or witnesses to appear remotely by video, and (2) whether Rule 15 deposition(s)

are a viable option.  Dkt. No. 178.

The Court separately requested information from Defendant to assist it in determining the materiality of defense witnesses that Defendant asserts are so crucial to his case that the trial must be continued, perhaps indefinitely until COVID-19 restrictions cease.  Hr'g Tr. at 33:11–33:24.

Defendant seeks to use the prospective testimony of an unknown defense witness or witnesses to delay trial but refuses to share the identity of the witness or witnesses, despite trial being less than two months away. It is unclear what remedies or alternative options Defendant has sought since the trial date was selected in early August. For example, Rule 15 allows for pre-trial depositions in exceptional circumstances, which may or may not be present here. To obtain a Rule 15 deposition, Defendant bears the burden of demonstrating both materiality and unavailability and must also comply with established processes to gather evidence abroad. *See United States v. Drogoul*, 1 F.3d 1546, 1552 (11th Cir. 1992); *United States v. Korogodsky*, 4 F. Supp. 2d 262, 265 (S.D.N.Y. 1998). If the Court is considering granting Defendant's motion to continue or to permit pre-trial depositions or remote testimony on the basis of the availability of one or more material witnesses, the government has a right to provide a meaningful and informed response, which includes knowing the identity or identities and the foreign country or countries where the witness(es) reside. The government will endeavor to address the matters raised by the Court; however, it is doing so without complete visibility into Defendant's request and argument to the Court, other than what is accessible to the public.

### I. NO RIGHT TO CONFRONT UNSPECIFIED DEFENSE WITNESSES

#### a. Defendant Fails to Articulate a Basis to Delay Trial Indefinitely for In-Person Defense Testimony When Other Means Are Available.

Defendant has not asserted the legal basis for the right to significantly delay trial in order to call a foreign national witness residing abroad to testify in person.[1]  Defendant has not identified any of these potential witnesses to the government for it to consider.  It is unclear to the government whether any such witnesses are willing to testify at all; what any such witnesses would say and whether it would be admissible and material evidence; what if any, actual restrictions exist on travel for these witnesses;

---

[1] The government notes that, even absent a pandemic, it is unclear how frequently, or how long, Courts have delayed criminal trials for these purposes.  The government further notes that it labors under similar restrictions and limitations as it prepares for trial.

1  and what, if any, alternatives Defendant has considered, such as Rule 15 depositions or live
2  videoconference testimony, and what efforts or steps Defendant has taken to pursue such options in the
3  foreign country or countries.

4      As an initial matter, the government respectfully requests that this Court order the defense to
5  disclose the identity and potential testimony of such witnesses so the government can meaningfully
6  respond to Defendant's request. *Ex parte* submissions are generally disfavored and the defense has no
7  constitutional right to a trial by surprise. Instead, it is well within this Court's authority to require
8  pretrial disclosure of defense witnesses. *Taylor v. Illinois*, 484 U.S. 400, 411 (1988) ("The State's
9  interest in the orderly conduct of a criminal trial is sufficient to justify the imposition and enforcement
10 of firm, though not always inflexible, rules relating to the identification and presentation of evidence.").
11 In asking this Court for an extraordinary continuance, the defense should be required to disclosed
12 information about the basis for that continuance so that the government can meaningfully respond.
13 Disclosure of the identity of a witness is required, for example, in a motion for a Rule 15 deposition.
14 *See* Fed. R. Crim. P. 15(b)(1) ("A party seeking to take a deposition must give every other party
15 reasonable written notice of the deposition's date and location. The notice must state the name and
16 address of each deponent. If requested by a party receiving the notice, the court may, for good cause,
17 change the deposition's date or location."). The identity of a witness should clearly be required from
18 any motion that requests to indefinitely delay trial as a result of that witness's availability. And, as
19 discussed below, the government reserves the right to object to Defendant's plan when it actually learns
20 who he plans to call and whether the witness's situation and any testimony meets the requirements to
21 establish a need for a Rule 15 deposition or videoconference testimony.

22     Nonetheless, the government notes some general principles of law applicable to this situation.
23 Foreign nationals residing outside of the United States are outside of the jurisdiction of American
24 courts.[2] Courts cannot issue subpoenas to non-citizens residing outside the United States. *See* 28
25 U.S.C. § 1783; *Relational, LLC v. Hodges*, 627 F.3d 668, 673 (7th Cir. 2010) (citing *Drogoul*, 1 F.3d at

---

[2] Again, the government does not know who any such witnesses are and is assuming for the moment that they are foreign nationals. If defendant's witness(es) were United States citizens residing abroad, they would be subject to the subpoena authority of the United States and could simply be subpoenaed and required to travel to the United States in time for trial, or a deposition.

1553).  Though a criminal defendant has a Sixth Amendment right to use compulsory process to call favorable witnesses in his defense, *see Washington v. Texas*, 388 U.S. 14, 19 (1967), the Compulsory Process right does not apply to alien witnesses residing outside the United States.  *See United States v. Zabaneh*, 837 F.2d 1249, 1259-60 (5th Cir. 1988); *United States v. Greco*, 298 F.2d 247, 251 (2d Cir. 1962).  As the Second Circuit explained in *Greco*, "the Sixth Amendment can give the right to compulsory process only where it is within the power of the federal government to provide it.  Otherwise any defendant could forestall trial simply by specifying that a certain person living where he could not be forced to come to this country was required as a witness in his favor."  *Id.*

Defendant does not have a constitutional right to delay (potentially indefinitely) trial based on the unavailability of a witness outside of the Court's jurisdiction as a result of such a witness's unwillingness to travel to the United States for trial at the long-scheduled trial date.  Rule 15 exists as one potential means to remedy such situations, provided defendants can satisfy their burden.  *See United States v. Jinian*, No. CR-09-1103-JSW EDL, 2010 WL 3910138, *3-4 (N.D. Cal. Oct. 5, 2010) (exercising discretion to deny defendant's Rule 15 motion where defendant offered witness's declaration that was "extremely vague as to the substance of his actual testimony"); *cf. United States v. Thai*, 141 F.3d 1182, 1998 WL 141219, at *1 (9th Cir. Mar. 25, 1998) (table decision) (rejecting claim that district court abused its discretion by denying a Rule 15 motion to depose witnesses in China when movant failed to make a sufficient showing under Rule 15). Nonetheless, even if some constitutional or other interest were implicated by a defendant's desire to obtain the testimony of a foreign witness who is unwilling or unable to be present for trial on the scheduled trial date, the Court must balance the interests of the parties and the public to a speedy trial with its interest in accommodating that a foreign defense witness is physically present for trial, and should not delay the trial, potentially indefinitely, until COVID-19 restrictions lift when alternative methods are available.  Those methods, which include a Rule 15 deposition (transcribed or by video), or live remote testimony by two-way videoconference means, may be sufficient and appropriate in this case—or may not be—depending on the witness(es) Defendant intends to call.

Even if Defendant provides authority that implicates a constitutional right, which he has not yet done, the Court must balance the interests of the parties and the public to a speedy trial with its interest

1 in accommodating that a foreign resident defense witness is physically present for trial, and should not
2 delay the trial, potentially for years, until COVID-19 restrictions lift when alternative methods are
3 available. *See, e.g., United States v. Gigante*, 166 F. 3d 75, 81 (2d. Cir. 1999) (Holding that "two-way
4 closed-circuit television testimony does not necessarily violate the Sixth Amendment" and that, "[u]pon
5 a finding of exceptional circumstances, such as were found in this case, a trial court may allow a witness
6 to testify via two-way closed-circuit television when this furthers the interest of justice."). Even
7 assuming Defendant asserted a confrontation right, alternative methods, which include a Rule 15
8 deposition (transcribed or by video) or live remote testimony by two-way videoconference means, may
9 be sufficient in this case depending on the witness(es) Defendant intends to call. *See United States v.*
10 *Griffith*, No. 11-cr-936 (RJS), 2021 WL 3188264 at *2 (S.D.N.Y. July 28, 2021) (applying *Gigante* to
11 allow a remote video witness during recent pandemic-era trial); *but see United States v. Banki*, No. 10
12 Cr. 08(JFK), 2010 WL 1063453, at *2 (S.D.N.Y. March 23, 2010) (rejecting defendant's request to have
13 video testimony from witnesses in Iran because of the lack of "diplomatic relations" between that
14 country and the United States).

### b. The Court Should Not Allow Defense Witnesses to Be Called in the Government's Case-In-Chief.

17 After the Court heard Defendant's *ex parte* arguments, the Court indicated that it may allow
18 defense witnesses to be called out of order during the government's case-in-chief to accommodate
19 Defendant's request, even over Defendant's objection. Hr'g Tr. at 33:25–34:4. The government objects
20 to the introduction of a defense witness's testimony during the government's case-in-chief.[3] There
21 appears to be little, if any, reason to disrupt the government's case-in-chief to call a witness for
22 Defendant early simply based on COVID-19 restrictions. Indeed, as the Supreme Court explained in
23 *Taylor v. Illinois*, in explaining the limits of the compulsory process right, "[t]he adversary process
24 could not function effectively without adherence to rules of procedure that govern the orderly
25 presentation of facts and arguments to provide each party with a fair opportunity to assemble and submit
26 evidence to contradict or explain the opponent's case" and as a result, "[n]either [party] may insist on

---

[3] To the extent applicable, the government is willing to consider waiving the scope of direct for certain witnesses that both parties plan to call.

the right to interrupt the opposing party's case." 484 U.S. at 410–11.

## II. RULE 15 DEPOSITIONS

### a. Standard and Burden for Rule 15 Depositions

While a district court has broad discretion to grant a Rule 15 motion to take depositions, such motions may only be granted where there are "exceptional circumstances." *United States v. Olafson*, 213 F.3d 435, 442 (9th Cir.), cert. denied, 531 U.S. 914 (2000); *United States v. Omene*, 143 F.3d 1167, 1170 (9th Cir. 1998); *United States v. Kelley*, 36 F.3d 1118, 1124 (D.C. Cir. 1994); *Drogoul*, 1 F.3d at 1551. Although district courts should consider "the particular circumstances of each case to determine whether the 'exceptional circumstances' requirement has been satisfied," courts generally have held that four factors should be balanced: whether (1) the witness is unavailable; (2) the testimony is material; (3) injustice would result from the absence of the material testimony to be provided; and (4) countervailing factors would make the deposition unfair to the opposing party. *See Kelley*, 36 F.3d at 1125; *Omene*, 143 F.3d at 1170; *United States v. Thomas*, 62 F.3d 1332, 1340–41 (11th Cir. 1995), cert. denied, 516 U.S. 1166 (1996).

### b. The Government Does Not Know the Where, the When, or the Who.

The Court directed Defendant to file (again, under seal and *ex parte*) declarations from out-of-country defense witnesses regarding their testimony and willingness to travel, and further ordered counsel for Defendant to address the travel restrictions imposed on travel from those countries. The government may certainly possess information which bears upon these questions, but, as explained above, the *ex parte* nature of these proceedings has left the government unable to meaningfully address the Defendant's alleged bases for delaying trial.

The government met and conferred with the defense on October 7, 2021, and indicated a willingness to discuss Rule 15 depositions, but stated that it could not provide a blanket agreement to do so without knowing the witness or country. Defendant provided no additional information for the government to consider or evaluate. As noted above, Defendant has the burden when it comes to Rule 15. The government is aware of no case addressing Rule 15 depositions or remote testimony where the identity of the witness and country in question were not known to the government.

A variety of potential issues exist with respect to foreign depositions and testimony that depend

1 upon the country where the witness is located. The government can only meaningfully respond if it
2 knows the identities of the witness(es) and country or countries involved. For example, any witnesses
3 engaging in remote testimony in a country that will not extradite him or her to the United States is
4 unsanctionable if he or she commits perjury. Defendant could find any number of surprise, friendly
5 witnesses from foreign countries with no actual material information who are willing to perjure
6 themselves via Zoom in his defense, safe within the confines of a foreign nation. *See United States v.*
7 *Buck*, 271 F. Supp. 3d 619, 624 (S.D.N.Y. 2017) (discussing unreliability of remote testimony of foreign
8 witnesses not subject to extradition). Moreover, certain countries require defendants to comply with the
9 letter rogatory process to depose or elicit testimony of a witness under oath in the country. *See, e.g.*,
10 U.S. Department of State, "Judicial Assistance Country Information for China,"
11 https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/ China.html
12 (explaining that China does not permit attorneys to take depositions in China for use in a foreign court
13 absent permission from the Chinese government). The government therefore needs to know
14 substantially more information about who these witnesses are and where they are located before it can
15 actually address whether remote or Rule 15 or live remote testimony is appropriate.

16 However, to the extent applicable, the government would object to the remote deposition of any
17 codefendant, Foreign Official-1, or any individual associated with Royal Family Member-1 or
18 Organization-1.[4] The government may further object if it knew (which it does not) that the witnesses
19 lacked knowledge of the events alleged in the government's case, or were relatives of Defendant or
20 duplicative character witnesses. The government would further object to any deposition that would take
21 place in person in a country with a designated "Do Not Travel" warning by the United States
22 Department of State, including the Kingdom of Saudi Arabia and Lebanon.

23 **III.    CONCLUSION**

24 Defendant wants the trial delayed, but the only merit to his motion appears to have been
25 contained in the *ex parte* portion, and he has refused to provide any information that would allow the

---

[4] While Defendant has still not identified any defense witnesses, he will be required to provide his list of witnesses pursuant to the Court's Scheduling Order. At that time, the government may also seek to call such witness(es). The defense should not be permitted to keep witnesses outside the United States during the government's case but have them arrive only in time to testify for the defense.

1  government to meaningfully respond to his request.  As the Court has ordered, further scrutiny is
2  necessary of the alleged materiality of the witness(es) Defendant asserts he will call in the defense case,
3  their prospects for traveling to the United States to attend trial, their interest in the outcome of the case,
4  any strategic reasons they may remain abroad or avoid the Government's case-in-chief, and whether
5  there is any ascertainable date whereby travel will resume.

7  DATED:  October 11, 2021.                                             Respectfully submitted,

                                                                         STEPHANIE M. HINDS
                                                                         Acting United States Attorney,

                                                                          */s/ Colin Sampson*
                                                                         COLIN C. SAMPSON
                                                                         ERIC CHENG
                                                                         Assistant United States Attorneys
                                                                         BENJAMIN J. HAWK
                                                                         Trial Attorney, National Security Division