STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

COLIN C. SAMPSON (CABN 249784)
ERIC CHENG (CABN 274118)
Assistant United States Attorneys
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7020
    FAX: (415) 436-7009
    Colin.Sampson@usdoj.gov

MATTHEW G. OLSEN
Assistant Attorney General
National Security Division

CHRISTINE A. BONOMO (NYBN B10113801)
Trial Attorney, National Security Division
    950 Pennsylvania Avenue NW
    Washington, DC 20530-0001
    Telephone: (202) 514-0313
    Christine.Bonomo@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> AHMAD ABOUAMMO, <br><br> Defendant. | Case No. CR 19-621 EMC-1 <br><br> UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY (DKT. NO. 229) |

Defendant Ahmad Abouammo has moved the court to order the government to produce material that it claims the government has intentionally withheld in violation of his constitutional rights. The first category of material relates to Associate-1. Defendant's repeated claims of government misconduct with respect to this individual may be familiar to the Court by now, but Associate-1 will not be a government witness in the upcoming trial against this Defendant and the motion should be denied. The second category of material Defendant raises involves material the government has disclosed to the defense, but complains about the form and method of disclosure. Defendant's fiery rhetoric conflates many distinct legal issues and confuses caselaw, the Criminal Rules, and the Court's Orders. The government has met and exceeded its disclosure obligations, and the motion should be denied.

## I.  ASSOCIATE-1

The Court's Pretrial Order directs the government to produce its witness list this Friday, June 3, and Associate-1 will not be on it. In the brief window between the dates of government disclosures that Defendant could file this motion, Defendant appears free to blithely conflate the government's *Brady* obligations with its *Jencks* and *Giglio* obligations in demanding production of all remaining materials associated with Associate-1, but Defendant's motion should be denied.

On Friday, May 20, 2022, the government disclosed (pursuant to Criminal Local Rule 16-1(b)) that it had nothing to disclose with respect to the government's intent to use an informant as a witness. *See* Crim. L. R. 16-1(c)(2). That did not end the inquiry for Defendant, who could not wait to receive the government's witness disclosure one week later to file his motion. Although Defendant describes his "inquir[y]" slightly differently in his motion, Defendant's counsel initially asked in an email "[D]oes that mean that [Associate-1] will not testify at trial?" with a demand for all "material related to this change, as developments impacting such a key witness' credibility would be exculpatory and material to the defense." Dkt. No. 230-1 at 3. It appears that Defendant is asserting – incorrectly – that *Jencks* or *Giglio* material becomes *Brady* if the government elects not to call an individual as a witness.

Defendant already possesses the government's prior production of all items seized from and provided by this individual, and all memoranda of interviews with this individual. As a non-witness, there is no *Jencks* or *Giglio* obligation, and any unproduced material related to this individual has been reviewed to comply with the government's *Brady* obligations. Indeed, Defendant has long possessed a

memorandum describing that Associate-1 told investigators in 2019 that they met Defendant approximately one time at an event attended by Ahmed Almutairi in the second half of 2014. Likewise, when interviewed by FBI on October 20, 2018, Defendant was shown a picture of Associate-1 and stated only that the person's face looked familiar but otherwise did not know who it was. There is "no there there" to Defendant's Motion to Compel, and Associate-1 is not the "key witness" that Defendant claims—at least not as to the case against him. It would be improper to disclose all of Associate-1's information at this juncture, which could be for the benefit of Defendant's codefendants who remain at large. It would also be improper for the defense to call Associate-1 as a "key witness" just to harass them.

Finally, the Court should reject Defendant's unsupported attempts to portray the government as "misleading." Defendant has no basis to accuse prosecutors of pretending they won't call this witness in order to provide a late disclosure of material. The government doesn't plan to end-run the Pretrial Order; and even if the government were to do so, the Defendant would move to exclude that testimony and this Court would almost certainly grant it.

Defendant's desire to obtain – and perhaps share with counsel for codefendants or others – these witness materials does not have a basis in the law or rules. The government proposed an additional protective order to Defendant in early October 2021 to cover this material and was flatly rejected, perhaps leading to the instant motion after the trial was continued. However, for the foregoing reasons, the Court should decline to order this material produced.

## II.   WITNESS MATERIALS

### a.   Method of Disclosure

On May 20, 2022, the government made available for Defendant's review and use witness materials related to witnesses pursuant to its obligations under Rule 26.2 and the Jencks Act. This material was organized by witness and by type of document, which included signed affidavits, emails and text messages, and was compiled into PDF files, and in view of the COVID-19 pandemic made available online through USAfx (an equivalent to the Box online file sharing service). Defendant's attorneys of record and other employees of the Office of the Federal Defender can review this material 24 hours a day online without having to arrange a physical visit to the U.S. Attorney's Office in San

Francisco to review the material in the presence of an agent, which is their alternative.

As with the motion to compel Associate-1 materials, Defendant conflates numerous legal principles in marshaling his arguments, and cites *Brady v. Maryland* only once, and generally. First, this material is not "evidence." It is not material the government intends to use (and likely couldn't) at trial. If it had any assumed use as impeachment material, the Rules of Evidence provide for the opposing party being able to "inspect" the statement and, at trial, to "introduce" it. *See* Fed. R. Evid. 612(b). Defendant's brief points to no authority allowing him to "copy" *Jencks* material, as distinguished from the Rule governing production of "discovery." Fed. R. Crim. P. 16(a)(1)(E); *cf.* Fed. R. Crim. P. 16(a)(2).

Undeterred, Defendant lodges complaints and accusations about the *method* of the government's production. But the government made the material available on USAfx in view of the COVID-19 pandemic as an alternative to providing it in its offices,[1] which would have the same issue regarding Defendant's unsupported claim of the government monitoring the length of the defense team's review of the material (which the government is not). Providing witness materials, particularly law enforcement sensitive communications, to only those on the defense team and not accessible to others is less burdensome than an in-office review.

Once again, Defendant's desire to copy these witness materials has no basis in the law or rules. In discussions among the parties leading to the January 2020 protective order in this matter, the government proposed conditions protecting the disclosure of discovery materials to third parties—such as individuals outside the United States—beyond those who have appeared in this case, but Defendant refused to agree to them. Given the sensitive nature of the allegations in this case, making witness materials from the government's disclosures available for inspection by the defense is wholly appropriate.

At bottom, Defendant does not cite a rule or other authority granting a right to "copy" *Jencks* material. Defendant's Motion should be rejected.

---

[1] Defendant asserts that he may want to make "demonstrative" exhibits with this material. It is unclear what kind of demonstratives would be appropriate from *Jencks* material. Moreover, Defendant is not prohibited from traveling to the Northern District of California and indeed may do so as trial preparations progress.

### b. Content of Disclosure

Defendant also alleges without support that the witness materials at issue are incomplete. Statements by nonwitnesses do not fall under the parties' *Jencks*[2] obligations. Defendant feigns confusion about the witness statements, in the hope that the Court will issue a blanket order of production of all statements by all nonwitnesses (including, as they point out, prosecutors and other agents) to the government witnesses. In support of this broad request, Defendant points only to the oft-cited "rule of completeness." Fed. R. Evid. 106. But even a cursory review of Rule 106 reveals he can find no comfort there: Rule 106 is a trial rule applicable only to material the opposing party *introduces at trial*.

Despite cataloging the witness material in a detailed chart in their Motion, which clearly demonstrates Defendant's ability to quickly review and "use" the material provided, Defendant fails to cite a single example of material that they find confusing. Rather, Defendant broadly argues that he must have every communication sent to the government's witnesses, in order to understand the context of the statement. Though the government's discovery production already contains many such statements, that does not a rule make. A witness's statement "yes" or "no" to another person, without more, would not likely provide sufficient information about the statement the witness was making for the defense to use it. But here, the prosecution team carefully reviewed the material, and frequently included nonwitness statements in order to provide the context Defendant now has – indeed, the Motion is replete with names of people with whom witnesses communicated. The government has exceeded all disclosure obligations and the Motion should be denied.

### III. CONCLUSION

Defendant's allegations of "gamesmanship" and intentional violations of this Court's Orders are flatly incorrect.[3] For the foregoing reasons, the government respectfully requests that the Court deny

---

[2] The Court's Pretrial Order, requires "both parties" to comply with Federal Rules of Criminal Procedure, which includes Rule 26.2, requiring both parties to disclose witness statements. To date, other than disclosing expert C.V.s and descriptions, Defendant has not produced a single page of discovery and no witness statements.

[3] Meanwhile, Defendant has obtained multiple subpoenas for the production of documents before trial pursuant to Rule 17(c) to receive at least tens of thousands of pages of documents that they have never once produced to the government. The government will stiffly oppose any attempt by Defendant to introduce such materials as evidence in support of his defense at trial.

1 | Defendant's motion to compel.

3 | DATED: June 1, 2022.                    Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

___/s/_____
COLIN C. SAMPSON
ERIC CHENG
Assistant United States Attorneys
CHRISTINE BONOMO
Trial Attorney, National Security Division