UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>AHMAD ABOUAMMO,<br><br>                    Defendant. | Case No.  19-cr-00621-EMC-1<br><br>**COURT'S PROPOSED JURY INSTRUCTIONS** |

The Court's proposed jury instructions are reproduced below.

**IT IS SO ORDERED**.

Dated: July 5, 2022

_____

EDWARD M. CHEN
United States District Judge

**JURY INSTRUCTION NO. 1**

**DUTY OF JURY**

Jurors:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions.  At the end of the trial, I will give you more detailed [written] instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not.  You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, sympathy, or bias, including unconscious biases.

Perform these duties fairly and impartially.  You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.

Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.  Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial.  Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: NINTH CIRCUIT MODEL JURY INSTRUCTION (2022) No. 1.1 [modified].

United States District Court
Northern District of California

2

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 2**

**CHARGES AGAINST DEFENDANTS NOT EVIDENCE –**

**PRESUMPTION OF INNOCENCE**

This is a criminal case brought by the United States government. The government charges the defendant with acting as an agent of a foreign government without providing notice to the Attorney General and aiding and abetting in violation of 18 U.S.C. §§ 951 and 2 (Count One), conspiracy to commit wire fraud and honest services wire fraud in violation of 18 U.S.C. § 1349 (Count Two), wire fraud and honest services wire fraud and aiding and abetting in violation of 18 U.S.C. §§ 1343 1346 and 2 (Counts Three through Eight), money laundering in violation of 18 U.S.C. § 1956(a)(2)(B)(i) (Counts Nine and Ten), and destruction, alteration, or falsification of records in federal investigations and bankruptcy in violation of 18 U.S.C. § 1519 (Count Eleven). The charges against the defendant are

contained in the indictment. The indictment simply describes the charges the government brings against the defendant. The indictment is not evidence and do not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant has the right to remain silent and never have to prove innocence or to present any evidence.

**[Or, if applicable]**

The government has the burden of proving every element of the crimes charged beyond a reasonable doubt. This burden of proof stays with the government throughout the case. The defendant is never required to prove his innocence. He is not required to produce any evidence at all. In this case, the defendant has raised the as an affirmative defense to Count 1 that he was not a foreign agent because he was engaged in a legal commercial transaction. Thus, the defendant has the burden of proving that affirmative defense by a preponderance of the evidence. A preponderance of the evidence means that you must be persuaded that the things the defendant seeks to prove are more probably true than not true. This is a lesser burden of proof than the government's burden to prove beyond a reasonable doubt each element of Count 1.

Source: Ninth Circuit Model Criminal Jury Instruction 1.2 – modified, 5.9.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 3**

**REASONABLE DOUBT DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**Authority:**  NINTH CIRCUIT MODEL CRIMINAL JURY INSTRUCTION (2022) No. 6.5.

**JURY INSTRUCTION NO. 4**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are received in evidence; and

(3)     any facts to which the parties agree.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 6.6.

**JURY INSTRUCTION NO. 5**

**WHAT IS NOT EVIDENCE**

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

      (1)     statements and arguments of the attorneys;

      (2)     questions and objections of the attorneys;

      (3)     testimony that I instruct you to disregard; and

      (4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 6.7.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 6**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 6.8.

United States District Court
Northern District of California

1

2

**JURY INSTRUCTION NO. 7**

**RULINGS ON OBJECTIONS**

3   There are rules of evidence that control what can be received in evidence. When a lawyer

4   asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not

5   permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question

6   may be answered or the exhibit received. If I sustain the objection, the question cannot be

7   answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you

8   must ignore the question and must not guess what the answer would have been.

9   Sometimes I may order that evidence be stricken from the record and that you disregard or

10   ignore the evidence. That means that when you are deciding the case, you must not consider the

11   evidence that I told you to disregard.

12

13

14

15

16

17

18

19

20

21

22

23

24   GIVEN _____

25   NOT GIVEN _____

26   GIVEN AS MODIFIED _____

27   Source: Ninth Circuit Model Criminal Jury Instruction 1.6.

28

United States District Court
Northern District of California

1
2

### JURY INSTRUCTION NO. 8

### EVIDENCE FOR LIMITED PURPOSE

3  You are about to hear evidence that [*describe evidence to be received for limited purpose*].  I

4  instruct you that this evidence is admitted only for the limited purpose of [*describe purpose*] and,

5  therefore, you must consider it only for that limited purpose and not for any other purpose.

6

7  Source: Ninth Circuit Model Criminal Jury Instruction 2.12.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 9

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

    (1)  the witness's opportunity and ability to see or hear or know the things testified to;

    (2)  the witness's memory;

    (3)  the witness's manner while testifying;

    (4)  the witness's interest in the outcome of the case, if any;

    (5)  the witness's bias or prejudice, if any;

    (6)  whether other evidence contradicted the witness's testimony;

    (7)  the reasonableness of the witness's testimony in light of all the evidence; and

    (8)  any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 1.7.

United States District Court
Northern District of California

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 10

## PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Civil Jury Instruction 1.16

**Court Comment**: The Defense proposes this instruction because "this case has garnered media attention since the very beginning" and "[t]he trial will likely draw even more attention from the press than pretrial proceedings." This additional instruction regarding such publicity is warranted to emphasize that juror should avoid any media regarding the matter. Although some of the information in this instruction is already covered by Crim Model Instructions 1.7, 6.7 and 6.20, the Court sees no problem with instructing the jury that they should not engage with press regarding this case.

**JURY INSTRUCTION NO. 11**

**NO TRANSCRIPT AVAILABLE TO JURY**

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript of the trial. I urge you to pay close attention to the testimony as it is given.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 1.9.

**JURY INSTRUCTION NO. 12**

**TAKING NOTES**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 1.10.

United States District Court
Northern District of California

1

## JURY INSTRUCTION NO. 13

2

### BENCH CONFERENCES AND RECESSES

3          During the trial, I may need to take up legal matters with the attorneys privately, either by

4   having a conference at the bench when the jury is present in the courtroom, or by calling a recess.

5   Please understand that while you are waiting, we are working.  The purpose of these conferences

6   is not to keep relevant information from you, but to decide how certain evidence is to be treated

7   under the rules of evidence and to avoid confusion and error.

8          Of course, we will do what we can to keep the number and length of these conferences to a

9   minimum.  I may not always grant an attorney's request for a conference.  Do not consider my

10  granting or denying a request for a conference as any indication of my opinion of the case or what

11  your verdict should be.

12

13  **Authority:**  NINTH CIRCUIT MODEL CRIMINAL JURY INSTRUCTION (2022) No. 1.16.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

### JURY INSTRUCTION NO. 14
### CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This restriction includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter. In addition, you must report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it[, although I have no information that there will be news reports about this case]; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Do not visit or

16

view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result which would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 1.8.

United States District Court
Northern District of California

**INSTRUCTIONS DURING TRIAL**

**JURY INSTRUCTION NO. 15**

**OUTLINE OF TRIAL**

The next phase of the trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 1.11.

United States District Court
Northern District of California

18

1

**JURY INSTRUCTION NO. 16**

2

**JURY TO BE GUIDED BY ENGLISH TRANSLATION**

3       A language other than English will be used for some evidence during this trial. When

4 recorded evidence is presented in another language, there will be an official court translation of the

5 recording.

6       The evidence you are to consider and on which you must base your decision is only the

7 English-language translation provided through the official court translators. Although some of you

8 may know the non-English language used, you must disregard any meaning of the non-English

9 words that differs from the official translation.

24 GIVEN _____

25 NOT GIVEN _____

26 GIVEN AS MODIFIED _____

27 Source: Ninth Circuit Model Criminal Jury Instruction 1.12.

28

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 17

## OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT (IF APPLICABLE)

You [are about to hear testimony]/[are about to see evidence] that the defendant [summarize other act evidence]. This evidence of other acts will be admitted only for a limited purpose. You may consider this evidence only for the purpose of deciding whether the defendant:

[had the state of mind, knowledge, or intent necessary to commit the crime charged in the indictment;] or

[had a motive or the opportunity to commit the acts charged in the indictment;] or

[was preparing or planning to commit the acts charged in the indictment;] or

[acted with a method of operation as evidenced by a unique pattern [describe pattern];] or

[did not commit the acts for which the defendant is on trial by accident or mistake;] or

[is the person who committed the crime charged in the indictment. You may consider this evidence to help you decide [describe how the evidence will be used to prove identity];] or

[describe other purpose for which other act evidence was admitted.]

Do not consider this evidence for any other purpose.

Of course, it is for you to determine whether you believe this evidence and, if you do believe it, whether you accept it for the purpose offered. You may give it such weight as you feel it deserves, but only for the limited purpose that I described to you.

The defendant is not on trial for committing these other acts. You may not consider the evidence of these other acts as a substitute for proof that the defendant committed the crimes charged. You may not consider this evidence as proof that the defendant has a bad character or any propensity to commit crimes. Specifically, you may not use this evidence to conclude that because the defendant may have committed the other act[s], he must also have committed the act[s] charged in the indictment.

//

//

//

Remember that the defendant is on trial here only for the charges in the indictment, not for these other acts. Do not return a guilty verdict unless the government proves the crimes charged in the indictment beyond a reasonable doubt.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 2.10.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 18**

**CAUTIONARY INSTRUCTION – FIRST RECESS**

We are about to take our first break. Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you. This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media. If anyone tries to communicate with you about the case, please let me know about it immediately. Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information. Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own. Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 2.1.

22

**INSTRUCTIONS TO BE GIVEN AT THE CLOSE OF EVIDENCE**

**JURY INSTRUCTION NO. 19**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  Do not allow personal likes or dislikes, opinions, prejudices, sympathy, or bias, including unconscious biases, influence you.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.  You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.  Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Source: Ninth Circuit Model Criminal Jury Instruction 6.1.

United States District Court
Northern District of California

23

**JURY INSTRUCTION NO. 20**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are received in evidence; and

(3)     any facts to which the parties agree.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 6.6.

# JURY INSTRUCTION NO. 21

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, [will say in their] closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. [In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.]

3.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 6.7.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 22**

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

You heard evidence that [*describe evidence to be received for limited purpose*].  I instruct you that this evidence is admitted only for the limited purpose of [*describe purpose*] and, therefore, you must consider it only for that limited purpose and not for any other purpose.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 6.8, 2.12.

# JURY INSTRUCTION NO. 23

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

    (1)  the witness's opportunity and ability to see or hear or know the things testified to;

    (2)  the witness's memory;

    (3)  the witness's manner while testifying;

    (4)  the witness's interest in the outcome of the case, if any;

    (5)  the witness's bias or prejudice, if any;

    (6)  whether other evidence contradicted the witness's testimony;

    (7)  the reasonableness of the witness's testimony in light of all the evidence; and

    (8)  any other factors that bear on believability.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 1.7.

United States District Court
Northern District of California

**PROPOSED INSTRUCTION NO. 24**

**STIPULATED TESTIMONY (IF APPLICABLE)**

The parties have agreed what [name of witness]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 2.2.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 25**

**STIPULATIONS OF FACT (IF APPLICABLE)**

The parties have agreed to certain facts that have been stated to you. Those facts are now conclusively established.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 2.3.

1

2

## JURY INSTRUCTION NO. 26

### STATEMENTS BY DEFENDANT

3

4

5

6

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

24   GIVEN _____

25   NOT GIVEN _____

26   GIVEN AS MODIFIED _____

27   Source: Ninth Circuit Model Criminal Jury Instruction 3.1.

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 27**

**OTHER CRIMES, WRONGS OR ACTS OF DEFENDANT (IF APPLICABLE)**

You have heard evidence that the defendant committed other acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, plan, knowledge, or absence of mistake, and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 3.3.

**JURY INSTRUCTION NO. 28**

**IMPEACHMENT EVIDENCE, WITNESS (IF APPLICABLE)**

You have heard evidence that [*name of witness*], a witness, [*specify basis for impeachment*]. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 3.8.

United States District Court
Northern District of California

1

**JURY INSTRUCTION NO. 29**

2

**OPINION EVIDENCE, EXPERT WITNESS**

3      You have heard testimony from [*name*] who testified to opinions and the reasons for [his]

4   [her] opinions. This opinion testimony is allowed because of the education or experience of this

5   witness.

6      Such opinion testimony should be judged like any other testimony. You may accept it or

7   reject it, and give it as much weight as you think it deserves, considering the witness's education

8   and experience, the reasons given for the opinion, and all the other evidence in the case.

24   GIVEN _____

25   NOT GIVEN _____

26   GIVEN AS MODIFIED _____

27   Source: Ninth Circuit Model Criminal Jury Instruction 3.14.

**JURY INSTRUCTION NO. 30**

**DUAL ROLE TESTIMONY**

You have heard testimony from [insert witness], who testified to both facts and opinions and the reasons for [his/her] opinions.

Fact testimony is based on what the witness saw, heard or did. Opinion testimony is based on the education or experience of the witness.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Take into account the factors discussed earlier in these instructions that were provided to assist you in weighing the credibility of witnesses.

As to the testimony about the witness's opinions, this opinion testimony is allowed because of the education or experience of this witness. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 3.15.

# JURY INSTRUCTION NO. 31

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case. These charts and summaries were not admitted into evidence and will not go into the jury room with you. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 3.16.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 32**

**CHARTS AND SUMMARIES ADMITTED INTO EVIDENCE (IF APPLICABLE)**

Certain charts and summaries have been admitted into evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 3.17.

36

**JURY INSTRUCTION NO. 33**

**DEFENDANT'S DECISION TO NOT TESTIFY [OR TO TESTIFY]**

[A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.]

[OR]

[The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.]

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 6.3 or 6.4.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 34**

**CHARGE AGAINST DEFENDANT NOT EVIDENCE – PRESUMPTION OF**

**INNOCENCE – BURDEN OF PROOF**

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence. The defendant does not have to prove innocence; the government has the burden of proving every element of the charges beyond a reasonable doubt.

In this case, the defendant has raised the as an affirmative defense to Count 1 that he was not a foreign agent because he was engaged in a legal commercial transaction. Thus, the defendant has the burden of proving that affirmative defense by a preponderance of the evidence.  A preponderance of the evidence means that you must be persuaded that the things the defendant seeks to prove are more probably true than not true.  This is a lesser burden of proof than the government's burden to prove beyond a reasonable doubt each element of each count of each charge against the defendant.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 1.2, 5.9.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 35**

**ACTIVITIES NOT CHARGED**

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 6.10.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 36

## SEPARATE CONSIDERATION OF MULTIPLE COUNTS – SINGLE DEFENDANT

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 6.11.

**JURY INSTRUCTION NO. 37**

**REASONABLE DOUBT DEFINED**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**Authority:**  NINTH CIRCUIT MODEL CRIMINAL JURY INSTRUCTION (2022) No. 6.5.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 38**

**ON OR ABOUT – DEFINED**

The indictment charges that the offenses alleged in each Count were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on dates reasonably near the dates alleged in the indictment, it is not necessary for the government to prove that the offenses were committed precisely on the date charged.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 6.18.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 39
## AIDING AND ABETTING

A defendant may be found guilty of acting as an agent of a foreign government without prior notice to the attorney general, or wire fraud, or honest services wire fraud, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To "aid and abet" means intentionally to help someone else commit a crime. To prove a defendant guilty of acting as an agent of a foreign government without prior notice to the attorney general, or wire fraud, or honest services wire fraud by aiding and abetting, the government must prove each of the following beyond a reasonable doubt:

First, someone else acted as an agent of a foreign government without prior notice to the attorney general, or committed wire fraud, or committed honest services wire fraud;

Second, the defendant aided, counseled, commanded, induced or procured that person with respect to at least one element of the charged offense;

Third, the defendant acted with the intent to facilitate acting as an agent of a foreign government without prior notice to the attorney general, or wire fraud, or honest services wire fraud; and

Fourth, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit acting as an agent of a foreign government without prior notice to the attorney general, or wire fraud, or honest services wire fraud.

A defendant acts with the intent to facilitate the crime when the defendant actively participates in a criminal venture with advance knowledge of the crime and having acquired that knowledge when the defendant still had a realistic opportunity to withdraw from the crime.

///

///

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source:  Ninth Circuit Model Instruction No. 4.1.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 40**

**KNOWINGLY - DEFINED**

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source:  Ninth Circuit Model Instruction No. 4.8.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 41**

**COUNT ONE**

**ACTING AS AGENT OF FOREIGN GOVERNMENT WITHOUT PRIOR NOTICE TO ATTORNEY GENERAL (18 U.S.C.§ 951)**

The defendant is charged in Count One with the crime of acting as an agent of a foreign government without prior notice to the Attorney General. In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant acted as an agent of a foreign government or official, specifically of the Kingdom of Saudi Arabia and ~~or~~ the Saudi Royal Family;

Second, the defendant failed to notify the Attorney General that he would be acting as an agent of the government or an official of the Kingdom of Saudi Arabia and ~~or~~ the Saudi Royal Family in the United States prior to so acting;

Third, the defendant acted knowingly; ~~[with knowledge that he was acting as an agent of the government or an official of the Kingdom of Saudi Arabia and the Saudi Royal Family]~~

Fourth, the defendant acted, at least in part, as an agent for the government or an official of the Kingdom of Saudi Arabia and ~~or~~ the Saudi Royal Family in the United States ~~[the Northern District of California];~~ and

~~[Fifth, an official of the Kingdom of Saudi Arabia and the Saudi Royal Family directed or controlled the defendant's actions; and]~~

Fifth, the defendant was not a diplomatic or consular officer or attaché.

The term "foreign government" includes any person or group of persons exercising sovereign de facto or de jure political jurisdiction over any country, other than the United States, or over any part of such country, and includes any subdivision of any such group or agency to which such sovereign de facto or de jure authority or functions are directly or indirectly delegated.

The term "agent of a foreign government" means an individual who agrees to operate within the United States subject to the direction or control of a foreign government or official.

United States District Court
Northern District of California

1    except that such term does not include

2        (1) A duly accredited diplomatic or consular officer of a foreign government, who is so

3            recognized by the Department of State;

4        (2) Any officially and publicly acknowledged and sponsored official or representative of a

5            foreign government;

6        (3) Any officially and publicly acknowledged and sponsored member of the staff of, or

7            employee of, an officer, official, or representative described in paragraph (1) or (2),

8            who is not a United States citizen; or

9        (4) Any person engaged in a legal commercial transaction.

10        The term "legal commercial transaction" means any exchange, transfer, purchase or sale,

11   of any commodity, service or property of any kind, including information or intellectual property,

12   not prohibited by federal or state legislation or implementing regulations.

13        Simply acting in accordance with foreign interests does not make a person an "agent of a

14   foreign government." To be an "agent of a foreign government," a person must do more than act

15   in parallel with a foreign government's interests or pursue a mutual goal.  The government must

16   prove both that the defendant acted pursuant to an agreement to operate subject to the direction or

17   control of KSA, and that a KSA official directed or controlled the defendant's actions.  A foreign

18   government or official's involvement in the relationship does not need to be that of an employer

19   of the defendant – a lesser degree of control is sufficient.  A person who agrees to operate subject

20   to a more hands-off form of direction would also be operating as an "agent of a foreign

21   government."

22        To find the defendant guilty of this offense, you must find that the defendant knew that he

23   was acting as an agent of the government or an official of the KSA and knew that he had not

24   provided prior notification to the Attorney General. It is not necessary, however, for the

25   government to prove that the defendant knew that he was required to provide notification to the

26   Attorney General.

27

28

47

1    Source: 18 U.S.C. § 951(a), (d); 28 C.F.R. §§ 73.1(b), (f); *United States v. Rafiekian,* 991 F.3d

2    529, 538-44 (4th Cir. 2021); *United States v. Duran,* 596 F.3d 1283, 1292 (11th Cir. 2010); *United*

3    *States v. v. Campa,* 529 F.3d 980, 999 (11th Cir. 2008); *United States v. Dumeisi,* 424 F.3d 566,

4    581-82 (7th Cir. 2005); *US v. Chung*, 659 F.3d 815, 823 (9ᵗʰ Cir. 2011).

5    **Court Comments:**

6    A.    "And," not "Or"

7         The Court adopts the Defense's proposal to include language consistent with the

8    superseding indictment that Defendant is charged with acting "as an agent of a foreign

9    government, to wit, the government of the Kingdom of Saudi Arabia *and* the Saudi Royal

10   Family." Docket No. 53 ¶ 30 (emphasis added). The government proposes to replace the "and"

11   with "or" and charge the jury that it must find that Mr. Abouammo acted as an agent of "the

12   Kingdom of Saudi Arabia *or* the Saudi Royal Family." The Defense's proposed language tracks

13   the language in the Superseding Indictment.

14        The government argues that it does not have to prove that the Defendant agreed to act as an

15   agent of *both* the government of the KSA and the Saudi Royal Family because "the Defendant

16   could be criminally liable under the statute if he acted as an agent of either one." In support of this

17   argument, the government contends that, pursuant to the regulatory definition of the term "foreign

18   government," both the Kingdom of Saudi Arabia and the Saudi Royal Family would qualify as a

19   "person or group of persons exercising sovereign or de jure political jurisdiction over any country"

20   or "any subdivision of any such group or agency to which sovereign de facto or de jure authority

21   or functions are directly or indirectly delegated." 28 C.F.R. § 73.1(b). Building on this premise,

22   the government argues that it "may charge in the conjunctive and prove in the disjunctive." *See*

23   *United States v. Bonanno*, 852 F.2d 434, 441 (9th Cir. 1988) ("Where a statute specifies two or

24   more ways in which an offense may be committed, all may be alleged in the conjunctive in one

25   count and proof of any one of those acts conjunctively charged may establish guilt").

26        There are at least two problems with the government's arguments.

27        First, the language of the superseding indictment presented to grand jury in this case is not

28   clearly consistent with the government's contention that *either* the KSA or the Saudi Royal Family

*United States District Court*
*Northern District of California*

48

would qualify as a "foreign government" under 28 C.F.R. § 73.1(b).  As discussed as the July 1, 2022 hearing, the government concedes that the KSA and Saudi Royal Family are *not* the same.

In the Superseding Indictment, the government explained that, "The Kingdom of Saudi Arabia is a monarchy governed by the King and his Royal Court, which is akin to a cabinet or executive office.  Members of the King's Royal Family hold most of the country's governmental posts."  Docket No. 53 ("SI") ¶ 8.  The SI then went on to detail allegations of Mr. Abouammo's work on behalf of "Foreign Official-1" who was "the Secretary General of an organization. . . founded by a member of the Saudi Royal Family (Saudi Royal Family Member-1)."  *Id.* ¶ 9. Throughout the indictment, the government charged that Mr. Abouammo to provide information and access to Foreign Official-1, "the government of KSA," "*and* the Saudi Royal Family."  *See e.g., id.* ¶¶ 21, 22, 23, 27(c) (emphasis added).  Finally, the relevant language in the charge that was presented to the grand jury in the indictment was that Mr. Abouammo acted "as an agent of a foreign government, to wit, the government of the Kingdom of Saudi Arabia and the Saudi Royal Family."  *Id.* ¶ 30.

But contrary to the government's position now, the superseding indictment does not make clear that Mr. Abouammo would be guilty of the charged offense if he acted as an agent of *either* the KSA *or* the Saudi Royal Family.  Indeed, although the government asserts that the "Saudi Royal Family" necessarily meets the definition of foreign government in 28 C.F.R. § 73.1(b), this was not apparent from the face of the superseding indictment in which the grand jury was informed that the KSA is "a monarchy governed by the King and his Royal Court."  SI ¶ 8. Although the Superseding Indictment states that members of the Royal Family "hold most of the country's governmental posts," it does not follow that *every member of the Royal Family necessarily holds authority to personally satisfy the definition of* "foreign government."  This is especially true in light of the government's language that the monarchy is "governed" by the "King and his Royal Court."  *Id.*  It follows that a Saudi Royal Family member may not be part of the Royal Court, or may not necessarily hold a governmental post.  As the Defense noted at the July 1, 2022 hearing, there are more than 15,000 members of the Saudi Royal Family, the vast majority of whom do not hold governmental posts.  The "or" which the government proposes,

then, has broad consequences.  When does a member of the royal family constitute a foreign government? That is an intensely factual question.  Such facts were not alleged in the indictment.

Accordingly, the grand jury could well have thought that the conjunctive in the charged offense – that Mr. Abouammo was alleged to have acted as an agent of *both* the government of the KSA *and* the Saudi Royal Family—was necessary to sustain the charge.  Therefore, the government's proposed change would impermissibly expand the indictment; the government's proposed "or" instruction would constitute a constructive amendment or, a fatal variance that prejudices Mr. Abouammo's substantial rights.  *See, e.g., United States v. Carlson*, 616 F.2d 446, 447–48 (9th Cir.1980) (finding constructive amendment where indictment charged defendant with misapplying bank funds by causing loan to be made for personal use, but evidence and instructions permitted conviction for misapplying bank funds by causing loan to be made knowing that it was inadequately secured); *United States v. Adamson*, 291 F.3d 606, 616 (9th Cir. 2002) (finding fatal variance where, "[h]aving specified a different particular misrepresentation, … the indictment not only failed to inform the defendant of the actual misrepresentation that would be shown at trial, but it also affirmatively misled the defendant and obstructed his defense at trial.").  At the very least, the "or" instruction will invite juror confusion, and does not appear consequential here because at the July 1 hearing, the government stated that there is no one relevant to this case is a royal family member but is who is not also part of the KSA.

Second, the government's citation to a line of cases holding that "[w]here a statute specifies two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count and proof does not provide any cases finding," is not applicable here.  *See United States v. Bonanno*, 852 F.2d 434, 441 (9th Cir. 1988); *United States v. Renteria*, 557 F.3d 1003, 1008 (9th Cir. 2009) ("It is proper for the government to charge different means of a crime connected by conjunctions in the indictment when the means are listed disjunctively in the statute.").  This line of case addresses the situation when a statute includes alternative means of committing an element of the crime in the statute itself.  These cases are inapplicable here, where there is one means only of violating the law: acting "as an agent of a foreign government."  18 U.S.C. § 951. Unlike a scenario where the disjunctive language is found within the statutory

language itself (i.e. statutory language such as "intent to abuse, harass, or threaten"), the clause in Count One that the government now seeks to change ("the Kingdom of Saudi Arabia *and* the Saudi Royal Family") does not appear in the statutory language in § 951.  The government suggests that the expansive regulatory definition of "foreign government," 28 C.F.R. § 73.1(b), essentially allows the government to include, disjunctively, any entity that could satisfy that definition into the charge.  But the government cites no authority permitting the prosecution to rely on a regulation defining terms used in the statutory provision as grounds for instructing the jury in a manner that departs from the charge in the indictment.  Moreover, as discussed above it is not evident that "Saudi Royal Family," on its own, satisfies the definition set out in § 73.1(b) in light of the surrounding language in the superseding indictment.

B.    Eliminating Redundancy

Mr. Abouammo proposes substituting "knowingly" in the government's proposal for the third element with the phrase, "with knowledge that he was acting as an agent of the government or an official of the Kingdom of Saudi Arabia and the Saudi Royal Family."  This substitution, however, is unnecessary in light of the language defining the requisite *mens rea* is already included and agreed upon in the last paragraph of the § 951 instruction.  *See supra* ("To find the defendant guilty of this offense, you must find that the defendant knew that he was acting as an agent of the government or an official of the KSA and knew that he had not provided prior notification to the Attorney General.").

Similarly, the Mr. Abouammo proposes inserting the following additional "element" into the instruction: "an official of the Kingdom of Saudi Arabia and the Saudi Royal Family directed or controlled the defendant's actions."  But this new "element" simply restates the definition of "agent of a foreign government" already included and defined in the instruction.  The redundancy makes the elements of the offense more numerous and more confusing than necessary.

C.    United States, not Northern California

With respect to the fourth element of each party's instruction, the Mr. Abouammo has erroneously replaced the language "in the United States" with "in the Northern District of California."  The plain language of the statute requires only that the defendant act "in the United

51

1    States."  18 U.S.C. § 951(a).

2    D.    Defining "Agent of a Foreign Government"

3          The Court adopts both parties' proposals regarding language to more clearly define what it

4    means to be an "agent of a foreign government."

5          First, the statutory language on its down does not clearly set forth the two distinct

6    requirements that the Ninth Circuit has found must be met before being found an agent of a

7    foreign principal: 1) that "Defendant acted pursuant to an agreement to operate subject to the

8    direction or control of [a foreign principal]" and 2) that, "in addition to proving *Defendant*'s

9    intent, the government must also establish that a [foreign] official directed or controlled

10   Defendant's actions …." *United States v. Chung*, 659 F.3d 815, 823 (9th Cir. 2011) (emphasis in

11   original).  The Defense's proposed language accomplishes this.

12         Second, both parties selectively cite from portions of the discussion in *United States v.*

13   *Rafiekian*, 991 F.3d 529, 530-31 (4th Cir. 2021) regarding the extent of the relationship an

14   individual and the foreign government to find the charged an "agent."  Since both parties rely on

15   this discussion, the Court proposes to include all of the relevant language.  The proposed

16   instruction explains, as the defense requests, that the individual must do more than align his work

17   with foreign interests, and also explains, as the government requests, that a formal employer-

18   employee relationship is not required.  The Court has slightly modified the language regarding an

19   employer-employee relationship to make it more comprehensible to the jury.

20   E.    Legal Commercial Transactions

21         Mr. Abouammo proposes including the four exceptions to the definition of the term "agent

22   of a foreign government" as enumerated in § 951(d)(1)-(4).  The first three of these exceptions

23   "pertain to diplomats, officials, and their staffs," and the fourth "excludes those 'engaged in . . .

24   legal commercial transaction[s]" from the reach of the statute.  *Rafiekian*, 991 F.3d at 541.  The

25   first three exceptions are not relevant here, as the Defense has not indicated that it will argue that

26   Mr. Abouammo was a diplomat or foreign official.  Thus, the first three exceptions are excluded

27   as unnecessary.

28         The dispute, then, boils down to whether the Court should instruct the jury that the

52

definition of "agent of a foreign government" does *not* include "any person engaged in a legal commercial transaction." § 951(d)(4).  Mr. Abouammo also proposes language defining "legal commercial transaction" drawn from 28 C.F.R. §§ 73.1(f).

The issue for the Court's consideration is whether this definition at § 951(d)(4) excluding those engaged in "legal commercial transactions" is an element of the offense (and, thus, must be proven beyond a reasonable doubt by the government), or an affirmative defense (in which case, the defendant bears the burden to prove by the preponderance of the evidence)?  Neither the Supreme Court nor the Ninth Circuit has addressed this question.  It appears that only the Fourth Circuit has done so, holding that the legal commercial transaction definitional exception at § 951(d)(4) is an affirmative defense.  *United States v. Rafiekian*, 991 F.3d 529, 542-44 (4th Cir. 2021).  In reaching this conclusion, the Fourth Circuit reversed the trial court (on the government's appeal of the trial court judge acquittal of the defendant after a jury delivered a guilty verdict) which held the opposite: that the legal commercial transaction exclusion is an element of the substantive offense in § 951(a).  *See United States v. Rafiekian*, No. 1:18-CR-457-AJT-1 & 2, 2019 WL 3021769, at *9-12 (E.D. Va. July 9, 2019).

As neither the trial court nor Fourth Circuit decision in *Rafiekian* is binding on this Court, the parties encourage the Court to adopt their preferred decision.  The Court follows the Fourth Circuit's approach.  The Fourth Circuit's conclusion that the § 951(d) exceptions are affirmative defenses relied heavily on the structure of the statute, which begins with a substantive offense provision (§ 951(a)), then includes a general provision defining an element of the offense (§ 951(d)), and exceptions to that definitional provision framed as distinct clauses (§ 951(d)(1)-(4)).  *See Rafiekian*, 991 F.3d at 541-42.  The court analogized the structure of § 951 to that of 18 U.S.C. § 921, and observed that the placement of the exceptions in § 951 was similar that of the antique firearms exception in § 921(a)(3), which the Fourth Circuit, in *United States v. Royal*, 731 F.3d 333 (4th Cir. 2013), and other courts of appeals had universally interpreted an affirmative defense.  991 F.3d at 541-42.  Of note here is that the Ninth Circuit adopted the same reasoning and holding on this question of statutory interpretation, and quoted from and relied heavily on the Fourth Circuit's decision in *Royal*.  *See United States v. Benamor*, 937 F.3d 1182, 1186–87 (9th

Cir. 2019).  In light of the Ninth Circuit's adoption of the reasoning in *Royal*, there is a reasonable basis to think that the Ninth Circuit is would also follow the Fourth Circuit's approach on the question presented here.

Finally, at the July 1, 2022 hearing, the Defense directed to the Court the Supreme Court's recent decision in *Ruan v. United States* interpreting a provision of Controlled Substances Act and endorsing a burden shifting framework to analyze an exception to an offense element.  *See* No. 20-1410, 2022 WL 2295024, at *3 (U.S. June 27, 2022).  But the discussion of burden shifting in *Ruan* inapplicable here because *Ruan's* burden shifting framework was derived from a unique statutory provision in the Controlled Substances Act, Section 885, which states that "the Government need not "negative any exemption or exception ... in any trial," and that "the burden of going forward with the evidence with respect to any such exemption or exception shall be upon the person claiming its benefit," not upon the prosecution."  *Id.*, at *7.  No such statutory language exists here.

Thus, the Court concludes that the § 951(d) exceptions are affirmative defenses, not elements of the offense.  Accordingly, the Court proposes a jury instruction regarding the "legal commercial transaction" affirmative defense, and has revised the "burden of proof" instructions to convey that Mr. Abouammo bears the burden to prove the affirmative defense by a preponderance of the evidence.

## JURY INSTRUCTION NO. 42

### AFFIRMATIVE DEFENSE TO COUNT ONE:

### LEGAL COMMERCIAL TRANSACTION

The defendant contends that he did not act as an agent of a foreign government within the meaning of the 18 U.S.C.§ 951, and therefore, he is not liable for Count One.  The defendant argues he is not an agent of a foreign government because he was engaged in a legal commercial transaction.  Engagement in a legal commercial transaction is a defense to the charge in Count One.

The defendant must prove he was engaged in a legal commercial transaction by a preponderance of the evidence. A preponderance of the evidence means that you must be persuaded that the things the defendant seeks to prove are more probably true than not true.  This is a lesser burden of proof than the government's burden to prove beyond a reasonable doubt each element of Count One.

A defendant does not act as an agent of a foreign government if he is engaged in a legal commercial transaction at the time of the crime charged only if he is engaged in an exchange, transfer, purchase or sale, of any commodity, service or property of any kind, including information or intellectual property, not prohibited by federal or state legislation or implementing regulations.

Source: 18 U.S.C. § 951(d)(4); 28 C.F.R. § 73.1(f); *United States v. Rafiekian*, 991 F.3d 529, 544 (4th Cir. 2021).

**Court Comment**s:  Consistent with the Court's determination that § 951(d)(4)'s "legal commercial transaction" exception is an affirmative defense, the Court proposes this instruction regarding the affirmative defense.

**JURY INSTRUCTION NO. 43**

**COUNT TWO**

**CONSPIRACY TO COMMIT WIRE FRAUD AND HONESTSERVICES WIRE FRAUD**

**(18 U.S.C.§ 1349)**

The defendant is charged in Count Two of the Indictment with conspiring to commit wire fraud and honest services fraud in violation of Sections 1343 and 1346 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt.

First, beginning on or about November 20, 2014, and ending on or about December 3, 2015, there was an agreement between two or more persons to commit one of the charged wire fraud or honest service wire fraud crimes as charged in the Indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit wire fraud and honest services fraud as alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or

56

purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

United States District Court
Northern District of California

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 11.1 – Modified.

**JURY INSTRUCTION NO. 44**

**CONSPIRACY – KNOWLEDGE OF AND ASSOCIATION WITH OTHER CONSPIRATORS**

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

(1)     the defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

(2)     the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

(3)     the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in a conspiracy was minor or for a short period of time.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 11.4.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 45**

**INTENT TO DEFRAUD**

An intent to defraud is an intent to deceive and cheat.

You may determine whether a defendant had an honest, good faith belief in the truth of the specific misrepresentations alleged in the indictment in determining whether or not the defendant acted with intent to defraud.  However, a defendant's belief that the victim of the fraud will be paid in the future or will sustain no economic loss is no defense to the crime.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source:  Ninth Circuit Model Instruction No. 4.13 – Modified.

United States District Court
Northern District of California

# JURY INSTRUCTION NO. 46

## COUNTS THREE, FOUR, FIVE, SIX, SEVEN AND EIGHT

## WIRE FRAUD (18 U.S.C. § 1343)

The defendant is charged in Counts Three through Eight of the indictment with wire fraud in violation of Section 1343 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly devised or participated in a scheme or plan to defraud Twitter, or a scheme or plan for obtaining property of Twitter by means of false or fraudulent pretenses, representations, or promises, or omitted facts.  Deceitful statements of half-truths may constitute false or fraudulent representations;

Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person or entity to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat, or in other words, to deprive Twitter of its property by means of deception; and

Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

In determining whether a scheme to defraud exists, you may consider not only the defendant's words and statements, but also the circumstances in which they are used as a whole.

To convict the defendant of wire fraud based on omissions of material facts, you must find that defendant had a duty to disclose the omitted facts arising out of a relationship of trust. That duty can arise either out of a formal fiduciary relationship, or an informal, trusting relationship in which one party acts for the benefit of another and induces the trusting party to relax the care and vigilance which it would ordinarily exercise.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to the defendant that the wire communication

United States District Court
Northern District of California

1    would be interstate in nature. Rather, it must have been reasonably foreseeable to the defendant

2    that some wire communication would occur in furtherance of the scheme, and an interstate wire

3    communication must have actually occurred in furtherance of the scheme.

4

5    GIVEN _____

6    NOT GIVEN _____

7    GIVEN AS MODIFIED _____

8

9    Source: Ninth Circuit Model Criminal Jury Instruction 15.35

10

11   **Court Comment:**  The Court adopts the government's proposed instruction, which conforms to

12   the language of Ninth Circuit Model Criminal Instruction 15.35.

13            The Defense requests that the language in green be added to the third element:

14            Third, the defendant acted with the intent to defraud, that is, the intent to deceive and

15   cheat, or in other words, to deprive Twitter of its property by means of deception;

16   The Defense argues that this additional language will help to clarify the meaning of "intent to

17   deceive."  *See United States v. Miller*, 953 F.3d 1095, 1099 (9th Cir. 2020); *see also id.* at 1101

18   ("[T]o be guilty of wire fraud, a defendant must act with the intent not only to make false

19   statements or utilize other forms of deception, but also to deprive a victim of money or property

20   by means of those deceptions.").  But this proposed addition to the model instruction is not

21   necessary because the parties have already agreed to a separate instruction which defines "intent to

22   defraud," also drawn from the model instructions.  The proposed language repeats portions of the

23   first element, and uses the word "deception" as part of defining "intent to deceive."  The proposed

24   language does not make a meaningful different in clarity.  The Court, therefore, declines to depart

25   from the model instruction.

26

27

28

# JURY INSTRUCTION NO. 47

## COUNTS THREE, FOUR, FIVE, SIX, SEVEN AND EIGHT

## WIRE FRAUD – HONEST SERVICES (18 U.S.C.§§ 1343 and 1346)

Defendant is charged in Counts Three through Eight with the crime of honest services fraud by wire communication in interstate commerce. In order for the defendant to be found guilty of these charges, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly devised or participated in a scheme or plan to deprive Twitter, Inc. ("Twitter") of its right of honest services;

Second, the scheme or plan consisted of a bribe in exchange for the defendant's services.  The "exchange" may be express or may be implied from all the surrounding circumstances;

Third, the defendant owed a fiduciary duty to Twitter.

Fourth, the defendant acted with the intent to defraud by depriving Twitter of the right of honest services;

Fifth, the defendant's act was material; that is, the act had a natural tendency to influence, or was capable of influencing, a person's or entity's acts; and

Sixth, the defendant transmitted, or caused to be transmitted, any writing, signal, or sound by means of a wire communication in interstate commerce.

**1.  The Scheme or Plan to Deprive Honest Services**.

The first element that the government must prove is that the defendant knowingly devised or participated in a scheme or plan to deprive Twitter of its right to his honest services. A "scheme" is any plan or course of action formed with the intent to accomplish some purpose. Thus, to find the defendant guilty of this offense, you must find that the defendant devised or participated in a plan or course of action involving bribes given or offered to the defendant.

**2.  The Bribe in Exchange for Services**.

The second element that the government must prove is that the scheme or plan consisted of a bribe in exchange for the defendant's services. Bribery involves the exchange of a thing or

things of value for services by a fiduciary, in other words, a quid pro quo (a Latin phrase meaning "this for that" or "these for those"). A defendant "commits bribery when he [demands; solicits; seeks; asks for; agrees to accept; agrees to receive; accepts; receives], directly or indirectly, something of value from another person in exchange for a promise for, or performance of, an official act."

The defendant and the payor need not state the quid pro quo in express terms. Rather, the intent to exchange may be established by circumstantial evidence, based upon the defendant's words, conduct, acts, and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.

It is not a defense that the offer or promise of anything of value was made to the defendant in exchange for a service or act that is actually lawful, desirable, or even beneficial to his employer. Also, it is not necessary for the government to prove that the scheme actually succeeded, or that any act was actually taken by the defendant in the course of the scheme. What the government must prove is that the defendant knowingly devised or participated in a scheme or artifice to defraud Twitter of its right to defendant's honest services through bribes.

Because people rarely act for a single purpose, the giver need not have offered or provided the thing of value only in exchange for specific services, and the defendant need not have solicited or accepted the thing of value only in exchange for those services. If you find beyond a reasonable doubt that the giver offered or provided a thing of value in exchange for the performance of services, then it makes no difference that the giver may also have had another lawful motive for providing a thing of value. Likewise, if you find beyond a reasonable doubt that the defendant solicited or received a thing of value in exchange for the services, then it makes no difference that the defendant may also have had another lawful motive for soliciting or accepting the thing of value.

"Anything of value" includes things possessing intrinsic value, whether tangible or intangible, that the person giving or offering or the person soliciting or receiving considers to be worth something.

Undisclosed conflicts of interest, secret payments or undisclosed self-dealing alone, is not

1   sufficient to constitute honest services fraud.

2   **3. The Fiduciary Duty**.

3   A "fiduciary" duty exists whenever one entity places special trust and confidence in

4   another person–the fiduciary–in reliance that the fiduciary will exercise his discretion and

5   expertise with the utmost honesty and forthrightness in the interests of the entity, such that the

6   entity relaxes the care and vigilance that it would ordinarily exercise, and the fiduciary knowingly

7   accepts that special trust and confidence and thereafter undertakes to act on behalf of the other

8   entity based on such reliance.

9   The mere fact that a business relationship arises between two persons does not mean that

10  either owes a fiduciary duty to the other. If one person engages or employs another and thereafter

11  directs, supervises, or approves the other's actions, the person so employed is not necessarily a

12  fiduciary. Rather, as previously stated, it is only when one party places, and the other accepts, a

13  special trust and confidence—usually involving the exercise of professional expertise and

14  discretion—that a fiduciary relationship exists.

15  **4. Intent to Defraud**

16  The fourth element the government must prove is that the defendant acted with the intent

17  to defraud by depriving Twitter of the right of honest services.  The intent to defraud is defined in

18  Jury Instruction 45.

19  **5. Materiality**.

20  The fifth element that the government must prove is that the defendant's act or actions

21  were material; that is, it had a natural tendency to influence, or was capable of influencing, a

22  person's or entity's acts

23  **6. Wire or Radio Communications in Interstate Commerce.**

24  The final element that the government must establish is that the defendant used a wire

25  communication in interstate or foreign commerce to carry out or to attempt to carry out the scheme

26  or plan. To "use a wire communication in interstate commerce" means to send information across

27  state lines by means of wire, including telephone or telegraph lines, or radio communication. It can

28  include email, electronic communications, internet communications, or the electronic transfer of

United States District Court
Northern District of California

64

1    funds, by wire.

2

3    Source: *United States v. Kail*, 5:18-CR-172-BLF (N.D. Cal. 2021), ECF No. 226 – Modified;

4    *United States v. Rojas*, 5:10-CR-931-LHK (N.D. Cal. 2011), ECF No. 82 – Modified; Ninth

5    Circuit Model Criminal Jury Instructions (2022) 15.34, 15.35 – Modified; *Skilling v. United*

6    *States*, 561 U.S. 358 (2010); *United States v. Kemp,* 500 F.3d 257 (3d Cir. 2007).

7

8    **Court Comments:**  The parties are largely in agreement on this instruction.  There are two

9    insertions above, highlighted in yellow, that neither party requested.  First, the insertion of

10   language about the nature of an "exchange," is drawn from the Ninth Circuit's Model Criminal

11   Jury Instruction (2022) 15.34.  And, second, the explanation of the "intent to defraud" element

12   includes a cross-reference to a previously agreed-to instruction defining that phrase.

13           The disputes between the parties are focused on the content of the explanatory language

14   regarding the second element, "Bribe in Exchange for Services."

15           First, the Defense proposes to add the following language to define bribery:

16               A defendant "commits bribery when he [demands; solicits; seeks;
                 asks for; agrees to accept; agrees to receive; accepts; receives],
17               directly or indirectly, something of value from another person in
                 exchange for a promise for, or performance of, an official act."

18

19           However, at the July 1, 2022 hearing, the Defense confirmed that it no longer requests this

20   language after clarifying with the government that "kickbacks" will not be part of this case.

21           Second, the government proposes to add the language in red:

22               Also, it is not necessary for the government to prove that the scheme
                 actually succeeded, or that any act was actually taken by the
23               defendant in the course of the scheme.

24           This language was included in the jury instruction given in *United States v. Kail*, 18-CR-

25   172-BLF, Docket No. 226 (N.D. Cal. 2021), however, the government does not cite to any

26   statutory language or appellate authority approving of this language.  In the absence of binding

27   authority suggesting that the government need not prove that "any act was actually taken by the

28   defendant in the course of the scheme," the Court excludes this language.

United States District Court
Northern District of California

1

**Third**, the government proposed to include the following language:

> Because people rarely act for a single purpose, the giver need not
> have offered or provided the thing of value only in exchange for
> specific services, and the defendant need not have solicited or
> accepted the thing of value only in exchange for those services. If
> you find beyond a reasonable doubt that the giver offered or
> provided a thing of value in exchange for the performance of
> services, then it makes no difference that the giver may also have
> had another lawful motive for providing a thing of value. Likewise,
> if you find beyond a reasonable doubt that the defendant solicited or
> received a thing of value in exchange for the services, then it makes
> no difference that the defendant may also have had another lawful
> motive for soliciting or accepting the thing of value.

Again, although this language was given in *Kail*, the government does not point to any statutory language to this effect or any appellate authority endorsing this instruction. The Defense makes a compelling argument that "[t]he language is confusing and impermissibly dilutes the government's obligation that it prove a 'quid pro quo.'" The Court agrees that the proposed language may raise Due Process vagueness concerns: if a person acts with dual purposes, how significant does the "illegal" purpose must be in order for the statute to be violated? In other words, to what extent must the "illegal" purpose motivate a person's otherwise lawful actions to amount to fraud? *Cf. Skilling*, 516 U.S. at 411 n. 44 (rejecting the government's undisclosed self-dealing theory based, in part, on similar Due Process concerns). The government does not respond to these arguments, nor does it offer any specific justification for why this language should be included. Indeed, as further support for the vagueness and confusion concerns, the government had not answer at the July 1 hearing was to what standard the jury would be required to use to assess the degree of the motive and its relationship to causality: would it be "but for"" "Substantial" factor"? "Motivating" factor"? A different standard? The government did not state. Finally, the Defense makes a compelling point that the government's theory has always been that Mr. Abouammo had no legitimate purpose in accessing any Twitter accounts, so this proposed language risks constituting a constructive amendment or fatal variance. Thus, the Court excludes the government's proposed language.

**Fourth**, the Defense proposes including the following sentence:

> Undisclosed conflicts of interest, secret payments or undisclosed

66

1    self-dealing alone, is not sufficient to constitute honest services
     fraud.

2        The Defense is correct to include this as an accurate statement of law, under *Skilling v.*

3    *United States*, 561 U.S. 358, 408-09 (2010).  Indeed, the comment to the Ninth Circuit's Model

4    Criminal Instruction (2022) 15.34 expressly notes that *Skilling* requires this language:

5        Honest services fraud criminalizes only schemes to defraud that
         involve bribery or kickbacks.  *Skilling v. United States*, 561 U.S.
6        358, 408-09 (2010); *Black v. United States*, 561 U.S. 465, 471
         (2010).  Undisclosed conflicts of interest, or undisclosed self-
7        dealing, is not sufficient.  *Skilling*, 561 U.S. at 409-10.  This
         instruction is limited to honest services schemes to defraud that
8        involve a bribe or kickback because there is, as yet no controlling
         case law subsequent to *Skilling* that extends honest services fraud to
9        any other circumstance.  *See id.* at 412 ("no other misconduct falls
         within § 1346's province").

10

11       Thus, the Court includes this language.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

67

1    ~~JURY INSTRUCTION NO. X~~

2    ~~SCHEME TO DEFRAUD – VICARIOUS LIABILITY (18 U.S.C. §§ 1343, 1346)~~

3    ~~If you decide that the defendant was a member of a scheme to defraud and that the~~

4    ~~defendant had the intent to defraud, the defendant may be responsible for other co-schemers'~~

5    ~~actions during the course of and in furtherance of the scheme, even if the defendant did not know~~

6    ~~what they said or did.~~

7    ~~For the defendant to be guilty of an offense committed by a co-schemer in furtherance of the~~

8    ~~scheme, the offense must be one that the defendant could reasonably foresee as a necessary and~~

9    ~~natural consequence of the scheme to defraud.~~

10   **Court Comment:** Vicarious liability for all counts covered by conspiracy is *already* covered by

11   the *Pinkerton* instruction.  There is nothing in the scheme to defraud that is not covered by the

12   conspiracy charge.  This instruction for vicarious liability for the scheme to defraud, applied here,

13   does not seem to add anything.  The Court, therefore, concludes that this instruction is

14   unnecessarily duplicative and likely to cause confusion to the jury.

15       At the July 1 hearing, the Court questioned the government about why both instructions

16   would be necessary.  The government conceded that it did not have a theory as to how the two

17   instructions differed in their application to this case.  Although the Ninth Circuit model

18   instructions include both instructions, inclusion of both appears only to make sense if there are

19   substantive counts that are part of the "scheme" which are *not* part of the "conspiracy."  Here,

20   however, the counts included in the scheme are coextensive with those covered by the conspiracy

21   charge, so there is no need for both instructions.

22

23

24   GIVEN _____

25   NOT GIVEN _____

26   GIVEN AS MODIFIED _____

27   Source: Ninth Circuit Model Criminal Jury Instruction 15.33 – Modified.

28

United States District Court
Northern District of California

68

**JURY INSTRUCTION NO. 48**

**CONSPIRACY – LIABILITY FOR SUBSTANTIVE OFFENSE COMMITTED BY CO-CONSPIRATOR (*PINKERTON* CHARGE)**

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of wire fraud or honest services wire fraud as charged in Counts Three through Eight of the indictment if the government has proved each of the following elements beyond a reasonable doubt:

First, a person named in Counts Three Four, Five, Six, Seven, and Eight of the indictment committed the crime of wire fraud or honest services wire fraud as alleged in that count;

Second, the person was a member of the conspiracy charged in Count Two of the indictment;

Third, the person committed the crime of wire fraud or honest services wire fraud in furtherance of the conspiracy;

Fourth, the defendant was a member of the same conspiracy at the time the offense charged in Counts Three, Four, Five, Six, Seven, Eight was committed; and

Fifth, the offense fell within the scope of the unlawful agreement and could reasonably have been foreseen to be a necessary or natural consequence of the unlawful agreement.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 11.6.

**JURY INSTRUCTION NO. 49**

**COUNTS NINE AND TEN**

**TRANSPORTING OR ATTEMPTING TO TRANSPORT MONETARY INSTRUMENTS**

**FOR THE PURPOSE OF LAUNDERING (18 U.S.C. § 1956(a)(2)(B)(i))**

The defendant is charged in Counts Nine and Ten of the indictment with transferring money for the purpose of laundering in violation of Section 1956(a)(2)(B) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant transported, transmitted, or transferred money to a place in the United States from or through a place outside the United States;

Second, the defendant knew that the money represented the proceeds of a specified unlawful activity, that is, wire fraud; and

Third, the defendant knew the transfer was designed in whole or in part to conceal or disguise the nature, source, or ownership of the proceeds of wire fraud.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 18.6 – Modified.

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 50**

**COUNT ELEVEN**

**OBSTRUCTION OF JUSTICE – ALTERATION OR FALSIFICATION OF RECORDS IN FEDERAL INVESTIGATIONS AND BANKRUPTCY (18 U.S.C. § 1519)**

The defendant is charged in Count Eleven of the indictment with obstruction of justice in violation of Section 1519 of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly altered, destroyed, concealed or falsified a record or document; and

Second, the defendant acted with the intent to impede, obstruct or influence an actual or contemplated investigation of a matter within the jurisdiction of any department or agency of the United States.

GIVEN _____

NOT GIVEN _____

GIVEN AS MODIFIED _____

Source: Ninth Circuit Model Criminal Jury Instruction 19.4.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**FINAL JURY INSTRUCTIONS**

**(GIVEN AT THE END OF THE CASE)**

**JURY INSTRUCTION NO. 51**

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law.  You will recall that you took an oath promising to do so at the beginning of the case.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.  Like conscious bias, unconscious bias, too, can affect how we evaluate information and make decisions.  Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

**Authority:**  NINTH CIRCUIT MODEL CRIMINAL JURY INSTRUCTION (2022) No. 6.1.

**JURY INSTRUCTION NO. 52**

**CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media. This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**Authority:**  NINTH CIRCUIT MODEL CRIMINAL JURY INSTRUCTION (2022) NO. 6.20.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

**JURY INSTRUCTION NO. 53**

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of fellow jurors.

**Authority:**  Ninth Circuit Model Criminal Jury Instruction (2022) No. 6.21.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

## JURY INSTRUCTION NO. 54

## JURY CONSIDERATION OF PUNISHMENT

The punishment provided by law for these crimes is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**Authority:**  NINTH CIRCUIT MODEL CRIMINAL JURY INSTRUCTION (2022) NO. 6.22.

# JURY INSTRUCTION NO. 55

## DUTY TO DELIBERATE

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict. Do not be afraid to examine any assumptions you or other jurors have made which are not based on the evidence presented at trial.

Perform these duties fairly and impartially. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so. During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**Authority:** NINTH CIRCUIT MODEL CRIMINAL JURY INSTRUCTION (2022) NO. 6.19.

**JURY INSTRUCTION NO. 56**

**VERDICT FORM**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

**Authority:**  Ninth Circuit Model Criminal Jury Instruction (2022) No. 6.23.

## JURY INSTRUCTION NO. 57

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendants, until after you have reached a unanimous verdict or have been discharged.

**Authority:**  NINTH CIRCUIT MODEL CRIMINAL JURY INSTRUCTION (2022) NO. 6.24.