UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>AHMAD ABOUAMMO,<br>Defendant. | Case No. 19-cr-00621-EMC-1<br><br>**SUPPLEMENTAL PRETRIAL CONFERENCE ORDER** |

## I.   INTRODUCTION

On July 11, 2022, the Court held a pretrial conference to address pending issues raised by the parties in preparation for trial and to establish certain procedures and schedule. The Court's rulings and instructions follow.

## II.   BELLWETHER OBJECTIONS TO EXHIBITS

The Court's rulings on the parties' bellwether objections to exhibits will be filed as a separate order.

## III.   OBJECTIONS TO COCONSPIRATOR STATEMENTS

The Court's rulings on Defendant's objections to the government's proposed coconspirator statements will be filed as a separate order.

## IV.   MEET AND CONFER ORDERS

The Court **ORDERED** the parties to meet and confer on the following topics and to jointly file any stipulations or opposing positions on the topics **by the end of the day on July 14**:

- Defendant must provide a more robust disclosure regarding the testimony and basis for the testimony of its expert, Dr. Bartu. The Defense must identify the opinions

Dr. Bartu will offer and the bases for those opinions. The parties are directed to meet and confer about the scope of Dr. Bartu's testimony. Defendant is remined that if no agreement is reached and Defendant's disclosures remain inadequate, the Defendant bears the risk that the evidence may be excluded.

- The parties are directed to meet and confer regarding the scope of Dr. Diwan's testimony and the content of the demonstratives she will use. The parties are to keep in mind the Court's view that some reference to the activities of the KSA vis-à-vis critics and dissidents is relevant, but details, such as the killing of Jamal Khashoggi, which are not relevant to the charges in this case present a high risk of unfair prejudice under Rule 403.

- The parties are directed to meet and confer regarding a stipulation as to the content of the New York Times article. The Court stated that given the limited purpose and marginal value of the article, to show that Mr. Abouammo was on notice of an investigation, the only parts of the article that should be summarized are those which have a clear nexus to the charges here. The article itself will not be admitted into evidence. No reference to Jamal Khashoggi will be permitted in the stipulated summary.

- The parties are directed to meet and confer regarding their opposing views about the designation of the transcript of the grand jury testimony of Associate-1.

## V. **JURY INSTRUCTIONS**

The Court agrees with the government that it is premature to decide the exact content of the jury instruction as to the affirmative defense of "legal commercial transaction." Docket No. 300. The Court and parties must first hear the evidence and theory that Defendant advances at trial as to the "legal commercial transaction" defense before a determination can be made about what laws apply in determining whether the transaction was, in fact, legal. As Defense counsel noted at the July 11 hearing, it is Defendant's position that a violation of Twitter's policies does not necessarily violate state or federal law. This argument underscores the government's point: it is unknown, at this point, what standards the jury must measure the alleged transaction against in

order to determine whether it was a "legal commercial transaction." Ultimately, the jury instruction will need to instruct the jury as to the legal standard which applies. The parties may brief this issue at a later date, after this issue is refined based on evidence presented at trial.

## VI. JURY SELECTION

The parties will meet with the Court at 9:00 a.m. on July 12 to discuss the completed jury questionnaires. The purpose of this meeting is to pre-screen jurors who need not be called to come in for voir dire on July 14. **The parties are each directed to each prepare a list of prospective jurors whom they believe should be excluded for hardship and/or for cause**. The Court intends to begin the July 12 hearing by comparing the parties' respective lists to determine which jurors both parties agree should be dismissed. The parties are instructed to organize their respective lists in numerical order to facilitate the Court's comparison of the lists. The parties should be prepared to discuss their proposals for jurors who should be dismissed before voir dire.

**IT IS SO ORDERED**.

Dated: July 11, 2022

_____
EDWARD M. CHEN
United States District Judge