UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>AHMAD ABOUAMMO,<br><br>Defendant. | Case No. 19-cr-00621-EMC-1<br><br>**ORDER RE COURT'S PROPOSED REVISION TO JURY INSTRUCTION NO. 41** |

The Court proposes a revision to Jury Instruction No. 41 as indicated by the bolded green text at the end of this filing (p. 3). This proposal specifies that the government's theory of liability under 18 U.S.C. § 951 is based on the government's core allegations in the Superseding Indictment that Mr. Abouammo "used [his] position[] and access to information at Twitter to provide Foreign Official-1, and others related to, and working for the government of KSA and the Saudi Royal Family with nonpublic information held in the accounts of Twitter users." Docket No. 53 ¶ 21; *see also id.* ¶ ("Using their access privileges as employees and fiduciaries of Twitter, Abouammo and Alzabarah, beyond the scope of their job duties accessed nonpublic account information of Twitter users of interest to the Saudi Royal Family and government of KSA. . . Abouammo and Alzabarah communicated such nonpublic account information to Foreign Official-1 and others in the government of KSA"); *id.* ¶ 24 ("In exchange for accessing nonpublic account information of Twitter users, outside the scope of their job duties, and for communicating such nonpublic account information to Foreign Official-1, contrary to Twitter's policies, Foreign Official-1 rewarded Abouammo").

During the Court's colloquy this afternoon, August 2, the Court stated its long-held understanding of the government's theory of liability under § 951 is predicated on the government

1  showing that Mr. Abouammo accessed and provided nonpublic information to the KSA and Saudi
2  Royal Family.  The Court has assumed that if the jury does not find that Mr. Abouammo accessed
3  and provided nonpublic account information to the KSA, then the jury would not have a basis to
4  convict Mr. Abouammo of the § 951 charge based *solely* on his conduct *after* his employment at
5  Twitter ended not involving access and provision of such information.  The Court's proposed
6  instruction makes clear to the jury that it must find that Mr. Abouammo used his position at
7  Twitter to access and provide nonpublic account information to the KSA in order to convict under
8  § 951.

9  Under this instruction – consistent with the charge in the indictment – it will be
10 unnecessary to instruct the jury about a "legal commercial transaction" affirmative defense.  As
11 the Defense explained during the August 2 colloquy, it would only seek to raise a legal
12 commercial transaction defense to defend against a finding that Mr. Abouammo's post-Twitter
13 conduct, *on its own*, violated § 951.  There would be no such defense to the specific charge that
14 Mr. Abouammo accessed and provided non-public, confidential account information to the KSA
15 while he was employed at Twitter.

16 This is not to say that the jury cannot look to evidence that postdates Mr. Abouammo's
17 employment at Twitter.  Post-employment evidence may be relevant to demonstrating that Mr.
18 Abouammo used his position at Twitter to access and provide nonpublic account information to
19 the KSA.  But the § 951 charge would be based on Mr. Abouammo's access and providing
20 nonpublic Twitter account information to the KSA while Mr. Abouammo was employed at
21 Twitter.

22 The Court will discuss this proposal with the parties tomorrow, August 3, 2022.
23 **IT IS SO ORDERED**.
24 Dated: August 2, 2022

_____
EDWARD M. CHEN
United States District Judge

**[PROPOSED]**

**JURY INSTRUCTION NO. 41**

**COUNT ONE**

**ACTING AS AGENT OF FOREIGN GOVERNMENT WITHOUT PRIOR NOTICE TO ATTORNEY GENERAL (18 U.S.C.§ 951)**

The defendant is charged in Count One with the crime of acting as an agent of a foreign government without prior notice to the Attorney General. In order for the defendant to be found guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant acted as an agent of a foreign government or official, specifically of the Kingdom of Saudi Arabia and the Saudi Royal Family, **by using his position at Twitter to access and provide nonpublic information held in the accounts of Twitter users to the government or an official of the Kingdom of Saudi Arabia and the Saudi Royal Family**;

Second, the defendant failed to notify the Attorney General that he would be acting as an agent of the government or an official of the Kingdom of Saudi Arabia and the Saudi Royal Family in the United States prior to so acting;

Third, the defendant acted knowingly;

Fourth, the defendant acted, at least in part, as an agent for the government or an official of the Kingdom of Saudi Arabia and the Saudi Royal Family in the United States; and

Fifth, the defendant was not a diplomatic or consular officer or attaché.

The term "foreign government" includes any person or group of persons exercising sovereign de facto or de jure political jurisdiction over any country, other than the United States, or over any part of such country, and includes any subdivision of any such group or agency to which such sovereign de facto or de jure authority or functions are directly or indirectly delegated.

The term "agent of a foreign government" means an individual who agrees to operate within the United States subject to the direction or control of a foreign government or official.

Simply acting in accordance with foreign interests does not make a person an "agent of a

foreign government." To be an "agent of a foreign government," a person must do more than act in parallel with a foreign government's interests or pursue a mutual goal. The government must prove both that the defendant acted pursuant to an agreement to operate subject to the direction or control of KSA, and that a KSA official directed or controlled the defendant's actions. A foreign government or official's involvement in the relationship does not need to be that of an employer of the defendant – a lesser degree of control is sufficient. A person who agrees to operate subject to a more hands-off form of direction would also be operating as an "agent of a foreign government."

To find the defendant guilty of this offense, you must find that the defendant knew that he was acting as an agent of the government or an official of the KSA and knew that he had not provided prior notification to the Attorney General. It is not necessary, however, for the government to prove that the defendant knew that he was required to provide notification to the Attorney General.