ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

COLIN SAMPSON (CABN 249784)
ERIC CHENG (CABN 274118)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7009
    Colin.Sampson@usdoj.gov
    Eric.Cheng@usdoj.gov

MATTHEW G. OLSEN
Assistant Attorney General
National Security Division

CHRISTINE A. BONOMO (NYBN B10113801)
Trial Attorney, National Security Division
    950 Pennsylvania Avenue NW
    Washington, DC 20530-0001
    Telephone: (202) 514-0313
    Christine.Bonomo@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 19-00621- EMC-1 |
| Plaintiff, | |
| v. | UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR ORDER TO DELAY SURRENDER DATE (ECF NO. 453) |
| AHMAD ABOUAMMO, | |
| Defendant. | |

The United States of America, represented by undersigned counsel, respectfully opposes Defendant Ahmad Abouammo's motion to further delay his surrender date by nearly two more months to "late May 2023." Motion, ECF No. 453, p. 1.  Such a further continuance would be extraordinary and at odds with the Ninth Circuit's order denying bail pending appeal, as well as this Court's prior orders.

*See* 22-10348, ECF No. 12 (9th Cir. April 3, 2023).

## Background

At Defendant's December 14, 2022 sentencing, the Court denied Defendant's request for bail pending appeal, finding Defendant had not met his burden under 18 U.S.C. § 3143(b) that Defendant's anticipated appeal raised "a substantial issue of law or fact" likely to result in reversal, a new trial, or a reduced term of imprisonment or time served after the appeal process. *See* ECF No. 422. However, the Court continued Defendant's surrender date to March 31, 2023 pursuant to Defendant's request to accommodate his medical appointment schedule. *Id.*

Defendant then moved for bail pending appeal before the Ninth Circuit Court of Appeals ("Ninth Circuit"), and his "bail remain[ed] in effect until the [Ninth Circuit] rule[d] on the motion" accordingly. 22-10348, ECF No. 9 (9th Cir. March 16, 2023). On March 24, 2023, Defendant filed a motion before this Court seeking vacatur of the March 31, 2023 surrender date pending the Ninth Circuit's decision, to "mak[e] clear that Mr. Abouammo's bail shall remain in effect" after that date. ECF No. 448. In his motion, Defendant acknowledged the Ninth Circuit's rule and minute order that his "bail remains in effect *until the Court rules on the motion*." *Id.* (emphasis added), *see* ECF No. 448. This Court subsequently issued an order that Defendant remains on bail "until further order of this Court." Order, ECF No. 449.

Less than a week later, on April 3, 2023, the Ninth Circuit ruled on the motion, denying Defendant's motion for bail pending appeal. *See* Case No. 22-10348, Dkt. No. 12 ("Appellant has not shown that the appeal raises a 'substantial question' of law or fact that is 'fairly debatable'"). The government immediately filed a motion for an order to surrender before this Court given the decision of the Ninth Circuit. ECF No. 452. Defendant did not oppose the government's motion, electing instead to file his own Motion several days later for a late-May surrender date.

## Argument

Defendant has had a week since the Ninth Circuit's order, nearly four months since his sentencing, and over three years since his arrest, to get his affairs in order and prepare to serve his 42-month sentence. Indeed, this is not the first time Defendant used his medical appointments to delay this matter. *See* ECF No. 406. At Defendant's sentencing, the Court entertained Defendant's arguments for

continuing his surrender date due to a scheduled medical appointment that was expected to occur by late February 2023. Indeed, based on Defendant's latest Motion, that occurred in January 2023. Defendant now makes yet another request to remain on bail, claiming another medical appointment in May 2023 as a basis for the two-month continuance. Defendant fails, however, to describe what is to occur at this "follow-up"[1] appointment and why it would be impossible for him to obtain adequate in-custody medical care for his condition sufficient to outweigh this Court's and the Ninth Circuit's orders. Defendant should not be granted another two months of release and continue burdening United States Pretrial Services due to his lack of preparedness for a surrender date that had been ordered by this Court months ago and was only recently vacated.

As a result of the foregoing, and pursuant to 18 U.S.C. § 3143(b)(2) and the Ninth Circuit's order, the Court "shall order that a person found guilty of an offense and sentenced to a term of imprisonment[. . . ] be detained." Defendant should be ordered to surrender forthwith to the U.S. Marshals Service or the Bureau of Prisons facility he has been designated, and no later than **Tuesday, April 11, 2023**.

Respectfully Submitted,

ISMAIL J. RAMSEY
United States Attorney

Dated: April 10, 2023.

*/s/ Colin Sampson*
COLIN SAMPSON
ERIC CHENG
Assistant United States Attorneys
CHRISTINE BONOMO
Trial Attorney, National Security Division

---

[1] Most of Defendant's Motion was filed under seal, rendering it more difficult for the government to respond in an unsealed setting. Moreover, the unsealed portion of the brief served on the government by Defendant's Counsel appears to be significantly longer than the redacted version filed on the Court's ECF docket.